RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY CLK_____
_____

FILED
IN CLERKS OFFICE

2004 JAN 16  A 11: 12

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

***********************
\*
ZHANNA CHIZHIK,                     \*
Administratrix of the Estate        \*     C.A. NO.:
of Grigory Chizhik,                 \*
       Plaintiff                    \*
                                    \*     04-10106JLT
\*
v.                                  \*
\*
SEA HUNT, INC., TROPICLAND          \*     MAGISTRATE JUDGE _____
MARINE AND TACKLE, INC., and        \*
GREGORY ZILBERMAN,                  \*
       Defendants                   \*
***********************

## COMPLAINT

### INTRODUCTION

1. This is a wrongful death action for money damages arising out of a boating incident when a boat capsized, causing Grigory Chizhik, plaintiff's decedent, to suffer painful injuries and ultimately, expire.

### JURISDICTION

2. Jurisdiction for this action is appropriate under 28 U.S.C. §1333 as an admiralty or maritime matter.

### THE PARTIES

3. The plaintiff, **Zhanna Chizhik**, resides at 141 William Kelly Street, Stoughton, MA. She brings this action in her capacity as Administratrix of the Estate of her late husband, Grigory Chizik ("Mr. Chizhik").

4. Defendant **Sea Hunt Boats, Inc.** ("Sea Hunt") is a South Carolina corporation with a usual place of business at P.O. Box 1380, Lexington, South Carolina.

5. Defendant **Tropicland Marine and Tackle** ("Tropicland") is a Massachusetts corporation with a usual place of business at 100 Bridge Street, Rte. 109, Dedham, MA.

6. Defendant **Gregory Zilberman** ("Zilberman") is a Massachusetts resident who resides at 9 Dexter Street, Stoughton, MA.

## FACTUAL ALLEGATIONS

7. Defendant **Sea Hunt** is engaged in the design and manufacture of boats, and did design, manufacture, and market for sale the boat referred to as the "Navigator 22," the boat involved in this incident.

8. Defendant **Tropicland** is engaged in selling boats and boat products and sold the boat Navigator 22 to Defendant **Gregory Zilberman.**

9. On May 25, 2003, Grigory Chizhik accompanied Defendant Gregory Zilberman and their mutual friend, Amir Lashgari on **Zilberman's** Navigator 22, which departed from Weymouth, Massachusetts, to fish in Boston Harbor.

10. While fishing in Boston Harbor, the Navigator 22 capsized, throwing each of the occupants—Grigory Chizhik, **Gregory Zilberman,** and Amir Lashgari—into the 50 degree water.

11. According to Coast Guard reports, on the day the incident occurred, the sea conditions were as follows: 3-foot seas and 10-knot winds from the North-Northeast.

12. None of the three occupants on the boat were wearing life jackets.

13. As a result of the capsizing, Mr. Chizhik sustained injuries, as a result of which he

was caused to expire. On information and belief, Mr. Chizhik experienced conscious pain and suffering before expiring.

## COUNT I

### (Strict Liability – Defendant Sea Hunt)

14. Paragraphs 1-13 are adopted by reference.

15. Defendant **Sea Hunt** put the Navigator 22 in the stream of commerce.

16. The Navigator 22 was and is defective and unreasonably dangerous in the following ways: it has a defective design, was defectively manufactured, **Sea Hunt** failed to warn purchasers, operators, and passengers of its risks, and failed in other respects that will be shown at trial.

17. The aforementioned defects in the Navigator 22 proximately caused the death of Mr. Grigory Chizhik.

18. Defendant **Sea Hunt** is strictly liable for the damage to Plaintiff caused by the Navigator 22.

## REQUEST FOR RELIEF

1. Under Count I, that this court enter judgment in favor of the plaintiff against the defendant in the amount of her damages.

2. For such other and further relief as this court deems appropriate.

## COUNT II

### (Negligence – Wrongful Death— Defendant Sea Hunt)

19. Paragraphs 1-18 are adopted by reference.

20. Defendant **Sea Hunt** had a duty of care in the design and manufacture of the Navigator 22, and also had a duty to warn purchasers, operators, and passengers of the Navigator 22's defects.

21. **Sea Hunt** breached that duty in numerous ways, including but not limited to the following: failing to produce a safe design for the Navigator 22's operation on coastal waters; failing to manufacture the Navigator 22 in a safe and proper way; failing to warn purchasers, operators, and passengers of the risks of operating the Navigator 22; and in other ways to be proved at trial.

22. As a direct and proximate result of Defendant **Sea Hunt's** negligence, Mr. Chizhik sustained serious personal injuries, suffered great pain of body and mind, and died.

## REQUEST FOR RELIEF

1. Under Count II, that this court enter judgment in favor of the plaintiff against the defendant for wrongful death damages enumerated in Mass. Gen. Laws ch. 229, §2, including but not limited to compensation for the loss of reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of the decedent to the persons entitled to the damages recovered, the reasonable funeral and burial expenses of the decedent; and such other and further damages as may be allowed by law.

2. For such other and further relief as this court deems appropriate.

## COUNT III

**(Negligence—Conscious Pain and Suffering – Defendant Sea Hunt)**

23. Paragraphs 1-22 are adopted by reference.

24. This cause of action is brought pursuant to Mass. Gen. Laws ch. 229, §6 for personal injuries and conscious pain and suffering.

### REQUEST FOR RELIEF

1. Under Count III, that this court enter judgment in favor of the plaintiff against the defendant for personal injuries and conscious pain and suffering damages enumerated in Mass. Gen. Laws ch. 229, §6.

2. For such other and further relief as this court deems appropriate.

### COUNT IV

**(Gross Negligence- Wrongful Death—Defendant Sea Hunt)**

25. Paragraphs 1-24 are adopted by reference.

26. The death of plaintiff's decedent was proximately caused by the willful, wanton or reckless conduct of the defendant, or by the gross negligence of the defendant.

### REQUEST FOR RELIEF

1. Under Count IV that this court enter judgment in favor of the plaintiff and against the defendant for punitive damages pursuant to Mass. Gen. Laws ch. 229, §2 in an amount not less than five thousand dollars.

2. For such other and further relief as this court deems appropriate.

### COUNT V

**(Breach of Express Warranty—Defendant Sea Hunt)**

27. Paragraphs 1-26 are adopted by reference.

28. Defendant **Sea Hunt** expressly warranted that the Navigator 22 was fit for use on coastal waters, and that it would provide quality, performance, and fishability in those waters.

29. Defendant **Sea Hunt** breached that warranty by providing a boat that failed to perform on coastal waters and to withstand typical and reasonably foreseeable conditions on those waters.

30. As a direct and proximate result of Defendant **Sea Hunt's** breach of warranty, Mr. Chizhik sustained serious personal injuries, suffered great pain of body and mind, and died.

## REQUEST FOR RELIEF

1. Under Count IV, that this court enter judgment in favor of the plaintiff against the defendant in the amount of her allowable damages.

2. For such other and further relief as this court deems appropriate.

## COUNT VI

### (Strict Liability—Defendant Tropicland Marine and Tackle)

31. Paragraphs 1-30 are adopted by reference.

32. Defendant **Tropicland** was in the chain of distribution, and sold and distributed the Navigator 22.

33. The Navigator 22 was and is a defective and unreasonably dangerous craft, for the reasons enumerated in Count I of this Complaint.

34. The aforementioned defects in the Navigator 22 proximately caused the death of Mr. Grigory Chizhik.

35. Defendant **Tropicland** is strictly liable for the damage to Plaintiff caused by the Navigator 22.

## REQUEST FOR RELIEF

1. Under Count VI, that this court enter judgment in favor of the plaintiff against the defendant in the amount of her damages.

2. For such other and further relief as this court deems appropriate.

## COUNT VII

**(Negligence – Wrongful Death—Defendant Tropicland Marine and Tackle)**

36. Paragraphs 1-35 are adopted by reference.

37. Defendant **Tropicland** had a duty of care in the distribution and sale of the Navigator 22.

38. **Tropicland** breached that duty in numerous ways, including but not limited to the following: failing to warn purchasers, operators and passengers of the risks of operating the Navigator 22; and in other ways to be proved at trial.

39. As a direct and proximate result of Defendant **Tropicland's** negligence, Mr. Chizhik sustained serious personal injuries, suffered great pain of body and mind, and died.

## REQUEST FOR RELIEF

1. Under Count VII, that this court enter judgment in favor of the plaintiff against the defendant for wrongful death damages enumerated in Mass. Gen. Laws ch. 229, §2, including but not limited to compensation for the loss of reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of the decedent to the persons entitled to the damages recovered, the reasonable funeral and burial expenses of the decedent; and such other and further damages as may be allowed by law.

2. For such other and further relief as this court deems appropriate.

## COUNT VIII

**(Negligence—Conscious Pain and Suffering – Defendant Tropicland)**

40. Paragraphs 1-39 are adopted by reference.

41. This cause of action is brought pursuant to Mass. Gen. Laws ch. 229, §6 for personal injuries and conscious pain and suffering.

## REQUEST FOR RELIEF

1. Under Count VIII, that this court enter judgment in favor of the plaintiff against the defendant for personal injuries and conscious pain and suffering damages enumerated in Mass. Gen. Laws ch. 229, §6.

2. For such other and further relief as this court deems appropriate.

## COUNT IX

**(Gross Negligence- Wrongful Death—Defendant Tropicland)**

42. Paragraphs 1-41 are adopted by reference.

43. The death of plaintiff's decedent was proximately caused by the willful, wanton or reckless conduct of the defendant, or by the gross negligence of the defendant.

## REQUEST FOR RELIEF

1. Under Count IX that this court enter judgment in favor of the plaintiff and against the defendant for punitive damages pursuant to Mass. Gen. Laws ch. 229, §2 in an amount not less than five thousand dollars.

2. For such other and further relief as this court deems appropriate.

## COUNT X

**(Negligence – Wrongful Death – Defendant Zilberman)**

44. Paragraphs 1-43 are adopted by reference.

45. Defendant **Zilberman** had a duty to use due care in the performance of his duties as owner and captain of his vessel, the Navigator 22.

46. **Zilberman** breached his duties in numerous ways, including but not limited to the following: taking the craft in dangerous waters; failing to maintain order and correct positioning of guests aboard the craft; failing to provide a lookout for oncoming danger; failing to observe wave and water conditions; failing to take corrective action when a dangerous condition arose; failing to arrange for the use of life jackets on board; failing to exercise due care, including a rescue operation; and in other ways to be proved at trial.

47. As a direct and proximate result of Defendant **Zilberman's** negligence, Mr. Chizhik sustained serious personal injuries, suffered great pain of body and mind, and died.

## REQUEST FOR RELIEF

1. Under Count X, that this court enter judgment in favor of the plaintiff against the defendant for wrongful death damages enumerated in Mass. Gen. Laws ch. 229, §2, including but not limited to compensation for the loss of reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of the decedent to the persons entitled to the damages recovered, the reasonable funeral and burial expenses of the decedent; and such other and further damages as may be allowed by law.

2. For such other and further relief as this court deems appropriate.

## COUNT XI

### (Negligence—Conscious Pain and Suffering – Defendant Zilberman)

48. Paragraphs 1-47 are adopted by reference.

49. This cause of action is brought pursuant to Mass. Gen. Laws ch. 229, §6 for personal injuries and conscious pain and suffering.

### REQUEST FOR RELIEF

1. Under Count XI, that this court enter judgment in favor of the plaintiff against the defendant for personal injuries and conscious pain and suffering damages enumerated in Mass. Gen. Laws ch. 229, §6.

2. For such other and further relief as this court deems appropriate.

## COUNT XII

### (Gross Negligence- Wrongful Death—Defendant Zilberman)

50. Paragraphs 1-49 are adopted by reference.

51. The death of plaintiff's decedent was proximately caused by the willful, wanton or reckless conduct of the defendant, or by the gross negligence of the defendant.

### REQUEST FOR RELIEF

1. Under Count XII that this court enter judgment in favor of the plaintiff and against the defendant for punitive damages pursuant to Mass. Gen. Laws ch. 229, §2 in an amount not less than five thousand dollars.

2. For such other and further relief as this court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff asks that this court:

1) Enter judgment in favor of the Plaintiff on each and every count of the Complaint;

2) Award damages as appropriate, including but not limited to all damages requested in each and every count in the Complaint, and other damages to which the Plaintiff is entitled by law; and

3) Order such other and further relief as this Court deems appropriate.

**THE PLAINTIFF REQUESTS TRIAL BY JURY ON ALL COUNTS**

Respectfully submitted,

ZHANNA CHIZHIK,

By her attorneys,

_____
DAVID B. KAPLAN, BBO#258540
TIMOTHY M. BAROUCH, BBO#644044
THE KAPLAN/BOND GROUP
BOSTON FISH PIER
WEST BUILDING, SUITE 304
BOSTON, MA 02210
(617) 261-0080

January 15, 2004