UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-10106JLT

ZHANNA CHIZHIK, Administratrix
of the Estate of Grigory Chizhik,
    Plaintiff,

v.

SEA HUNT, INC.,
TROPICLAND MARINE AND TACKLE, INC.,
And GREGORY ZILBERMAN,
    Defendants.

## DEFENDANT TROPICLAND, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

The defendant Tropicland, Inc., incorrectly referred to in the plaintiff's Complaint as "Tropicland Marine and Tackle, Inc.," (hereinafter "Tropicland" or "defendant") answers the serially numbered counts and paragraphs of the plaintiff's Complaint as follows:

1. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. However, any allegation of wrongdoing on the part of Tropicland, either expressed or implied in this paragraph, are expressly denied.

2. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5. Denied in the form alleged. The correct name of the defendant is Tropicland, Inc.

6. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## FACTUAL ALLEGATIONS

7. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8. Admitted that Tropicland sells boats and boat products and that it sold a boat known as the Navigator 22 to Gregory Zilberman. However, any allegations of negligence, gross negligence, breach of warranty, strict liability, wrongful death, conscious pain and suffering, or any other unlawful conduct on the part of Tropicland, either expressed or implied in this paragraph, are expressly denied.

9. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. However, any allegations of negligence, gross negligence, breach of warranty, strict liability, wrongful death, conscious pain and suffering, or any other unlawful conduct on the part of Tropicland, either expressed or implied in this paragraph, are expressly denied.

### COUNTS I – V

Paragraphs 14-30 contained in Counts I-V of the plaintiff's Complaint do not appear to be directed at this defendant, therefore no response is required. However, any allegations of negligence, gross negligence, breach of warranty, strict liability, wrongful death, conscious pain and suffering, or any other unlawful conduct on the part of Tropicland, either expressed or implied in these Counts and paragraphs, are expressly denied.

### COUNT VI

(Strict Liability)

31. Tropicland incorporates by reference its answers to paragraphs 1 through 30 of the plaintiff's Complaint, as if fully set forth herein.
32. Denied in the form alleged.
33. Denied.
34. Denied.
35. Denied.

The following paragraphs are demands for judgment, to which no response is required.

## COUNT VII

(Negligence-Wrongful Death)

36. Tropicland incorporates by reference its answers to paragraphs 1 through 35 of the plaintiff's Complaint, as if fully set forth herein

37. Paragraph 37 of the plaintiff's Complaint does not contain an appropriate allegation of fact, but rather it is argumentative and purports to set forth a conclusion of law concerning the defendant's duty. Therefore, no response is required. The defendant nonetheless denies the existence of any duty beyond that recognized or imposed by law. Furthermore, any allegations of negligence, gross negligence, breach of warranty, strict liability, wrongful death, conscious pain and suffering, or any other unlawful conduct on the part of Tropicland, either expressed or implied in this paragraph, are expressly denied.

38. Denied.

39. Denied.

The following paragraphs are demands for judgment, to which no response is required.

## COUNT VIII

(Negligence – Conscious Pain and Suffering)

40. Tropicland incorporates by reference its answers to paragraphs 1 through 39 of the plaintiff's Complaint, as if fully set forth herein

41. Paragraph 41 of the plaintiff's Complaint does not contain an allegation of fact, but rather purports to set forth a conclusion of law. Therefore, no response is required. However, any allegations of negligence, gross negligence, breach of warranty, strict liability, wrongful

death, conscious pain and suffering, or any other unlawful conduct on the part of Tropicland, either expressed or implied this paragraph, are expressly denied.

The following paragraphs are demands for judgment, to which no response is required.

## COUNT IX

(Gross Negligence – Wrongful death)

42. Tropicland incorporates by reference its answers to paragraphs 1 through 41 of the plaintiff's Complaint, as if fully set forth herein

43. Denied.

The following paragraphs are demands for judgment, to which no response is required.

## COUNT X – XII

Paragraphs 44-51 contained in Counts X-XII of the plaintiff's Complaint do not appear to be directed at this defendant, therefore no response is required. However, any allegations of negligence, gross negligence, breach of warranty, strict liability, wrongful death, conscious pain and suffering, or any other unlawful conduct on the part of Tropicland, either expressed or implied in these Counts and paragraphs, are expressly denied.

The following paragraph is a demand for judgment, to which no response is required.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's late notice of alleged breaches of warranty has prejudiced this defendant, wherefore plaintiff is barred from recovery.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's decedent, Grigory Chizhik, knowingly and unreasonably assumed any risk complained of.

## THIRD AFFIRMATIVE DEFENSE

The injury and damages alleged were caused by a person or entity for whose conduct this defendant was not responsible and bears no legal responsibility.

## FOURTH AFFIRMATIVE DEFENSE

Even if the subject boat was defective, which Tropicland specifically denies, the injuries and damages alleged, if any, were caused by a third party's intentional, knowing and/or negligent misuse of the product.

## FIFTH AFFIRMATIVE DEFENSE

Any defect which may have existed in the subject boat, the existence of which is denied, did not exist when the vehicle left the control of Tropicland.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

The injuries and damages alleged, if any, resulted from a superseding or intervening cause, and were not caused by any conduct, culpable or otherwise, on the part of this defendant.

### EIGHT AFFIRMATIVE DEFENSE

Plaintiff's right to recover is barred or reduced proportionately by the degree of plaintiff's decedent's own negligence.

### NINTH AFFIRMATIVE DEFENSE

Any damages claimed by plaintiff were caused by the alteration, modification, repair or abnormal use of said products in a way that could not be reasonably foreseen or expected and in no way is Tropicland liable for damages resulting from such modification, alteration, repair or abnormal use of such product.

### TENTH AFFIRMATIVE DEFENSE

Tropicland denies that it has a culpable mental state or is guilty of any knowing, willful, wanton, malicious, oppressive, fraudulent, or reckless conduct which would warrant an award of judgment for punitive or exemplary damages. The allegation and/or award of punitive damages is violative of the due process clause, the equal protection clause, fails to bear a reasonable relationship to the claimed compensatory damages, and is also unconstitutional as an excessive fine under the Eighth Amendment to the United States Constitution.

### ELEVENTH AFFIRMATIVE DEFENSE

That any claim arising out of the products allegedly furnished, supplied or sold by Tropicland was caused in whole or in part by the unforeseen and unexpected misuse or abnormal use of the product by plaintiff's decedent.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Tropicland has no duty to protect plaintiff's decedent from risks that were not reasonably foreseeable.

## JURY DEMAND

**DEFENDANT TROPICLAND, INC. DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

The defendant,
Tropicland, Inc.
By its attorneys

_____
David W. McGough, BBO # 553069
Marci J. Shyavitz, BBO # 653151
CORNELL & GOLLUB
75 Federal Street
Boston, MA 02110
(617) 482-8100

## CERTIFICATE OF SERVICE

I, David W. McGough, attorney for the defendant, Tropicland, Inc., hereby certify that on the 18th day of February, 2004, a true copy of the foregoing Defendant Tropicland, Inc.'s Answer to Plaintiff's Complaint, was served by mail, postage prepaid, directed to:

David B. Kaplan, Esq.
Timothy M. Barouch, Esq.
The Kaplan/Bond Group
Boston Fisher Pier
West Building, Suite 304
Boston, MA 02210

_____
David W. McGough

8