UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE 2004 FEB 20 P 3: 05 U.S. DISTRICT COURT DISTRICT OF MASS.

ZHANNA CHIZHIK,
Administratrix of the Estate of
Grigory Chizhik,
Plaintiff,

v.

SEA HUNT, INC., TROPICLAND MARINE AND TACKLE, INC., and GREGORY ZILBERMAN,
Defendants.

DOCKET NO: 04-10106JLT

**ANSWER, AFFIRMATIVE DEFENSES AND**
**CLAIM FOR TRIAL BY JURY OF DEFENDANT, GREGORY ZILBERMAN**

Now comes the defendant, Gregory Zilberman ("Zilberman"), and hereby responds to the plaintiff's Complaint, as follows.

**FIRST DEFENSE**

The defendant, Gregory Zilberman states that the plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

**SECOND DEFENSE**

The defendant, Gregory Zilberman, responds to the plaintiff's Complaint paragraph by paragraph as follows:

**INTRODUCTION**

1. The allegations contained in this paragraph set forth a legal conclusion to which no response is required. To the extent that a response is required, the defendant denies the allegations contained in this paragraph.

## JURISDICTION

2. The allegations contained in this paragraph set forth a legal conclusion to which no response is required. To the extent that a response is required, the defendant does not admit that jurisdiction is proper.

## THE PARTIES

3. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

6. The defendant admits the allegations contained in this paragraph.

## FACTUAL ALLEGATIONS

7. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant. To the extent that a response is required, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. The defendant further states that the allegations contained in this paragraph set forth a legal conclusion to which no response is required.

8. The defendant admits only that the Defendant Tropicland sold a Navigator 22 vessel to him. The remaining allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant. To the extent that a response is required, the defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph. The

defendant further states that the allegations contained in this paragraph set forth a legal conclusion to which no response is required.

9. The defendant admits that Grigory Chizhik and Amir Lashgari were on his boat on May 25, 2003, that they departed from Weymouth, Massachusetts on that day.

10. The defendant admits that the vessel capsized on May 25, 2003, and that the occupants ended up in the water. The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

11. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12. The defendant admits the allegations contained in this paragraph.

13. The defendant denies the allegations contained in this paragraph.

COUNT I

**(Strict Liability–Defendant Sea Hunt)**

14. The defendant repeats and reaffirms his responses to paragraphs 1-13 of this Complaint as if fully set forth herein.

15. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant.

16. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant.

17. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant.

18. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant.

REQUEST FOR RELIEF

1. This Request for Relief pertains to another Defendant, and therefore no response is made.

2. This Request for Relief pertains to another Defendant, and therefore no response is made.

COUNT II

**(Negligence-Wrongful Death–Defendant Sea Hunt)**

19. The defendant repeats and reaffirms his responses to paragraphs 1-18 of this Complaint as if fully set forth herein.

20. This Request for Relief pertains to another Defendant, and therefore no response is made.

21. This Request for Relief pertains to another Defendant, and therefore no response is made.

22. This Request for Relief pertains to another Defendant, and therefore no response is made.

REQUEST FOR RELIEF

1. This Request for Relief pertains to another Defendant, and therefore no response is made.

2. This Request for Relief pertains to another Defendant, and therefore no response is made.

COUNT III

**(Negligence–Conscious Pain and Suffering–Defendant Sea Hunt)**

23. The defendant repeats and reaffirms his responses to paragraphs 1-22 of this Complaint as if fully set forth herein.

24. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant.

REQUEST FOR RELIEF

1. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant.

2. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant.

COUNT IV

**(Gross Negligence–Wrongful Death–Defendant Sea Hunt)**

25. The defendant repeats and reaffirms his responses to paragraphs 1-24 of this Complaint as if fully set forth herein.

26. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant.

REQUEST FOR RELIEF

1. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant.

2. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant.

COUNT V

**(Breach of Express Warranty–Defendant Sea Hunt)**

27. The defendant repeats and reaffirms his responses to paragraphs 1-13 of this Complaint as if fully set forth herein.

28. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant.

29. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant.

30. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant.

REQUEST FOR RELIEF

1. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant.

2. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant.

COUNT VI

**(Strict Liability–Defendant Tropicland Marine and Tackle)**

31. The defendant repeats and reaffirms his responses to paragraphs 1-30 of this Complaint as if fully set forth herein.

32. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant.

33. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant.

34. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant.

35. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant.

REQUEST FOR RELIEF

1. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant.

2. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant.

COUNT VII

**(Negligence–Wrongful Death–Defendant Tropicland Marine and Tackle)**

36. The defendant repeats and reaffirms his responses to paragraphs 1-35 of this Complaint as if fully set forth herein.

37. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant.

38. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant.

39. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant.

REQUEST FOR RELIEF

1. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant.

2. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant.

COUNT VIII

**(Negligence–Conscious Pain and Suffering-Defendant Tropicland)**

40. The defendant repeats and reaffirms his responses to paragraphs 1-39 of this Complaint as if fully set forth herein.

41. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant.

REQUEST FOR RELIEF

1. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant.

2. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant.

COUNT IX

**(Gross Negligence-Wrongful Death-Defendant Tropicland)**

42. The defendant repeats and reaffirms his responses to paragraphs 1-41 of this Complaint as if fully set forth herein.

43. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant.

REQUEST FOR RELIEF

1. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant.

2. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant.

COUNT X

**(Negligence–Wrongful Death–Defendant Zilberman)**

44. The defendant repeats and reaffirms his responses to paragraphs 1-43 of this Complaint as if fully set forth herein.

45. The allegations contained in this paragraph set forth a legal conclusion to which no response is required. To the extent that a response is required, the defendant denies the allegations contained in this paragraph and calls upon the plaintiff to prove same.

46. The defendant denies the allegations contained in this paragraph.

47. The defendant denies the allegations contained in this paragraph.

REQUEST FOR RELIEF

1. The defendant denies that Plaintiff is entitled to such relief.

2. The defendant denies that Plaintiff is entitled to such relief.

COUNT XI

**(Negligence-Conscious Pain and Suffering-Defendant Zilberman)**

48. The defendant repeats and reaffirms his responses to paragraphs 1-47 of this Complaint as if fully set forth herein.

49. The allegations contained in this paragraph set forth a legal conclusion to which no response is required. To the extent that a response is required, the defendant denies the allegations contained in this paragraph and calls upon the plaintiff to prove same.

REQUEST FOR RELIEF

1. The defendant denies that Plaintiff is entitled to such relief.

2. The defendant denies that Plaintiff is entitled to such relief.

COUNT XII

**(Gross Negligence-Wrongful Death-Defendant Zilberman)**

50. The defendant repeats and reaffirms his responses to paragraphs 1-49 of this Complaint as if fully set forth herein.

51. The defendant denies the allegations contained in this paragraph.

REQUEST FOR RELIEF

1. The defendant denies that Plaintiff is entitled to such relief.

2. The defendant denies that Plaintiff is entitled to such relief.

## PRAYER FOR RELIEF

1) The defendant denies that Plaintiff is entitled to such relief.

2) The defendant denies that Plaintiff is entitled to such relief.

3) The defendant denies that Plaintiff is entitled to such relief.

## AFFIRMATIVE DEFENSES

### THIRD DEFENSE

The defendant denies each and every allegation of the plaintiff's Complaint except as specifically admitted above.

### FOURTH DEFENSE

By way of affirmative defense, the defendant states that the negligence of the plaintiff's decedent was greater than the alleged negligence of the defendant, and that such negligence of the plaintiff's decedent contributed to his alleged injuries and, therefore, the plaintiff is barred from recovery under M.G.L. c.231, §85.

### FIFTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's decedent was guilty of comparative negligence and that the damage, if any, recovered by the plaintiff from the defendant should be reduced in proportion to the said negligence of the plaintiff's decedent in accordance with M.G.L. c.231 §85.

### SIXTH DEFENSE

By way of affirmative defense, the defendant states that if the plaintiff's decedent was injured, it was as a result of plaintiff's decedent's breach of his duty to exercise a high degree of care to protect and ensure his own safety.

**SEVENTH DEFENSE**

By way of affirmative defense, the defendant states that the injuries alleged were caused in whole or in part by the negligence of the plaintiff's decedent.

**EIGHTH DEFENSE**

By way of affirmative defense, the defendant is guilty of no negligence.

**NINTH DEFENSE**

By way of affirmative defense, the defendant states that if the plaintiff suffered damage as alleged in her complaint, such damages were caused by someone for whose conduct the defendant was not and is not legally responsible.

**TENTH DEFENSE**

By way of affirmative defense, the defendant states that if the plaintiff proves that she was injured as alleged, said damages were caused by an intervening and/or superseding act for which this defendant is not liable.

**ELEVENTH DEFENSE**

By way of affirmative defense, the defendant states that plaintiff failed to file this action within the time proscribed by the applicable statute of limitations for each and every count contained in the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendant states that it did not breach any duty.

**THIRTEENTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendant states that plaintiff lacks standing to assert any claims against the defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendant states that plaintiff's claims are barred due to insufficiencies in process and the service of process.

**FIFTEENTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendant states that plaintiff is not entitled to punitive damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, defendant states that plaintiff's claims are barred in whole or in part because defendant did not engage in any willful, wanton, reckless, or otherwise punitive conduct.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant adopts all defenses raised by other defendants in this case, except to the extent that they would impose liability on this defendant.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to amend its answer and to assert further affirmative defenses as they may be appropriate following further investigation and discovery.

**WHEREFORE**, the defendant, Gregory Zilberman, demands that the Complaint be dismissed and judgment entered in favor of the defendant with the costs and disbursements of this action.

**JURY CLAIM**

**THE DEFENDANT DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE TO A JURY.**

Respectfully submitted,
The Defendant,
Gregory Zilberman,
By his attorneys,

[signature]

Lauren Motola-Davis, BBO# 638561
Philip M. Hirshberg, BBO # 567234
MORRISON, MAHONEY & MILLER, LLP
250 Summer Street
Boston, MA 02210-1181
(617) 737-8860

Dated: 2/19/04

CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2004 I served a copy of the foregoing *Answer, Affirmative Defenses and Claim for Trial by Jury* upon Plaintiff's counsel, by forwarding a copy by facsimile and by first class mail, postage prepaid to David B. Kaplan, Esquire, Kaplan Bond Group, Boston Fish Pier, West Building, Suite 304, Boston, MA 02210.

[signature]

Philip M. Hirshberg