UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10106JLT

ZHANNA CHIZHIK, )
Administratrix of the Estate )
of Grigory Chizhik, )
    Plaintiff )
)
v. )
)
SEA HUNT BOATS, INC., )
TROPICLAND MARINE )
AND TACKLE, INC., and )
GREGORY ZILBERMAN, )
    Defendants. )
_____)

### DEFENDANT SEA HUNT BOATS, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND CLAIM FOR TRIAL BY JURY

Now comes the Defendant Sea Hunt Boats, Inc. (hereinafter "Sea Hunt") and hereby responds to the plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint does not state a claim against Sea Hunt upon which relief can be granted.

### SECOND DEFENSE

The Complaint does not state a claim against Sea Hunt upon which relief can be granted because Sea Hunt is not liable to pay the plaintiff any amount of damages claimed.

### THIRD DEFENSE

The defendant, Sea Hunt, responds to the plaintiff's Complaint paragraph by paragraph as follows:

## INTRODUCTION

1.     The defendant does not respond to Paragraph 1 because it states conclusions of law to which no response is required. To the extent a further response is required, the defendant lacks sufficient knowledge and information upon which to form a belief as to the truth of the assertions of Paragraph 1, and therefore leaves the plaintiff to her proof.

## JURISDICTION

2.     The defendant does not respond to Paragraph 2 because it states a conclusion of law to which no response is required. To the extent a further response is required, the defendant lacks sufficient knowledge and information upon which to form a belief as to the truth of Paragraph 2, and therefore leaves the plaintiff to her proof.

## THE PARTIES

3.     The defendant lacks sufficient knowledge and information upon which to form a belief as to the truth of the allegations of Paragraph 3, and therefore leaves the plaintiff to her proof.

4.     As to the allegations of Paragraph 3, the defendant admits only that it is a South Carolina corporation and that it has a usual place of business in Lexington, South Carolina.

5.     The defendant lacks sufficient knowledge and information upon which to form a belief as to the truth of the allegations of Paragraph 5, and therefore leaves the plaintiff to her proof.

6.     The defendant lacks sufficient knowledge and information upon which to form a belief as to the truth of the allegations of Paragraph 6, and therefore leaves the plaintiff to her proof.

## FACTUAL ALLEGATIONS

7.     As to the allegations of Paragraph 7, the defendant admits that it is engaged in the design and manufacture of boats, and further admits that it designed, manufactured and marketed

a boat model called the "Navigator 22." The defendant lacks sufficient knowledge and information upon which to form a belief as to the truth of the remaining allegations of Paragraph 7, and therefore leaves the plaintiff to her proof.

8. The defendant lacks sufficient knowledge and information upon which to form a belief as to the truth of the allegations of Paragraph 8, and therefore leaves the plaintiff to her proof.

9. The defendant lacks sufficient knowledge and information upon which to form a belief as to the truth of the allegations of Paragraph 9, and therefore leaves the plaintiff to her proof.

10. The defendant lacks sufficient knowledge and information upon which to form a belief as to the truth of the allegations of Paragraph 10, and therefore leaves the plaintiff to her proof.

11. The defendant lacks sufficient knowledge and information upon which to form a belief as to the truth of the allegations of Paragraph 11, and therefore leaves the plaintiff to her proof.

12. The defendant lacks sufficient knowledge and information upon which to form a belief as to the truth of the allegations of Paragraph 12, and therefore leaves the plaintiff to her proof.

13. The defendant lacks sufficient knowledge and information upon in which to form a belief as to the truth of the allegations of Paragraph 13, and therefore leaves the plaintiff to her proof.

## COUNT I
(Strict Liability - Defendant Sea Hunt)

14. The defendant hereby incorporates and makes it responses to Paragraphs 1-13 its response to Paragraph 14 as if fully set forth herein.

15. The defendant lacks sufficient knowledge and information upon which to form a belief as to the truth of the allegations of Paragraph 15, and therefore leaves the plaintiff to her proof.

16. The defendant denies the allegations of Paragraph 16.

17. The defendant denies the allegations of Paragraph 17.

18. The defendant denies the allegations of Paragraph 18.

### REQUEST FOR RELIEF

1-2. The defendant denies that the plaintiff is entitled to the relief requested and moves the Court to dismiss the Complaint.

### COUNT II
(Negligence - Wrongful Death - Defendant Sea Hunt)

19. The defendant hereby incorporates and makes it responses to Paragraphs 1-18 its response to Paragraph 19 as if fully set forth herein.

20. The defendant does not respond to Paragraph 20 because it states conclusions of law to which no response is required. To the extent that a further response is required, the defendant denies liability to the plaintiff and leaves the plaintiff to her proof.

21. The defendant denies the allegations of Paragraph 21.

22. The defendant denies the allegations of Paragraph 22.

### REQUEST FOR RELIEF

1-2. The defendant denies that the plaintiff is entitled to the relief requested and moves the Court to dismiss the Complaint.

## COUNT III
### (Negligence - Conscious Pain and Suffering- Defendant Sea Hunt)

23. The defendant hereby incorporates and makes it responses to Paragraphs 1-22 its response to Paragraph 23 as if fully set forth herein.

24. The defendant makes no response to Paragraph 24 because it states a conclusion of law to which no response is required. To the extent a further response may be required, the defendant denies liability and leaves the plaintiff to her proof.

### REQUEST FOR RELIEF

1-2. The defendant denies that the plaintiff is entitled to the relief requested and moves the Court to dismiss the Complaint.

## COUNT IV
### (Gross Negligence - Wrongful Death - Defendant Sea Hunt)

25. The defendant hereby incorporates and makes it responses to Paragraphs 1-24 its response to Paragraph 25 is fully set forth herein.

26. The defendant denies the allegations of Paragraph 26.

### REQUEST FOR RELIEF

1-2. The defendant denies that the plaintiff is entitled to the relief requested and moves the Court to dismiss the Complaint.

## COUNT V
### (Breach Of Express Warranty - Defendant Sea Hunt)

27. The defendant hereby incorporates and makes it responses to Paragraphs 1-26 its response to Paragraph 27 as if fully set forth herein.

28. The defendant lacks sufficient knowledge and information upon which to form a belief as to the truth of the allegations of Paragraph 28 and therefore leaves the plaintiff to her proof.

29. The defendant denies the allegations of Paragraph 29.

30. The defendant denies the allegations of Paragraph 30.

## COUNT VI
(Strict Liability - Defendant Tropicland Marine and Tackle)

31. The defendant hereby incorporates and makes it responses to Paragraphs 1-30 its response to Paragraph 31 as if fully set forth herein.

32. The allegations of Paragraph 32 refer to another party and therefore no response is required of this defendant.

33. The defendant denies the allegations of Paragraph 33.

34. The defendant denies the allegations of Paragraph 34.

35. The allegations of Paragraph 35 refer to another party and therefore no response is required of this defendant.

## REQUEST FOR RELIEF

1-2. The Requests for Relief pertain to another defendant and therefore Sea Hunt makes no response to these requests.

## COUNT VII
(Negligence - Wrongful Death - Defendant Tropicland Marine and Tackle)

36. The defendant hereby incorporates and makes it responses to Paragraphs 1-35 its response to Paragraph 36 as if fully set forth herein.

37-39. The allegations of Paragraphs 37, 38 and 39 refer to another party and therefore no response is required of this defendant.

## REQUEST FOR RELIEF

1-2. The Requests for Relief pertain to another defendant and therefore Sea Hunt

makes no response to these requests.

## COUNT VIII
(Negligence - Conscious Pain and Suffering - Defendant Tropicland Marine and Tackle)

40. The defendant hereby incorporates and makes it responses to Paragraphs 1-39 its response to Paragraph 40 as if fully set forth herein.

41. The allegations of Paragraph 41 refer to another party and therefore no response is required of this defendant.

### REQUEST FOR RELIEF

1-2. The Requests for Relief pertain to another defendant and therefore Sea Hunt makes no response to these requests.

## COUNT IX
(Gross Negligence - Wrongful Death - Defendant Tropicland Marine and Tackle)

42. The defendant hereby incorporates and makes it responses to Paragraphs 1-41 its response to Paragraph 42 as if fully set forth herein.

43. The allegations of Paragraph 43 refer to another party and therefore no response is required of this defendant.

### REQUEST FOR RELIEF

1-2. The Requests for Relief pertain to another defendant and therefore Sea Hunt makes no response to these requests.

## COUNT X
(Negligence - Wrongful Death - Defendant Zilberman)

44. The defendant hereby incorporates and makes it responses to Paragraphs 1-43 its response to Paragraph 44 as if fully set forth herein.

45-47. The allegations of Paragraphs 45, 46 and 47 refer to another party and therefore no response is required of this defendant.

### REQUEST FOR RELIEF

1-2. The Requests for Relief pertain to another defendant and therefore Sea Hunt makes no response to these requests.

### COUNT XI
(Negligence - Conscious Pain and Suffering - Defendant Zilberman)

48. The defendant hereby incorporates and makes it responses to Paragraphs 1-47 its response to Paragraph 48 is fully set forth herein.

49. The allegations of Paragraph 49 refer to another party and therefore no response is required of this defendant.

### REQUEST FOR RELIEF

1-2. The Requests for Relief pertain to another defendant and therefore Sea Hunt makes no response to these requests.

### COUNT XII
(Gross Negligence - Wrongful Death - Defendant Zilberman)

50. The defendant hereby incorporates and makes it responses to Paragraphs 1-49 its response to Paragraph 50 is fully set forth herein.

51. The allegations of Paragraph 51 refer to another party and therefore no response is required of this defendant.

### REQUEST FOR RELIEF

1-2. The Requests for Relief pertain to another defendant and therefore Sea Hunt makes no response to these requests.

**WHEREFORE**, defendant Sea Hunt moves the Court to dismiss each count of the plaintiff's Complaint addressed to it and award the plaintiff no damages.

### FOURTH DEFENSE

If the plaintiff suffered injury or damage, as alleged, such injuries or damage were caused by someone for whose conduct Sea Hunt was not and is not legally responsible.

### FIFTH DEFENSE

The negligence of the plaintiff's decedent, Grigory Chizhik was greater than the alleged negligence of defendant Sea Hunt and such negligence of the plaintiff's decedent contributed substantially to his alleged accident, injury and demise. Therefore, the plaintiff is barred from recovery under M.G.L. c. 231 §85.

### SIXTH DEFENSE

The plaintiff's decedent, Grigory Chizhik was guilty of contributory negligence which was a substantial factor in causing in his alleged accident, injuries and demise. Therefore, any damages recovered on his behalf from this defendant should be reduced in proportion to the negligence of the plaintiff's decedent in accordance with M.G.L. c. 231 §85.

### SEVENTH DEFENSE

Any express warranty which the plaintiff alleges was breached by Sea Hunt was excluded by Sea Hunt and/or was never made to the plaintiff or her decedent.

## EIGHTH DEFENSE

By way of affirmative defense, Sea Hunt states that if the plaintiff proves that she was injured or suffered loss as alleged, said damages were caused by an intervening or superseding act for which Sea Hunt is not liable.

## NINTH DEFENSE

By way of affirmative defense, Sea Hunt states that the plaintiff's decedent's accident was caused by a force of nature, and therefore the defendant is not liable.

## TENTH DEFENSE

By way of affirmative defense, Sea Hunt states that the plaintiff is not entitled to punitive damages.

## ELEVENTH DEFENSE

By way of affirmative defense, Sea Hunt states that the plaintiff failed to preserve and maintain material physical evidence and by this failure has hampered Sea Hunt's ability to develop its defense.

## TWELFTH DEFENSE

The plaintiff lacks standing to assert claims against the defendant.

## THIRTEENTH DEFENSE

The Plaintiff failed to mitigate her alleged damages and losses.

## JURY CLAIM

Defendant Sea Hunt Boats, Inc. demands a trial by jury on all issues alleged in the Complaint and on all affirmative defenses.

        The Defendant,
        SEA HUNT BOATS, INC.
        By its attorney,

        */s/ William P. Breen, Jr.*
        William P. Breen, Jr., Esq. BBO # 558768
        MURPHY, HESSE, TOOMEY & LEHANE, LLP
        300 Crown Colony Drive, Suite 410
        Quincy, MA 02169
        (617) 479-5000

Dated: March 10, 2004

## CERTIFICATION OF SERVICE

The undersigned attorney hereby certifies that on this 10th day of March, 2004, he served a copy of the foregoing document, via first class mail, upon the following:

David B. Kaplan, Esq.
Timothy M. Barouch, Esq.
The Kaplan/Bond Group
Boston Fish Pier
West Building, Suite 304
Boston, MA 02210

Lauren Motola-Davis, Esq.
Philip M. Hirshberg, Esq.
Morrison, Mahoney & Miller, LLP.
250 Summer Street
Boston, MA 02210

David W. McGough, Esq.
Marci Shyavitz, Esq.
Cornell & Golub
75 Federal Street
Boston, MA 02110

William P. Breen, Jr.

# MURPHY, HESSE, TOOMEY & LEHANE, LLP
## Attorneys At Law

CROWN COLONY PLAZA
300 CROWN COLONY DRIVE, SUITE 410
P.O. BOX 9126
QUINCY, MA 02269-9126
TEL: (617) 479-5000   FAX: (617) 479-6469

WORLD TRADE CENTER EAST
TWO SEAPORT LANE
BOSTON, MA 02210
TEL: (617) 479-5000   FAX: (617) 338-1324

ONE MONARCH PLACE, SUITE 1310R
SPRINGFIELD, MA 01144
TEL: (800) 227-6485   FAX: (617) 479-6469

Arthur P. Murphy
James A. Toomey
Katherine A. Hesse
Michael C. Lehane
John P. Flynn
Regina Williams Tate
Edward F. Lenox, Jr.
Mary Ellen Sowyrda
David A. DeLuca
Ann M. O'Neill
Michael F.X. Dolan, Jr.
Donald L. Graham
Andrew J. Waugh
J. David Moran
Doris R. MacKenzie Ehrens
Deborah A. Anderson
Mary L. Gallant
Robert M. Delahunt, Jr.
Lorna M. Hebert

Geoffrey P. Wermuth
Joseph T. Bartulis, Jr.
Clifford R. Rhodes, Jr.
Kathryn M. Murphy
Scott E. Bettencourt
Stacey G. Bloom
Michael R. Bertoncini
Rachel A. Israel
Kristin Bierly Magendantz
Adam D. Janoff
Thomas W. Colomb
Monica Swanson Tesler
David A. Appugliese
Jennifer N. Geosits
Bryan R. LeBlanc
Kimberly A. Mucha
Jason M. Gesing
Christina Gentile

Of Counsel
Paul F. Dempsey
William P. Breen, Jr.

Scott Harshbarger

*Please Respond to Quincy*

March 10, 2004

Civil Clerk
U.S. District Court for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

Re:  Zhanna Chikhik v. Sea Hunt Boats, Inc., et al.
     <u>Civil Action No. 04-10106JLT</u>

Dear Sir/Madam:

Enclosed for filing please find the following:

1.  Defendant Sea Hunt Boats, Inc.'s Answer, Affirmative Defenses and Claim For Trial By Jury.

Thank you.

Very truly yours,

William P. Breen, Jr.

WPB/jm
Enclosure
cc:   David B. Kaplan, Esq.
      Lauren Motola-Davis, Esq.
      David W. McGough, Esq.