UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-10106JLT

ZHANNA CHIZHIK, Administratrix
of the Estate of Grigory Chizhik,
    Plaintiff,

v.

SEA HUNT, INC.,
TROPICLAND MARINE AND TACKLE, INC.,
And GREGORY ZILBERMAN,
    Defendants.

**DEFENDANT TROPICLAND, INC.'S MOTION FOR LEAVE TO
AMEND ITS ANSWER TO ASSERT CROSS-CLAIMS AGAINST
CO-DEFENDANTS SEA HUNT, INC. AND GREGROY ZILBERMAN
AND INCORPORATED MEMORANDUM OF LAW**

Defendant Tropicland, Inc., incorrectly referred to in plaintiff's Complaint as "Tropicland Marine and Tackle, Inc.," (hereinafter "defendant" or "Tropicland") hereby moves this court pursuant to Federal Rules of Civil Procedure 15(a) for leave to amend its Answer to assert cross-claims for indemnification and contribution against co-defendant Sea Hunt, Inc. (hereinafter "Sea Hunt") and against co-defendant Gregory Zilberman. As grounds for this motion, Tropicland states the following.

**I.     INTRODUCTION AND BACKGROUND**

The underlying lawsuit arises out of a boating accident that occurred on May 25, 2003 involving a Sea Hunt Navigator 22 fishing boat (hereinafter "Navigator 22"). The plaintiff alleges that Grigory Chizhik accompanied defendant Gregory Zilberman and their friend, Amir Lashgari, on a Navigator 22 boat that was owned by Zilberman. It is alleged that while fishing in Boston Harbor, the Navigator 22 capsized, as a result of alleged defects in the design and manufacture of

the boat by Sea Hunt. According to media reports, a small craft advisory was in effect at the time of the incident. See Zach Hosseini, Boating Mishap Leaves 1 Dead; 2 Others from Stoughton Pulled From Surf Off Coast, Patriot Ledger, May 26, 2003, attached hereto as Exhibit A. However, none of the passengers on the Navigator 22 were wearing a life jacket. See Massachusetts Environmental Police Report, attached hereto as Exhibit B; U.S. Coast Guard Release No. 042-03, attached hereto as Exhibit C. Due to the boat capsizing, it is alleged that Chizhik, Zilberman and Lashgari were thrown into the 50 degree water. It is further alleged that as a result of the capsizing of the boat, Chizhik sustained injuries and died. Zilberman purchased the Navigator 22 from Tropicland on April 13, 2003. See Purchase Agreement, attached hereto as Exhibit D. Tropicland purchased the Navigator 22 from Sea Hunt on March 25, 2003. See Invoice, attached hereto as Exhibit E.

Plaintiff has brought claims against Sea Hunt, Tropicland and Zilberman. With respect to Sea Hunt, plaintiff has asserted claims in strict liability, negligence, gross negligence and breach of warranty, all based upon the allegation that the Navigator 22 was defectively designed and manufactured, and that Sea Hunt "failed to warn purchasers, operators, and passengers of its risks…"

With respect to Zilberman, plaintiff has asserted claims in negligence and gross negligence, all based upon Zilberman's alleged breach of "his duty to use due care in the performance of his duties as owner and captain of his vessel, the Navigator 22." Based on both Coast Guard and media reports, Zilberman did not heed the small craft advisory that was in effect at the time of the accident by operating the Navigator 22 and not requiring his passengers to wear life jackets despite the choppy conditions.

2

## II. ARGUMENT

Leave to amend a pleading "shall be freely given when justice so requires." See Fed. R. Civ. P. 15(a). Federal courts have determined that leave should be granted to amend a pleading "unless the movant is guilty of undue delay or bad faith, or if permission to amend would unduly prejudice the opposing party." Cabana v. Forcier, 200 F.R.D. 9, 11 (D. Mass. 2001) citing Foman v. Davis, 371 U.S. 178, 182 (1962); Palumbo v. Roberti, 834 F. Supp. 46, 54 (D. Mass. 1993) (citations omitted). Moreover, "[a] pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter of the original action." Fed. R. Civ. P. 13(g).

### A. Tropicland Should be Permitted to Amend Its Answer to Assert a Cross-Claim Against Sea Hunt for Indemnification Since any Liability on the Part of Tropicland Would be Vicarious to That of Sea Hunt

Here, Tropicland seeks leave to amend its Answer to assert a cross-claim against Sea Hunt for indemnification, because any liability on the part of Tropicland would be vicarious to that of Sea Hunt. The rule in Massachusetts regarding indemnification is that the retailer or distributor who has acted merely as a conduit for the product and has not altered it or otherwise acted in a manner that contributed to the injuries may seek indemnification from the manufacturer. See Mitchell v. Stop & Shop Cos., Inc., 672 N.E.2d 544, 545 (Mass. 1996) (citation omitted); Wolfe v. Ford Motor Co., 434 N.E.2d 1008, 1011 (Mass. 1982) (citation omitted); see also Decker v. Black & Decker Manuf. Co., 449 N.E.2d 641, 644-45 (Mass. 1983) (citation omitted). Where a party is obliged to defend against the act of another, against whom he has a remedy over, and defends solely and exclusively the act of such other party he is entitled to indemnity not only for the amount of damages recovered, but for all reasonable and necessary expenses incurred in such defense. See Stewart v. Roy Bros., Inc., 265 N.E.2d 357, 365 (Mass. 1970).

Plaintiff's claims against Tropicland are purely derivative of the product liability claims made against Sea Hunt. Specifically, plaintiff alleges strict liability, wrongful death, negligence and gross negligence against Tropicland, based solely on the fact that it was in the chain of distribution and sold and distributed the Navigator 22, which they allege "was and is a defective and unreasonably dangerous craft, for the reasons enumerated in Count I of this Complaint" (which count relates solely to the defective design and manufacture of the Navigator 22, and failure to warn purchasers, operators and passengers of its risks by Sea Hunt). Therefore, any liability on the part of Tropicland in this case would be vicarious to that of Sea Hunt, because Tropicland can only be found liable if the Navigator 22 is found to be defectively designed and manufactured.

Sea Hunt would not be unduly prejudiced by the assertion of a cross-claim, because Tropicland has neither acted in bad faith nor unduly delayed its request to assert a cross-claim for indemnification against Sea Hunt. Sea Hunt is well aware that Tropicland is seeking indemnification. In an effort to avoid having to move this Court for leave to amend its Answer, Tropicland conferred with Sea Hunt's attorney regarding its request for indemnification in this case by both telephone and letter. See Letter dated March 29, 2004, attached hereto as Exhibit F. Sea Hunt, however, has refused Tropicland's request for indemnification. Tropicland also notified both the Court and the parties on April 27, 2004 that it anticipated filing a motion to assert cross-claims for contribution and indemnification against the co-defendants. See Letter dated April 27, 2004, attached hereto as Exhibit G. Additionally, counsel for Tropicland brought this issue to the court's attention at the scheduling conference on May 4, 2004, at which time the court indicated that the amendment of Tropicland's Answer to assert a cross-claim would be permitted.

B.  **Tropicland Should be Permitted to Amend Its Answer to Assert a Cross-Claim Against Gregory Zilberman for Indemnification Since any Liability on the Part of Tropicland Would be Vicarious to That of Mr. Zilberman**

Tropicland also seeks leave to amend its Answer to assert a cross-claim against Gregory Zilberman based on principles of equitable indemnification. In the present case, if Tropicland is found liable to the plaintiff it would be as a result of its passive negligence, while Zilberman was actively at fault. Zilberman, as both the owner and captain of the Navigator 22, breached his duty to: (1) skipper the Navigator 22 in a safe manner, (2) require his passengers, including the decedent Grigory Chizhik, to wear personal flotation devices during their boating excursion and (3) abide by Coast Guard weather advisories, and thus proximately caused plaintiff's decedent's injuries.

The tort-based theory of indemnification is designed to shift the whole loss upon the more guilty of the two tortfeasors. See Zapico v. Bucyrus-Erie Co., 579 F.2d 714, 718 (2d Cir. 1978). This theory of indemnification is available when one party was merely passively negligent while the would-be indemnitor was actively at fault. See Loose v. Offshore Navigation, Inc., 670 F.2d 493, 499 (5th Cir. 1982); Bosse v. Litton Unit Handling Sys., 646 F.2d 689, 694 (1st Cir. 1981).

Zilberman will not be unduly prejudiced by the amendment of Tropicland's Answer to assert a cross-claim, because Tropicland has neither acted in bad faith nor unduly delayed its request to assert a cross-claim for indemnification against Zilberman. Tropicland became privy to additional facts and information regarding the alleged incident that occurred on May 25, 2003 through the parties' recently served initial disclosures. Specifically, a newspaper article produced by Zilberman stated that a small craft advisory had been in effect at the time of the incident. See Exhibit A. Moreover, the Massachusetts Environmental Police report states that

none of the three men on the Navigator 22 at the time of the incident were wearing a life jacket. See Exhibits B and C. Furthermore, Tropicland informed both the Court and the parties on April 27, 2004 that it anticipated filing a motion to amend its Answer to assert cross-claims for contribution and indemnification against the co-defendants. See Exhibit G.

C.  **Tropicland Should Be Permitted to Amend Its Answer To Assert a Cross-Claim For Contribution Against Both Sea Hunt and Gregory Zilberman Since Any Liability On The Part Of Tropicland Would Be Shared By Sea Hunt And/Or Zilberman**

"Contribution and indemnity are mutually exclusive remedies." Callahan v. A.J. Welch Equip. Corp., 634 N.E.2d 134, 138 (Mass. App. Ct. 1994); M.G.L. c. 231B § 1(e). In addition to its claims for indemnification, Tropicland seeks leave to amend its Answer to assert cross-claims for contribution against defendants Sea Hunt and Zilberman, because Sea Hunt and Zilberman can be found to be directly liable to plaintiff for her damages. See James Ferrera & Sons, Inc. v. Samuels, 486 N.E.2d 58, 61 (Mass. App. Ct. 1985). The law in Massachusetts regarding contribution is "where two or more persons become jointly liable in tort for the same injury to person or property, there shall be a right of contribution among them even though judgment has not been recovered against all or any of them." M.G.L. c. 231B § 1(a). Thus, "the right to contribution . . . is based on the shared fault of the joint tort-feasors" in this case, Sea Hunt, Zilberman and potentially Tropicland. Slocum v. Donahue, 693 N.E.2d 179, 182 (Mass. App. Ct. 1998).

Tropicland denies any liability in this action. However, if Tropicland is found to be liable to the plaintiff, any such liability would be based upon the design and manufacture of the Navigator 22, which is solely derivative of Sea Hunt's liability as the manufacturer of the boat, or Zilberman's breach of his duty as owner and skipper of the Navigator 22, to operate the boat in a safe manner, to abide by Coast Guard advisories and to instruct his passengers to a wear life

6

jacket were the proximate cause of plaintiff's decedent's injuries. Thus, Tropicland would be entitled to seek contribution from these defendants.

## III. CONCLUSION

WHEREFORE, the Defendant Tropicland, Inc. moves this Court for leave to amend its Answer to assert cross-claims for indemnification and contribution against co-defendants Sea Hunt, Inc. Gregory Zilberman.

> The defendant,
> Tropicland, Inc.
> By its attorneys
>
> _____
> David W. McGough, BBO # 553069
> Marci J. Shyavitz, BBO # 653151
> CORNELL & GOLLUB
> 75 Federal Street
> Boston, MA 02110
> (617) 482-8100

### CERTIFICATE OF SERVICE

I, David W. McGough, attorney for the defendant, Tropicland, Inc., hereby certify that on the 9th day of June, 2004, a true copy of the foregoing Defendant Tropicland, Inc.'s Motion for Leave to Amend its Answer to Assert Cross-Claims Against Co-Defendants Sea Hunt, Inc. and Gregory Zilberman and Incorporated Memorandum of Law, was served by mail, postage prepaid, directed to:

| | |
|---|---|
| David B. Kaplan, Esq. | Lauren Motola-Davis, Esq. |
| Timothy M. Barouch, Esq. | Philip M. Hirshberg, Esq. |
| The Kaplan/Bond Group | Morrison, Mahoney & Miller, LLP |
| Boston Fisher Pier | 250 Summer Street |
| West Building, Suite 304 | Boston, MA 02210 |
| Boston, MA 02210 | |

7

| | |
|---|---|
| William P. Breen, Jr., Esq.<br>Murphy, Hesse, Toomey & Lehane, LLP<br>300 Crown Colony Drive, Suite 410<br>Quincy, MA  02169 | David C. Stadolnik, Esq.<br>Smith & Brink, P.C.<br>122 Quincy Shore Drive<br>Quincy, MA  02171 |

*[signature]*

_____
David W. McGough

8