UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ZHANNA CHIZHIK,  )
Administratrix of the Estate of  )
Grigory Chizhik,  )
    Plaintiff,  )
  )
v.  )  DOCKET NO: 04-10106JLT
  )
SEA HUNT, INC., TROPICLAND  )
MARINE AND TACKLE, INC., and  )
GREGORY ZILBERMAN,  )
    Defendants.  )
  )

## LIMITED OPPOSITION OF THE DEFENDANT, GREGORY ZILBERMAN, TO DEFENDANT TROPICLAND, INC.'S MOTION FOR LEAVE TO AMEND ITS ANSWER

Now comes the defendant, Gregory Zilberman ("Zilberman"), and hereby opposes Defendant Tropicland, Inc's ("Tropicland") Motion for Leave to Amend Its Answer To Assert Cross-Claims Against Co-Defendants Sea Hunt Inc. and Gregory Zilberman. While Zilberman denies any liability in cross-claim on any of the proposed counts, Zilberman opposes Tropicland's motion to amend only to the extent that it seeks to assert a cross-claim against Zilberman under the doctrine of "common law indemnity."

As grounds therefore, Zilberman states that the proposed claim for common law indemnity would be futile, if allowed, as it would fail to state a claim upon which relief may be granted. As such, this Court should exercise its discretion and deny the amendment to the extent that it seeks to assert a cross-claim for common-law indemnity against Zilberman.

## ARGUMENT

The standard to be applied to a motion to amend is outlined in Rule 15(a) of the Federal Rules of Civil Procedure. Federal Rule Rule 15(a) provides, in pertinent part, that leave to amend a pleading "shall be freely given when justice so requires." The grant or denial of the motion to amend is within the discretion of the Court. Pyramid Company of Holyoke v. Homeplace Stores Two, Inc., 175 F.R.D. 415, 417 (Mass. 1997) (citing Foman v. Davis, 371 U.S. 178, 181 (1962)). The futility of the proposed amendment is grounds for denying a motion for leave to amend. Id. If leave to amend is sought before discovery is complete and neither party has moved for summary judgment, the accuracy of the "futility" label is gauged by Fed.R.Civ.P. 12(b)(6). See Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996).

Tropicland's proposed cross-claim for common law indemnity is not viable. Tropicland's liability to the plaintiff, if established, would rest upon theories of product liability, as the distributor of the vessel allegedly involved in the subject accident. In asserting a right to common law indemnity from Zilberman, Tropicland asserts a right to indemnity because "any liability on the part of Tropicland would be vicarious to that of Mr. Zilberman," and that Tropicland's liability would be the result only of Tropicland's "passive negligence." Tropicland sets forth purported indicia of Mr. Zilberman's negligence on the date of the incident.[1]

Regardless of such assertions, the nature of the claims in this case precludes Tropicland's common law indemnity claim against Zilberman. A review of Massachusetts case law, as well as federal cases from this Court applying such law,

---

[1] This includes hearsay information taken from a 2003 newspaper article in the Quincy Patriot Ledger, stating that a small craft advisory was in effect.

indicates that common law indemnity would be inappropriate. Tropicland's liability to the plaintiff, if established, would rest solely upon theories of product liability relative to the distribution of a defective product. Tropicland's liability cannot, in any factual scenario, be vicarious or derivative of any negligence of Zilberman.

In <u>Slocum v. Donahue</u>, 44 Mass. App. Ct. 937 (1998) (attached), the Massachusetts Court of Appeals examined the right of common law indemnity in a product liability context. The facts of <u>Slocum</u> are instructive. As alleged, defendant Robert Donahue tragically caused the death of a child while operating his motor vehicle. <u>Id.</u> The decedent's parents thereafter filed a wrongful death case against Donahue and another, asserting that Donahue was both negligent and grossly negligent in the operation of his vehicle. <u>Id.</u> Donahue filed a third-party complaint against the manufacturer of the vehicle, Ford Motor Company, seeking both statutory contribution and common law indemnification. In doing so, Donahue claimed that the vehicle was defective, and that Ford's sole negligence was the cause of the accident. <u>Id.</u> at 939 n. 12.

While plaintiffs never sued Ford directly, Ford later reached a settlement with the plaintiffs. The Appeals Court ruled that this settlement extinguished Donohue's right to statutory contribution as a joint tortfeasor, relying upon the Massachusetts statute governing contribution between joint tortfeasors. The Appeals Court further ruled that Donahue could not maintain of common law indemnification against Ford. It reasoned as follows:

> 'The right to contribution, unlike the right to indemnity, is based on the shared fault of the joint tort-feasors. Indemnity, on the other hand, allows someone who is without fault, compelled by operation of law to defend himself against the wrongful act of another, to recover from the wrongdoer the entire amount of his loss, including

> reasonable attorney's fees.'  Elias v. Unisys Corp., 410 Mass. 479, 482, 573 N.E.2d 946 (1991).  'Indemnity is permitted only when the would-be indemnitee does not join in the negligent act.'  Decker v. Black & Decker Mfg. Co., 389 Mass. 35, 40, 449 N.E.2d 641 (1983), citing Afienko v. Harvard Club, 365 Mass. 320, 336, 312 N.E.2d 196 (1974).  'This right to indemnity is limited to those cases in which the would-be indemnitee is held derivatively or vicariously liable for the wrongful act of another.'  Decker v. Black & Decker Mfg. Co., 389 Mass. at 40.

Id. at 939.

The Appeals Court then held that the nature of the claims against Ford, as a purported joint tortfeasor on product liability theories, would preclude a claim by Donahue for common law indemnity.  The Appeals Court reasoned as follows: "If the claim against Ford had gone to trial and Ford had been found liable to the Donahues, *it would have been as a result of its negligence or breach of warranty.*  'Such liability will not be derivative or vicarious in nature, nor will it be constructive rather than actual.  Accordingly, the third-party plaintiffs are not entitled to indemnification . . .'"  Id. (citing Decker v. Black & Decker, 389 Mass. 35, 41 (1983)) (emphasis added).

The allegations of the present case are similar.  Plaintiff has asserted claims for negligence and gross negligence against Zilberman, as the alleged operated of the vessel involved in the death of the plaintiff's decedent.  Zilberman has denied any such negligence.  Plaintiff has also asserted product liability claims against the manufacturer and distributor of the vessel.  Tropicland's potential liability is neither vicarious nor derivative of the claims against Zilberman.  As in Slocum, if Tropicland is found liable on product liability grounds, it would be as an independent "result of its negligence or breach of warranty." Id.

4

The Massachusetts Supreme Judicial Court reached a similar result in <u>Decker v. Black & Decker</u>, supra, 389 Mass. 35, 41 (1983) (attached), another case involving product liability claims. In <u>Decker</u>, the plaintiff was injured while using a saw in the course of his employment for Lenox. He sued the manufacturer and distributor of the saw under product liability causes of action. The product liability defendants thereafter asserted a third-party complaint against the plaintiff's employer Lenox, asserting, in part, a claim for common law indemnity. As in the present case, the product liability defendants asserted that they were entitled to common law indemnity because the accident occurred solely as a result of the negligence of plaintiff's employer. In particular, they claimed that the employer failed to notify the plaintiff and other employees regarding a safety device on the saw. <u>Id.</u> at 36. The product liability defendants asserted that common law indemnity was appropriate because the accident was the sole result of the negligence of plaintiff's employer, and "because they did not join in the act of negligence which caused the plaintiff's injury." <u>Id.</u> at 36-37.

The Supreme Judicial Court rejected the claim of common law indemnity, on the ground that the potential liability of the defendants, as manufacturer and distributor, could not be vicarious or derivative of the purported negligence of the employer. The Court discussed the state of Massachusetts law, and cited Massachusetts case law dating back to the early 1800s :

> The general rule in Massachusetts is that, '[i]f a party is obliged to defend against the act of another, against whom he has a remedy over, and defends solely and exclusively the act of such other party, and is compelled to defend no misfeasance of his own . . . [and is found liable, such other party] is liable not only for the amount of damages recovered, but for all reasonable and necessary expenses incurred in such defense.' <u>Westfield v. Mayo</u>, 122 Mass.

5

100, 109 (1877). This right to indemnity is limited to those cases in which the would-be indemnitee is held derivatively or vicariously liable for the wrongful act of another. Stewart v. Roy Bros., supra. See Hollywood Barbecue Co. v. Morse, 314 Mass. 368, 370 (1943) (where one party is liable by inference of law and did not join in negligent act, that party may recover indemnity from party who was negligent); Gray v. Boston Gas Light Co., 114 Mass. 149, 154 (1873) (a party who was liable to plaintiff 'by inference of law,' and not by reason of personal fault, may recover indemnification from party whose wrongful act thus exposed him to liability); Lowell v. Boston & Lowell R.R. Corp., 23 Pick. 24, 34 (1839) (a party whose negligence 'was rather constructive than actual' may recover indemnification from one whose wrongdoing thus exposed that party to liability); Garbincius v. Boston Edison Co., 621 F.2d 1171, 1175-1176 (1st Cir. 1980).

Id. at 41.

The Supreme Judicial Court rejected the claim for common law indemnification, reasoning that "If either Black & Decker or Pittsfield is liable to the plaintiff, it will be as a result of its negligence or breach of warranty. Such liability will not be derivative or vicarious in nature, nor will it be constructive rather than actual." Id. at 41. The SJC further held that "[I]f, as the third-party plaintiffs contend, the plaintiff's injuries were not caused by their negligence or breach of warranty, this will constitute an absolute defense to the main action. Such a defense, however, does not provide the basis for an indemnity claim." Id.

Citing the above cases, this Court recently rejected a claim for common law indemnification in a product liability case. See Chapman v. Bernard's, 198 F.R.D. 575 (Mass. 2001) (Gorton, J.) (attached). In Chapman, the plaintiff's decedent, an infant, died as an alleged result of being wedged between a mattress and metal bed manufactured by defendant Bernard's. Id. at 576-77. The bed was distributed by co-defendant Mattress Discounters. Id. at 576. Mattress Discounters reached a settlement with the

plaintiff, and moved to dismiss both the contribution and common law indemnity claims of co-defendant manufacturer Bernard's. Id. at 577.

This Court dismissed the common law indemnity claim. This Court adopted the rational set forth in Slocum, and held that the liability of Bernard's, as manufacturer, if any, would not be vicarious or derivative of that of Mattress Discounters, as distributor. It held as follows:

> Bernard's does not have a valid indemnity claim because it could not be held 'derivatively or vicariously liable' for the any wrongful act of [distributor] Mattress Discounters. The Slocum case is instructive. In that case, the parents of a minor killed when he was struck by an automobile, sued the driver and his wife who, in turn, asserted a third-party claim against the automobile manufacturer, Ford Motor Co. ("Ford"). Ford subsequently settled with the plaintiffs and moved for summary judgment on the third-party claim. Slocum, 44 Mass. App. Ct. at 937. The motion was granted on the grounds that the driver was not entitled to indemnification from Ford because he could not be held vicariously liable to the plaintiffs for Ford's conduct under any circumstances. Id. at 939. The court also noted that, even if the plaintiffs had not settled with Ford, it could only have been found liable to the driver as a result of its negligence or breach of warranty. In either case, indemnity was not an appropriate remedy.

Id. at 579.

This Court found that case analogous to Slocum, and held as follows: "Bernard's is not an agent of Mattress Discounters, nor does it have a relationship with that co-defendant from which it could be held vicariously or derivatively liable for the actions of Mattress Discounters. Accordingly, Bernard's is not entitled to indemnification from Mattress Discounters under any circumstances." Id.

The same rational is applicable to the present case. Tropicland's liability, as the alleged distributor of the defective product, namely the boat sold to Mr. Zilberman,
7

would be imposed upon a product liability theory of breach of warranty or negligence. Such liability would not be vicarious or derivative of the acts or omissions of Zilberman. Any liability of Tropicland would be based upon its own negligence or breach of warranty. There is no special relationship between Zilberman and Tropicland that would suggest vicarious or derivative liability. Thus, the proposed claim for common law indemnity is not viable, and the proposed amendment should not be allowed to the extent that such claim is asserted.

## CONCLUSION

For the foregoing reasons, the defendant Gregory Zilberman requests that this Court deny <u>Defendant Tropicland, Inc's Motion for Leave to Amend Its Answer To Assert Cross-Claims Against Co-Defendants Sea Hunt Inc. and Gregory Zilberman</u>, to the extent that the proposed amendment seeks to assert a cross-claim against Zilberman for common law indemnity.

## REQUEST FOR ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1(D)

Respectfully submitted,
The Defendant,
Gregory Zilberman,
By his attorneys,

_____
Lauren Motola-Davis, BBO# 638561
Philip M. Hirshberg, BBO # 567234
MORRISON, MAHONEY & MILLER, LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

Dated: 6/23/04

CERTIFICATE OF SERVICE

    I hereby certify that on June 23, 2004 I served a copy of the foregoing <u>Limited Opposition Of The Defendant, Gregory Zilberman, To Defendant Tropicland, Inc.'s Motion For Leave To Amend Its Answer</u>, by forwarding a copy of same by first class mail, upon the following counsel of record:

| | |
|---|---|
| William P. Breen, Jr., Esquire<br>Murphy, Hesse, Toomey & Lehane, LLP<br>Crown Colony Plaza<br>300 Crown Colony Drive, Suite 410<br>P.O. Box 9126<br>Quincy, MA  02269-9126 | David B. Kaplan, Esquire<br>Timothy M. Barouch, Esquire<br>Kaplan Bond Group<br>Boston Fish Pier<br>West Building, Suite 304<br>Boston, MA  02210 |
| David W. McGough, Esquire<br>Marci J. Shyavitz, Esquire<br>Cornell & Gollub<br>75 Federal Street<br>Boston, MA 02210 | David C. Stadolnik, Esquire<br>Smith & Brink<br>122 Quincy Shore Drive<br>Quincy, MA 02171 |

                                               _____
                                               Philip M. Hirshberg

APPENDIX OF SELECTED CASES