UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZHANNA CHIZHIK,<br>Administratrix of the Estate of<br>Grigory Chizhik,<br>    Plaintiff,<br><br>v.<br><br>SEA HUNT, INC., TROPICLAND<br>MARINE AND TACKLE, INC., and<br>GREGORY ZILBERMAN,<br>    Defendants. | DOCKET NO: 04-10106JLT |

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE DEFENDANT, GREGORY ZILBERMAN, TO DISMISS COUNT III OF CROSS-CLAIM OF TROPICLAND, INC.

The defendant, Gregory Zilberman ("Zilberman"), submits the within memorandum of law in support of its motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Count III of the Defendant Tropicland, Inc's ("Tropicland") cross-claim against Zilberman.

### BACKGROUND

This matter involves a boating accident that occurred on May 25, 2003, wherein a vessel capsized in Boston Harbor allegedly resulting in the death of the plaintiff's decedent. Plaintiff, the representative of decedent's estate, asserts that the decedent's death occurred as a result of the acts and omissions of the above defendants. Plaintiff has asserted claims in negligence against Zilberman, as alleged operator of the boat, as well as product liability claims against both Tropicland, the alleged distributor of the boat, and Sea Hunt, Inc. ("Sea Hunt"), the alleged manufacturer of the boat.

939278v1

Tropicland has recently filed an amended answer to assert cross-claims against the other defendants. Count III of the cross-claim, which is the subject of this motion, is brought against Zilberman for common law indemnity. Zilberman now moves to dismiss this count pursuant to Fed. R. Civ. P. 12(b)(6).[1]

## ARGUMENT

### A. STANDARD FOR DISMISSAL PURSUANT TO FED. R. CIV. P. 12(B)(6)

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is warranted when it appears that the plaintiff cannot prove a set of facts in support of his claim that would entitle him to relief. Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997). When evaluating the sufficiency of a complaint, the Court must accept as true the factual allegations of the complaint, but should not accept plaintiff's unsupported conclusions or interpretations of law. Mass. Sch. of Law at Andover, Inc., 142 F.3d at 40; see also Stein v. Royal Bank of Canada, 239 F.3d 389, 392 (1st Cir. 2001). "To survive a motion to dismiss, a complaint must set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" Berner, 129 F.3d at 25, quoting, Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988).

### B. TROPICLAND'S CLAIM FOR COMMON-LAW INDEMNITY FAILS AS A MATTER OF LAW AND MUST BE DISMISSED

The nature of the allegations in Tropicland's cross-claim for common law indemnity, taken on their face, preclude Tropicland's claim against Zilberman as a matter of law. In order to maintain an action for common law indemnity, Tropicland must establish that its potential liability to the plaintiff would be derivative or vicarious of Mr.

---

[1] Zilberman had opposed Tropicland's motion to amend on the grounds that the proposed count for Common Law Indemnity would not survive a motion to dismiss. This Court allowed the motion to amend without prejudice to Zilberman's right to move to dismiss such count.

2

939278v1

Zilberman's liability. Slocum v. Donahue, 44 Mass. App. Ct. 937 (1998). The allegations made by the plaintiff do not show any potential liability to Tropicland on this base. The plaintiff's claims against Tropicland are not based upon Tropicland's alleged responsibility for Zilberman's negligence; rather, Tropicland's liability to the plaintiff, if established, would rest solely upon independent theories of product liability relative to the distribution of a defective product. Tropicland's liability cannot, in any factual scenario, be vicarious or derivative of any negligence of Zilberman. Its potential liability rests upon entirely different grounds, product liability theories.

In Slocum v. Donahue, 44 Mass. App. Ct. 937 (1998) (attached), the Massachusetts Court of Appeals rejected common law indemnity under similar alleged circumstances. Defendant Donahue caused the death of a child while operating his motor vehicle. Id. The decedent's parents filed a wrongful death case against Donahue and another, asserting that Donahue was negligent. Id. Donahue filed a third-party complaint against the manufacturer of the vehicle, Ford Motor Company, seeking statutory contribution and common law indemnification. Donahue claimed that the vehicle was defective, and that Ford's sole negligence, and not his, was the cause of the accident. Id. at 939 n. 12.

The Appeals Court ruled that Donahue could not maintain and action for common law indemnification against Ford. It reasoned that the right of common law indemnity "is limited to those cases in which the would-be indemnitee is held derivatively or vicariously liable for the wrongful act of another." Id. at 939. The Appeals Court held that the nature of the claims against Ford, as a purported joint tortfeasor on product liability theories, would preclude a claim by Donahue for common law indemnity. The

Appeals Court held that: "If the claim against Ford had gone to trial and Ford had been found liable to the Donahues, *it would have been as a result of its negligence or breach of warranty.* 'Such liability will not be derivative or vicarious in nature, nor will it be constructive rather than actual. Accordingly, the third-party plaintiffs are not entitled to indemnification . . .'" Id. (quoting Decker v. Black & Decker, 389 Mass. 35, 41 (1983)) (emphasis added).

The allegations of the present case are similar. Plaintiff has asserted claims for negligence against Zilberman, as the alleged operated of the vessel. Plaintiff has also asserted product liability claims against the manufacturer and distributor of the vessel. *Tropicland's potential liability is neither vicarious nor derivative of the claims against Zilberman.* As in Slocum, if Tropicland is found liable on product liability grounds, it would be as an independent "result of its negligence or breach of warranty," and not as a derivative result of Zilberman's negligence. Id.

The Massachusetts Supreme Judicial Court reached a similar result in Decker v. Black & Decker, supra, 389 Mass. 35, 41 (1983) (attached), another case involving product liability claims. In Decker, the plaintiff was injured while using a saw in the course of his employment for Lenox. He sued the manufacturer and distributor of the saw under product liability causes of action. The product liability defendants thereafter asserted a third-party complaint against Lenox, asserting, in part, a claim for common law indemnity. The product liability defendants asserted that they were entitled to common law indemnity because the accident occurred solely as a result of the negligence of plaintiff's employer, and "because they did not join in the act of negligence which caused the plaintiff's injury." Id. at 36-37.

The Supreme Judicial Court rejected the claim of common law indemnity, on the ground that the potential liability of the defendants, as manufacturer and distributor, could not be vicarious or derivative of the purported negligence of the employer. It reasoned that "If either Black & Decker or Pittsfield is liable to the plaintiff, it will be as a result of its negligence or breach of warranty. Such liability will not be derivative or vicarious in nature, nor will it be constructive rather than actual." Id. at 41 (emphasis added). The S.J.C. further held that "[I]f, as the third-party plaintiffs contend, the plaintiff's injuries were not caused by their negligence or breach of warranty, this will constitute an absolute defense to the main action. Such a defense, however, does not provide the basis for an indemnity claim." Id.

This Court recently rejected a claim for common law indemnification in a product liability case. See Chapman v. Bernard's, 198 F.R.D. 575 (Mass. 2001) (Gorton, J.) (attached). In Chapman, the plaintiff's decedent, an infant, died as an alleged result of being wedged between a mattress and metal bed manufactured by defendant Bernard's. Id. at 576-77. The bed was distributed by co-defendant Mattress Discounters. Id. at 576. Mattress Discounters reached a settlement with the plaintiff, and moved to dismiss both the contribution and common law indemnity claims of co-defendant manufacturer Bernard's. Id. at 577. This Court dismissed the common law indemnity claim, on the grounds that the liability of Bernard's, as manufacturer, if any, would not be vicarious or derivative of that of Mattress Discounters, as distributor. It held that "Bernard's does not have a valid indemnity claim because it could not be held 'derivatively or vicariously liable' for the any wrongful act of [distributor] Mattress Discounters." Id. at 579 (citing Slocum v. Donahue, 44 Mass. App. Ct. 937 (1998)).

Tropicland's liability, as the alleged distributor of the defective product, namely the boat sold to Mr. Zilberman, would be imposed based upon a product liability theory of breach of warranty or negligence. Such liability would not be vicarious or derivative of the acts or omissions of Zilberman. Any liability of Tropicland would be based upon its own negligence or breach of warranty, and independent theory. As such, the count for common law indemnity must fail as a matter of law.

## CONCLUSION

For the foregoing reasons, the defendant Gregory Zilberman requests that this Court allow its motion to dismiss, to the extent that the defendant's cross-claim asserts a claim against Zilberman for common law indemnity.

Respectfully submitted,
The Defendant-in-Cross-Claim,
Gregory Zilberman,
By his attorneys,

/s/ *Philip M. Hirshberg*

Lauren Motola-Davis, BBO# 638561
Philip M. Hirshberg, BBO # 567234
MORRISON, MAHONEY & MILLER, LLP
250 Summer Street
Boston, MA  02210-1181
(617) 439-7500

Dated: October 20, 2004