UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



CIVIL ACTION NO.: 04-10106JLT

ZHANNA CHIZHIK, Administratrix
of the Estate of Grigory Chizhik,
        Plaintiff,

v.

SEA HUNT, INC.,
TROPICLAND MARINE AND TACKLE, INC.,
And GREGORY ZILBERMAN,
        Defendants.

## DEFENDANT TROPICLAND, INC.'S OPPOSITION TO DEFENDANT GREGORY ZILBERMAN'S MOTION TO DISMISS COUNT III OF CROSS-CLAIM

The defendant Tropicland, Inc., (hereinafter "Tropicland" or "defendant") submits this Opposition to the Motion of the Defendant, Gregory Zilberman, To Dismiss Count III of Cross-Claim of Tropicland, Inc. As grounds for its opposition, Tropicland states that counsel for Zilberman failed to confer concerning the substance of the Motion to Dismiss, or attempt to resolve or narrow the issues as required by Local Rule 7.1(A)(2). Moreover, the applicable case law supports Tropicland's right to assert a claim for common law indemnification against Zilberman. See Zapico v. Bucyrus-Erie Co., 579 F.2d 714, 718 (2d Cir.1978); W. Prosser, Law of Torts § 51; Araujo v. Woods Hole, Martha's Vineyard, Nantucket S.S. Authority, 693 F.2d 1, 2 (1st Cir. 1982); Hollywood Barbecue Co., v. Morse, 314 Mass. 368, 369, 50 N.E.2d 55, 56 (1943). Accordingly, Zilberman's Motion to Dismiss should be denied.

In the alternative, if this Court is to consider a dismissal of Count III of the Cross-Claim at this juncture, Tropicland maintains that such a dismissal should be without prejudice in the event

further evidence supporting a claim for indemnification against Zilberman comes to light during the course of discovery.

## I.    INTRODUCTION AND BACKGROUND

This claim arises out of a boating accident that occurred on May 25, 2003, involving a Sea Hunt Navigator 22 fishing boat (hereinafter "Navigator 22"). The plaintiff alleges that Gregory Zilberman (hereinafter "Zilberman") invited his friend, Amir Lashgari and plaintiff's decedent, Grigory Chizhik, out for a day of fishing on his Navigator 22 boat. Zilberman had purchased the Navigator 22 from Tropicland on April 13, 2003. (See Purchase Agreement dated March 13, 2003, attached hereto as Exhibit A.) Tropicland had purchased the Navigator 22 from Sea Hunt on March 25, 2003. (See Invoice, attached hereto as Exhibit B.)

Plaintiff alleges that while Zilberman, Lashgari and Chizhik were fishing in Boston Harbor, the Navigator 22 capsized as a result of the negligence of Zilberman and alleged defects in the design and manufacture of the boat by Sea Hunt. According to media reports, a small craft advisory was in effect at the time of the incident. (See Zach Hosseini, Boating Mishap Leaves 1 Dead; 2 Others from Stoughton Pulled From Surf Off Coast, Patriot Ledger, May 26, 2003, attached hereto as Exhibit C.) However, none of the passengers on the Navigator 22 was wearing a life jacket at the time the boat capsized. (See Massachusetts Environmental Police Report, attached hereto as Exhibit D; U.S. Coast Guard Release No. 042-03, attached hereto as Exhibit E.) It is alleged that when the boat capsized, Zilberman, Lashgari and Chizhik were thrown into the 50 degree water and that as a result Chizhik sustained injuries and died.

Zilberman now moves to dismiss Count III of Tropicland's Amended Answer and Cross-Claim, in which Tropicland seeks relief from Zilberman under a common law theory of indemnification.  For the reasons set forth below, Zilberman's Motion to Dismiss should be denied.

## II.    ARGUMENT

### A.    Zilberman's Motion Should Be Denied for Failure to Comply with this Court's Procedural Rules

Pursuant to Local Rule 7.1(A)(2), the proponent of a motion must certify that the parties have conferred regarding the substance of the motion, and attempt in good faith to resolve or narrow the issue.  That did not happen prior to the filing of Zilberman's motion.

On September 21, 2004, counsel for Zilberman served a copy of the Motion to Dismiss on counsel for Tropicland, with the instructions to "[p]lease contact us to discuss this motion, as per the requirements of our local rule."  (See letter of Lauren Motola-Davis and Philip M. Hirshberg, attached hereto as Exhibit F.)  On September 22, 2004, counsel for Tropicland spoke with counsel for Zilberman.  However, this conversation concerned the timing of the filing of the Motion to Dismiss and an agreement not to file the motion until after Topicland and a third-party had finalized an agreement concerning the assumption of Tropicland's defense. (See letter of David W. McGough to Philip Hirshberg, attached hereto as Exhibit G.)  The substance of the Motion to Dismiss was never discussed.  Furthermore, despite counsel for Zilberman's agreement to hold off filing the Motion to Dismiss until such time as Tropicland had finalized its agreement with a third-party to assume its defense, that agreement was not honored.  Zilberman's Motion to Dismiss was filed on October 20, 2004, without so much as a phone call to counsel regarding the status of the negotiations concerning the assumption of Tropicland's defense or Zilberman's intent to file the

motion - or the substance of the motion.

In light of Zilberman's failure to comply with Local Rule 7.1, Tropicland moves this Court to deny the Motion to Dismiss.

**B.     But for the Actions of Zilberman, Tropicland Would not be a Party to This Case or Expending Legal Fees for its Defense**

The concept of indemnity allows a party who is without fault, compelled by operation of law to defend themselves due to the wrongful act of another, to recover from that wrongdoer the amount of its loss, including legal fees. Elias v. Unisys Corp., 410 Mass. 479, 482, 573 N.E.2d 946, 948 (1991). The common law right to indemnification is allowed "where there is a great disparity in the fault of the parties." Araujo, 693 F.2d at 2. This theory of indemnification is available when one party was merely passively negligent while the would-be indemnitor was actively at fault. See Rathbun v. Western Massachusetts Elec. Co., 395 Mass. 361, 364, 479 N.E.2d 1383, 1385 (1985); Loose v. Offshore Navigation, Inc., 670 F.2d 493, 499 (5th Cir. 1982).

In the present case, not only is there a great disparity of fault between Zilberman and Tropicland, but Tropicland was not even involved in the acts leading to the accident. All reports of the accident indicate that Zilberman took it upon himself to invite his friends, including plaintiff's decedent, out on his Navigator 22 on a day on which small craft advisories had been posted. (See Exhibit C.) Despite the small craft warnings, Zilberman failed to provide life jackets to anyone on the boat. (See Exhibits D and E.)[1] Based on this demonstrated absence of common sense (and

---

[1]     It is not clear at this point whether Zilberman even had life jackets on board the boat at the time of the accident.

4

arguably gross negligence) on the part of Zilberman, the plaintiff has alleged that Tropicland should have provided Zilberman with some heretofore unspecified warning concerning the Navigator 22. In all likelihood, even if some additional warning was required (which the defendant denies) and provided, it would have been ignored by Zilberman.[2] Thus, it is anticipated that the evidence will show that but for the negligence of Zilberman, Tropicland would not be in a position where it could be exposed to potential liability for an alleged failure to warn or incurring legal expenses in relation to certain claims in this case.

Indemnification is permitted where, in cases like the present case, the person seeking indemnification did not join in the negligent act of another, but is exposed to liability because of the negligent act of another.    In such a situation, the indemnitee is said to have been only "constructively" rather than "actually" negligent. See Ford v. Flaherty, 364 Mass. 382, 385-386, 305 N.E.2d 112, 112 (1973).    Where one party does the act or creates the nuisance, and the other does not join therein, but is thereby exposed to liability and suffers damages, he may recover from the party whose wrongful act has thus exposed him.    Hollywood Barbecue, 314 Mass. at 369, 50 N.E.2d at 56.

In Hollywood Barbecue, the defendant had agreed to purchase and remove meat scraps from the plaintiff restaurant.    While removing the meat scraps from the restaurant, one of the defendant's employees opened a bulkhead door abutting the sidewalk, which hit a pedestrian causing injury.    The pedestrian successfully recovered from the restaurant, which subsequently

---

[2]    It is worth noting that Zilberman was no novice to boating.  The subject Navigator 22 was the second boat he purchased from Tropicland.  Subsequent to the accident from which this case arises, he returned to Tropicland and purchased a third boat – another Navigator 22.  (See Purchase Agreement dated August 20, 2003, attached hereto as Exhibit H.)

sought indemnification from the defendant for the negligent acts of its employee. The court found that <u>even where the restaurant as occupier of premises owed a duty to the injured pedestrian</u>, it was the acts of the defendant's employees which resulted in the restaurant's liability. "The act which, negligently being performed, caused the injury to [the pedestrian] was wholly the act of the defendants through their servant. The plaintiff did not join in doing that act, although the plaintiff became liable in consequence of it. The plaintiff may therefore recover from the defendants." <u>Id.</u> 314 Mass. at 370, 50 N.E.2d at 56-57. In the present case, while Tropicland could be exposed to liability for failure to warn, that liability could potentially be brought about, at least in part, because of the acts of Zilberman in taking his boat out in the face of small craft advisories and failing to supply life jackets to his passengers.

Zilberman's Motion to Dismiss should be denied, because such motions are only granted in instances where there is no set of circumstances that would allow for recovery. <u>See Independence Park, Inc. v. Bd. of Health of Barnstable</u>, 403 Mass. 477, 482, 530 N.E. 2d 1235, 1239 (1988) ("Our long-held interpretation of rule 8 is that a [claimant] can withstand a motion to dismiss if he has alleged facts that entitle him to any form of relief, even if he has not alleged the correct legal theory in his complaint"). In this case, Zilberman has not and can not make a showing that common law indemnification is not permissible under any circumstances.

Furthermore, discovery is just getting underway. No depositions have yet been conducted or scheduled. (Indeed, this Court has only recently allowed a motion to compel supplementation of Sea Hunt's Rule 26 disclosure.) As discovery is undertaken, further evidence concerning the accident, the sale of the boat and Zilberman's actions will most certainly come to light, some of

6

which may provide additional support for Tropicland's claim for indemnification. Nevertheless, if this Court is to consider a dismissal of Count III of Tropicland's Cross-Claim at this juncture, which Tropicland maintains is not warranted, such a dismissal should be "without prejudice" in the event further evidence supporting such a claim comes to light.

## III.    CONCLUSION

Wherefore, Defendant Tropicland, Inc. requests that the Motion of the Defendant, Gregory Zilberman, to Dismiss Count III of Cross-Claim of Tropicland, Inc. be denied, or in the alternative that any dismissal be entered "without prejudice," in the event evidence arises during the course of discovery which further supports Tropicland's claim for indemnification.

The defendant,
Tropicland, Inc.,
By its attorneys,

David W. McGough, BBO # 553069
Marci J. Shyavitz, BBO # 653151
CORNELL & GOLLUB
75 Federal Street
Boston, MA 02110
(617) 482-8100

## CERTIFICATE OF SERVICE

I, David W. McGough, attorney for the defendant, Tropicland, Inc., hereby certify that on the 3rd day of November, 2004, a true copy of the foregoing Defendant Tropicland, Inc.'s Opposition to Defendant Gregory Zilberman's Motion to Dismiss Count III of Cross-Claim, was served by first class mail, postage prepaid, directed to:

David B. Kaplan, Esq.
The Kaplan/Bond Group
Boston Fisher Pier
West Building, Suite 304
Boston, MA  02210

William P. Breen, Jr., Esq.
Murphy, Hesse, Toomey & Lehane, LLP
300 Crown Colony Drive, Suite 410
Quincy, MA  02169

Lauren Motola-Davis, Esq.
Philip M. Hirshberg, Esq.
Morrison, Mahoney
250 Summer Street
Boston, MA  02210

David C. Stadolnik, Esq.
Smith & Brink, P.C.
122 Quincy Shore Drive
Quincy, MA  02171

_____
David W. McGough