UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZHANNA CHIZHIK, )<br>Administratrix of the Estate of )<br>Grigory Chizhik, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>SEA HUNT, INC., TROPICLAND )<br>MARINE AND TACKLE, INC., and )<br>GREGORY ZILBERMAN, )<br>    Defendants. )<br>) | DOCKET NO: 04-10106JLT |

**REPLY OF THE DEFENDANT-IN-CROSS-CLAIM, GREGORY ZILBERMAN,
TO CROSS-CLAIM OF TROPICLAND, INC.**

Now comes the defendant/defendant-in-Cross-Claim, Gregory Zilberman, and hereby responds to the Cross-Claim of the defendant/plaintiff-in-Cross-Claim, Tropicland, Inc., as follows:

**FIRST DEFENSE**

The defendant/defendant-in-Cross-Claim, Gregory Zilberman ("Zilberman"), states that the defendant/plaintiff-in-Cross-Claim's Cross-Claim fails to state a cause of action upon which relief can be granted.

**SECOND DEFENSE**

The defendant-in-Cross-Claim, Gregory Zilberman, responds to the plaintiff-in-Cross-Claim's Cross-Claim paragraph by paragraph as follows:

    1.    The defendant-in-Cross-Claim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

    2.    The defendant-in-Cross-Claim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph

3. The defendant-in-Cross-Claim admits that he is a co-defendant in the underlying action. The defendant-in-Cross-Claim neither admit nor deny the remaining allegations of this paragraph as the term "Navigator 22" has not been defined.

4. The defendant-in-Cross-Claim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5. The defendant-in-Cross-Claim admits only that he purchased a vessel from Tropicland. The defendant-in-Cross-Claim neither admit nor deny the remaining allegations of this paragraph as the term "Navigator 22" has not been defined.

6. With the exception of the phrase "another friend," which is a characterization of an individual that the defendant-in-Cross-Claim can neither admit nor deny, the defendant admits the allegations contained in this paragraph

7. The defendant-in-Cross-Claim admits the allegations contained in this paragraph.

8. The defendant-in-Cross-Claim admits only that plaintiff Chizhik has made certain allegations in her Complaint, and that the Complaint speaks for itself.

## COUNT I

(Indemnification – Defendant Sea Hunt, Inc.)

9. The defendant-in-Cross-Claim repeats and reaffirms his responses to paragraphs 1-8 of this Complaint as if fully set forth herein.

10. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant-in-Cross-Claim.

11. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant-in-Cross-Claim.

## COUNT II

(Contribution – Defendant Sea Hunt, Inc.)

12. The defendant-in-Cross-Claim repeats and reaffirms his responses to paragraphs 1-11 of this Complaint as if fully set forth herein.

13. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant-in-Cross-Claim.

14. The allegations contained in this paragraph refer to another party, and therefore no response is required of this defendant-in-Cross-Claim.

## COUNT III

(Indemnification – Defendant Gregory Zilberman)

15. The defendant-in-Cross-Claim repeats and reaffirms his responses to paragraphs 1-14 of this Complaint as if fully set forth herein.

16. This Count has been dismissed, therefore no responsive pleading is required. To the extent that a responsive pleading is required, the defendant-in-Cross-Claim denies the allegations contained in this paragraph.

17. This Count has been dismissed, therefore no responsive pleading is required. To the extent that a responsive pleading is required, the defendant-in-Cross-Claim denies the allegations contained in this paragraph.

## COUNT IV

(Contribution – Defendant Gregory Zilberman)

18. The defendant-in-Cross-Claim repeats and reaffirms his responses to paragraphs 1-13 of this Complaint as if fully set forth herein.

19. The defendant-in-Cross-Claim denies the allegations contained in this paragraph.

20. The defendant-in-Cross-Claim denies the allegations contained in this paragraph.

## FIRST AFFIRMATIVE DEFENSE

The defendant-in-Cross-Claim incorporates any and all Affirmative Defenses asserted by him in his Answer to the Plaintiff's Complaint, as if asserted against the plaintiff-in-Cross-Claim.

## SECOND AFFIRMATIVE DEFENSE

The defendant-in-Cross-Claim denies any obligation to provide contribution.

## THIRD AFFIRMATIVE DEFENSE

The defendant-in-Cross-Claim denies that it is a joint tortfeasor with the plaintiff-in-Cross-Claim.

## FOURTH AFFIRMATIVE DEFENSE

The defendant-in-Cross-Claim denies any obligation to provide indemnity.

Respectfully submitted,
The defendant-in-Cross-Claim,
Gregory Zilberman,
By his attorneys,

/s/ Philip M. Hirshberg
_____
Lauren Motola-Davis, BBO# 638561
Philip M. Hirshberg, BBO # 567234
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA  02210-1181
(617) 439-7500

## **CERTIFICATE OF SERVICE**

I, Philip M. Hirshberg, Esquire, counsel for the defendant-in-Cross-Claim herein, Gregory Zilberman, hereby certify that on December 17, 2004, I caused a copy of the above ***Reply of the Defendant-in-Cross-Claim, Gregory Zilberman to Cross-Claim of Tropicland, Inc.***, to be served upon the following counsel in the above action, by United States Mail, postage prepaid, in accordance with the Massachusetts Rules of Civil Procedure:

David B. Kaplan, Esquire
Kaplan Bond Group
Boston Fish Pier
West Building, Suite 304
Boston, MA  02210

David C. Stadolnik, Esquire
Smith & Brink
122 Quincy Shore Drive
Quincy, MA 02171

William P. Breen, Jr., Esquire
Murphy, Hesse, Toomey & Lehane, LLP
Crown Colony Plaza
300 Crown Colony Drive, Suite 410
P.O Box 9126
Quincy, MA  02269-9126

James T. Scamby, Esquire
Tucker, Heifetz & Saltzman, LLP
Three School Street
Boston, MA 02108


/s/ Philip M. Hirshberg
_____
Philip M. Hirshberg