UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10106JLT

ZHANNA CHIZHIK,                    )
Administratrix of the Estate       )
of Grigory Chizhik,                )
        Plaintiff                  )
                                   )
v.                                 )
                                   )
SEA HUNT BOATS, INC.,              )
TROPICLAND MARINE                  )
AND TACKLE, INC., and              )
GREGORY ZILBERMAN,                 )
        Defendants.                )

## DEFENDANT SEA HUNT BOATS, INC.'S MOTION FOR LEAVE TO SERVE INTERROGATORIES ON PLAINTIFF

Defendant Sea Hunt Boats, Inc. ("Sea Hunt Boats") hereby respectfully moves the Court to grant it leave to serve 5 interrogatories on the Plaintiff which, if answered by the Plaintiff, will enable the Defendant to determine the Plaintiff's theory of liability in this product liability matter. As grounds for this motion the Defendant states that neither the Complaint nor the Automatic Disclosure provided by the Plaintiff disclose the Plaintiff's theory of product defect to the Defendant, and absent disclosure of the Plaintiff's theory of product defect, the Defendants will be unfairly hindered in their defense preparation. Reason and fairness require that the Defendants be permitted to know the Plaintiff's theory of liability with sufficient clarity to reasonably prepare their defense to the Plaintiff's claim. Without knowledge of the Plaintiff's theory of liability and specification of the alleged product defect, the Defendants are left to guess at what faults the Plaintiff may allege and to needlessly spend considerable time and resources preparing defenses to claims of defect which may never be asserted. Moreover, the five (5) interrogatories requested in

this motion, appended hereto as "Exhibit A", are few in number and would not cause a substantial hardship to the Plaintiff to answer.

The present lawsuit alleges that Sea Hunt Boats, Inc. and others are liable for the death of the Plaintiff's decedent when a fishing boat in which he was a passenger allegedly capsized in Boston Harbor on May 25, 2003. The Plaintiff's decedent was a passenger in a Navigator 22 fishing boat allegedly manufactured by Sea Hunt Boats and owned by Defendant Gregory Zilberman. Defendant Tropicland Marine and Tackle was in intermediate seller of the Navigator 22. The Complaint alleges, in summary fashion, that "the Navigator 22 was and is defective and unreasonably dangerous in the following ways: it had a defective design, was defectively manufactured, Sea Hunt failed to warn purchasers, operators, and passengers of its risks, and failed in other respects that will be shown at trial." Complaint, Paragraphs 16, 21. Automatic disclosure made by the Plaintiff does not disclose the defects alleged in the Navigator 22's manufacture or design, the "respects" in which Sea Hunt failed, nor the "risks" as to which the Defendant allegedly gave no warning. Repeated efforts made by Sea Hunt's attorney to obtain disclosure of the alleged defects and risks that the Plaintiff alleges were present in the Navigator 22 have proven fruitless.

At the Scheduling Conference on May 4, 2004, Sea Hunt requested leave of the Court to serve written discovery requests on the Plaintiff, which request was denied by the Court. To the undersigned attorney's memory, he expressed concern to the Court that Sea Hunt needed written discovery to determine the Plaintiff's theory of liability/product defect, to which the Court responded that the Plaintiff's Automatic Disclosure should make the theory of liability plain. Although the Plaintiff has made Automatic Disclosure, the Plaintiff's theory of product defect remains virtually a mystery to Sea Hunt.

2

In order to take full and reasonable advantage of the opportunity to conduct fact witness depositions, and to prepare its defense, Sea Hunt must know what the Plaintiff alleges was defective in the subject vessel. As the Plaintiff has thus far failed or refused to state what was wrong with the subject vessel voluntarily or as part of mandatory disclosure, Sea Hunt requests leave to serve five attached interrogatories on the Plaintiff which seek specification of the information requested.

A memorandum of law in support of this motion is filed herewith.

WHEREFORE, Defendant Sea Hunt Boats, Inc. moves this Honorable Court to allow its Motion for Leave to Serve Interrogatories on Plaintiff.

The Defendant,

Sea Hunt Boats, Inc.
By Its Attorneys,

William P. Breen, Jr., Esq., BBO #558768
Rebecca L. Andrews, Esq., BBO #644846
Murphy, Hesse, Toomey & Lehane, LLP
300 Crown Colony Drive, Suite 410
P.O. Box 9126
Quincy, MA 02269-9126

3

## CERTIFICATION OF SERVICE

The undersigned attorney hereby certifies that on this 16th day of December, 2004, he served a copy of the foregoing document, via first class mail, upon the following:

David B. Kaplan, Esq.
The Kaplan/Bond Group
Boston Fish Pier
West Building, Suite 304
Boston, MA 02210

Lauren Motola-Davis, Esq.
Philip M. Hirshberg, Esq.
Morrison, Mahoney & Miller, LLP.
250 Summer Street
Boston, MA 02210

David W. McGough, Esq.
Marci Shyavitz, Esq.
Cornell & Golub
75 Federal Street
Boston, MA 02110

David C. Stadolnick, Esq.
Smith & Brink P.C.
122 Quincy Shore Drive
Quincy, MA 02171

William P. Breen, Jr.

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10106JLT

|  |  |
|---|---|
| ZHANNA CHIZHIK, Administratrix of the Estate of Grigory Chizhik, Plaintiff | ) ) ) ) ) ) |
| v. | ) ) |
| SEA HUNT BOATS, INC., TROPICLAND MARINE AND TACKLE, INC., and GREGORY ZILBERMAN, Defendants. | ) ) ) ) ) ) |

## DEFENDANT'S INTERROGATORIES TO PLAINTIFF

Defendant Sea Hunt Boats, Inc. ("Sea Hunt Boats") hereby requests that Plaintiff Zhanna Chizhik respond completely and in detail, under oath, to the following interrogatories in the manner required, and in the time allowed, by the Federal Rules of Civil Procedure:

1.  Please identify specifically and in detail each and every product defect that you allege was present in the Navigator 22 on which your husband was a passenger on May 25, 2003 and which you further contend was a substantial factor in your husband's accident and injuries.

2.  For each and every product defect identified in your answer to the preceding interrogatory, please state specifically and in detail all facts upon which you rely in asserting the existence of said product defect(s).

3.  Please identify specifically and in detail all industry standards which you allege are applicable to the design and manufacture of the Navigator 22 involved in this incident and which you allege Defendant failed to follow.

4.  If you claim that Defendant violated an express warranty, please state specifically and in detail any and all statements made by Defendant, the date of each statement, and by what mode (i.e., verbal, written, etc.) each statement was made and the manner in which each such express warranty was violated.

5.    If you claim that Defendant failed to warn the decedent of any risks associated with the Navigator 22, please state specifically and in detail what risks it should have notified your husband of and how its failure to do so was a substantial factor in your husband's death.

The Defendant,

Sea Hunt Boats, Inc.
By Its Attorneys,

William P. Breen, Jr., Esq., BBO #558768
Rebecca L. Andrews, Esq., BBO #644846
Murphy, Hesse, Toomey & Lehane, LLP
300 Crown Colony Drive, Suite 410
P.O. Box 9126
Quincy, MA 02269-9126

2

Feb-09-2004 11:08am From-GREAT AMERICAN INS                407-667-8935    T-838  P.003/014  F-655
FEB. -09 09(MON) 10:20    JINIVONDINU PHINING

 02/05/2004  11:34    8037825873         GREATERSOUTH AGENCY              PAGE  05/15
 02/09/2004  20:54    8037663399         SEA HUNT BOAT CO                PAGE  03

FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS JAN 16

U.S. DISTRICT COURT
DISTRICT OF MASS.

COPY

* * * * * * * * * * * * * * * * * * * * * * *
ZHANNA CHIZHIK,                            *
Administratrix of the Estate                *
of Grigory Chizhik,                         *
         Plaintiff                          *    C.A. NO.:
                                            *
v.                                          *    04 - 10106 JLT
                                            *
SEA HUNT, INC., TROPICLAND                  *
MARINE AND TACKLE, INC., and                *    MAGISTRATE JUDGE _____
GREGORY ZILBERMAN,                          *
         Defendants                         *
* * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

### INTRODUCTION

1.   This is a wrongful death action for money damages arising out of a boating

incident when a boat capsized, causing Grigory Chizhik, plaintiff's decedent, to suffer

painful injuries and ultimately, expire.

### JURISDICTION

2.   Jurisdiction for this action is appropriate under 28 U.S.C. §1333 as an admiralty

or maritime matter.

### THE PARTIES

3.   The plaintiff, Zhanna Chizhik, resides at 141 William Kelly Street, Stoughton,

MA. She brings this action in her capacity as Administratrix of the Estate of her late

husband, Grigory Chizik ("Mr. Chizhik").

Feb-09-2004  11:08am   From-GREAT AMERICAN INS                     407-667-8835       T-838   P.004/014   F-655

02/06/2004  11:34      8037825073            GREATERSOUTH AGENCY                          PAGE  06/15
       02/09/2004  21:15      8037553399            SEA HUNT BOAT CO                             PAGE  01

4.     Defendant Sea Hunt Boats, Inc. ("Sea Hunt") is a South Carolina corporation

with a usual place of business at P.O. Box 1380, Lexington, South Carolina.

5.     Defendant Tropicland Marine and Tackle ("Tropicland") is a Massachusetts

corporation with a usual place of business at 100 Bridge Street, Rte. 109, Dedham, MA.

6.     Defendant Gregory Zilberman ("Zilberman") is a Massachusetts resident who

resides at 9 Dexter Street, Stoughton, MA.

## FACTUAL ALLEGATIONS

7.     Defendant Sea Hunt is engaged in the design and manufacture of boats, and did

design, manufacture, and market for sale the boat referred to as the "Navigator 22," the

boat involved in this incident.

8.     Defendant Tropicland is engaged in selling boats and boat products and sold the

boat Navigator 22 to Defendant Gregory Zilberman.

9.     On May 25, 2003, Grigory Chizhik accompanied Defendant Gregory Zilberman

and their mutual friend, Amir Lashgari on Zilberman's Navigator 22, which departed

from Weymouth, Massachusetts, to fish in Boston Harbor.

10.    While fishing in Boston Harbor, the Navigator 22 capsized, throwing each of the

occupants—Grigory Chizhik, Gregory Zilberman, and Amir Lashgari—into the 50

degree water.

11.    According to Coast Guard reports, on the day the incident occurred, the sea

conditions were as follows; 3-foot seas and 10-knot winds from the North-Northeast.

12.    None of the three occupants on the boat were wearing life jackets.

13.    As a result of the capsizing, Mr. Chizhik sustained injuries, as a result of which he

2

was caused to expire. On information and belief, Mr. Chizhik experienced conscious pain and suffering before expiring.

### COUNT I

#### (Strict Liability – Defendant Sea Hunt)

14.    Paragraphs 1-13 are adopted by reference.

15.    Defendant Sea Hunt put the Navigator 22 in the stream of commerce.

16.    The Navigator 22 was and is defective and unreasonably dangerous in the following ways: it has a defective design, was defectively manufactured, Sea Hunt failed to warn purchasers, operators, and passengers of its risks, and failed in other respects that will be shown at trial.

17.    The aforementioned defects in the Navigator 22 proximately caused the death of Mr. Grigory Chizhik.

18.    Defendant Sea Hunt is strictly liable for the damage to Plaintiff caused by the Navigator 22.

### REQUEST FOR RELIEF

1.    Under Count I, that this court enter judgment in favor of the plaintiff against the defendant in the amount of her damages.

2.    For such other and further relief as this court deems appropriate.

### COUNT II

#### (Negligence – Wrongful Death – Defendant Sea Hunt)

19.    Paragraphs 1-18 are adopted by reference.

3

Feb-09-2004 11:08am From-GREAT AMERICAN INS                407-667-8935         T-838  P.006/014  F-655
'ED. "U9 U4 (MUN) 1U'4U         DIRECTED ...

02/06/2004  11:34    8037025873              GREATERSOUTH AGENCY              PAGE  08/15
02/09/2004  20:54    8037553399              SEA HUNT BOAT CO                 PAGE  04

20.    Defendant Sea Hunt had a duty of care in the design and manufacture of the Navigator 22, and also had a duty to warn purchasers, operators, and passengers of the Navigator 22's defects.

21.    Sea Hunt breached that duty in numerous ways, including but not limited to the following: failing to produce a safe design for the Navigator 22's operation on coastal waters; failing to manufacture the Navigator 22 in a safe and proper way; failing to warn purchasers, operators, and passengers of the risks of operating the Navigator 22; and in other ways to be proved at trial.

22.    As a direct and proximate result of Defendant Sea Hunt's negligence, Mr. Chishik sustained serious personal injuries, suffered great pain of body and mind, and died.

### REQUEST FOR RELIEF

1.    Under Count II, that this court enter judgment in favor of the plaintiff against the defendant for wrongful death damages enumerated in Mass. Gen. Laws ch. 229, §2, including but not limited to compensation for the loss of reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of the decedent to the persons entitled to the damages recovered, the reasonable funeral and burial expenses of the decedent; and such other and further damages as may be allowed by law.

2.    For such other and further relief as this court deems appropriate.

### COUNT III

### (Negligence—Conscious Pain and Suffering — Defendant Sea Hunt)

23.    Paragraphs 1-22 are adopted by reference.

4

Feb-09-2004  11:09am   From-GREAT AMERICAN INS                    407-667-8835        T-838  P.007/014  F-655
82/86/2004  11:34      8837825873           GREATERSOUTH AGENCY                      PAGE  09/15
82/09/2004  21:15      8837593399           SEA HUNT BOAT CO                         PAGE  03

24.    This cause of action is brought pursuant to Mass. Gen. Laws ch. 229, §6 for

personal injuries and conscious pain and suffering.

### REQUEST FOR RELIEF

1.    Under Count III, that this court enter judgment in favor of the plaintiff against the

defendant for personal injuries and conscious pain and suffering damages enumerated in

Mass. Gen. Laws ch. 229, §6.

2.    For such other and further relief as this court deems appropriate.

### COUNT IV

#### (Gross Negligence- Wrongful Death--Defendant Sea Hunt)

25.    Paragraphs 1-24 are adopted by reference.

26.    The death of plaintiff's decedent was proximately caused by the willful, wanton

or reckless conduct of the defendant, or by the gross negligence of the defendant.

### REQUEST FOR RELIEF

1.    Under Count IV that this court enter judgment in favor of the plaintiff and against

the defendant for punitive damages pursuant to Mass. Gen. Laws ch. 229, §2 in an

amount not less than five thousand dollars.

2.    For such other and further relief as this court deems appropriate.

### COUNT V

#### (Breach of Express Warranty--Defendant Sea Hunt)

27.    Paragraphs 1-26 are adopted by reference.

28.    Defendant Sea Hunt expressly warranted that the Navigator 22 was fit for use on

coastal waters, and that it would provide quality, performance, and fishability in those

waters.

5

29.    Defendant Sea Hunt breached that warranty by providing a boat that failed to perform on coastal waters and to withstand typical and reasonably foreseeable conditions on those waters.

30.    As a direct and proximate result of Defendant Sea Hunt's breach of warranty, Mr. Chizhik sustained serious personal injuries, suffered great pain of body and mind, and died.

## REQUEST FOR RELIEF

1.    Under Count IV, that this court enter judgment in favor of the plaintiff against the defendant in the amount of her allowable damages.

2.    For such other and further relief as this court deems appropriate.

## COUNT VI

### (Strict Liability—Defendant Tropicland Marine and Tackle)

31.    Paragraphs 1-30 are adopted by reference.

32.    Defendant Tropicland was in the chain of distribution, and sold and distributed the Navigator 22.

33.    The Navigator 22 was and is a defective and unreasonably dangerous craft, for the reasons enumerated in Count I of this Complaint.

34.    The aforementioned defects in the Navigator 22 proximately caused the death of Mr. Gregory Chizhik.

35.    Defendant Tropicland is strictly liable for the damages to Plaintiff caused by the Navigator 22.

6

Feb-09-2004  11:10am  From-GREAT AMERICAN INS                  407-667-6635            T-838  P.008/014  F-655

02/06/2004  11:34   8037825073        GREATERSOUTH AGENCY                PAGE  11/15
  02/09/2004  20:56   8037553399        SEA HUNT BOAT CO                   PAGE  06

### REQUEST FOR RELIEF

1.    Under Count VI, that this court enter judgment in favor of the plaintiff against the
defendant in the amount of her damages.

2.    For such other and further relief as this court deems appropriate.

### COUNT VII

**(Negligence – Wrongful Death—Defendant Tropicland Marine and Tackle)**

36.    Paragraphs 1-35 are adopted by reference.

37.    Defendant Tropicland had a duty of care in the distribution and sale of the
Navigator 22.

38.    Tropicland breached that duty in numerous ways, including but not limited to the
following:  failing to warn purchasers, operators and passengers of the risks of operating
the Navigator 22; and in other ways to be proved at trial.

39.    As a direct and proximate result of Defendant Tropicland's negligence, Mr.
Chizhik sustained serious personal injuries, suffered great pain of body and mind, and
died.

### REQUEST FOR RELIEF

1.    Under Count VII, that this court enter judgment in favor of the plaintiff against
the defendant for wrongful death damages enumerated in Mass. Gen. Laws ch. 229, §2,
including but not limited to compensation for the loss of reasonably expected net income,
services, protection, care, assistance, society, companionship, comfort, guidance, counsel
and advice of the decedent to the persons entitled to the damages recovered, the
reasonable funeral and burial expenses of the decedent; and such other and further
damages as may be allowed by law.

7

Feb-09-2004  11:10am  From-GREAT AMERICAN INS                407-667-8035        T-838  P.010/014  F-655

02/06/2004  11:34    8837825873        GREATERSOUTH AGENCY                          PAGE  12/15
02/05/2004  20:54    8837653399        SEA HUNT BOAT CO                              PAGE  87

2.    For such other and further relief as this court deems appropriate.

## COUNT VIII

### (Negligence—Conscious Pain and Suffering – Defendant Tropicland)

40.    Paragraphs 1-39 are adopted by reference.

41.    This cause of action is brought pursuant to Mass. Gen. Laws ch. 229, §6 for

personal injuries and conscious pain and suffering.

### REQUEST FOR RELIEF

1.    Under Count VIII, that this court enter judgment in favor of the plaintiff against

the defendant for personal injuries and conscious pain and suffering damages enumerated

in Mass. Gen. Laws ch. 229, §6.

2.    For such other and further relief as this court deems appropriate.

## COUNT IX

### (Gross Negligence– Wrongful Death—Defendant Tropicland)

42.    Paragraphs 1-41 are adopted by reference.

43.    The death of plaintiff's decedent was proximately caused by the willful, wanton

or reckless conduct of the defendant, or by the gross negligence of the defendant.

### REQUEST FOR RELIEF

1.    Under Count IX that this court enter judgment in favor of the plaintiff and against

the defendant for punitive damages pursuant to Mass. Gen. Laws ch. 229, §2 in an

amount not less than five thousand dollars.

2.    For such other and further relief as this court deems appropriate.

8

Feb-09-2004  11:10am  From-GREAT AMERICAN INS                     407-667-8835        T-838  P.011/014  F-655

02/06/2004  11:34   8837825873          GREATERSOUTH AGENCY                        PAGE  13/15
02/09/2004  20:54   0837553399          SEA HUNT BOAT CO                           PAGE  08

## COUNT X

### (Negligence – Wrongful Death – Defendant Zilberman)

44.  Paragraphs 1-43 are adopted by reference.

45.  Defendant Zilberman had a duty to use due care in the performance of his duties as owner and captain of his vessel, the Navigator 22.

46.  Zilberman breached his duties in numerous ways, including but not limited to the following: taking the craft in dangerous waters; failing to maintain order and correct positioning of guests aboard the craft; failing to provide a lookout for oncoming danger; failing to observe wave and water conditions; failing to take corrective action when a dangerous condition arose; failing to arrange for the use of life jackets on board; failing to exercise due care, including a rescue operation; and in other ways to be proved at trial.

47.  As a direct and proximate result of Defendant Zilberman's negligence, Mr. Chiztik sustained serious personal injuries, suffered great pain of body and mind, and died.

### REQUEST FOR RELIEF

1.  Under Count X, that this court enter judgment in favor of the plaintiff against the defendant for wrongful death damages enumerated in Mass. Gen. Laws ch. 229, §2, including but not limited to compensation for the loss of reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of the decedent to the persons entitled to the damages recovered, the reasonable funeral and burial expenses of the decedent; and such other and further damages as may be allowed by law.

2.  For such other and further relief as this court deems appropriate.

9

## COUNT XI

### (Negligence—Conscious Pain and Suffering – Defendant Zilberman)

48.    Paragraphs 1-47 are adopted by reference.

49.    This cause of action is brought pursuant to Mass. Gen. Laws ch. 229, §6 for

personal injuries and conscious pain and suffering.

### REQUEST FOR RELIEF

1.    Under Count XI, that this court enter judgment in favor of the plaintiff against

the defendant for personal injuries and conscious pain and suffering damages enumerated

in Mass. Gen. Laws ch. 229, §6.

2.    For such other and further relief as this court deems appropriate.

### COUNT XII

### (Gross Negligence- Wrongful Death—Defendant Zilberman)

50.    Paragraphs 1-49 are adopted by reference.

51.    The death of plaintiff's decedent was proximately caused by the willful, wanton

or reckless conduct of the defendant, or by the gross negligence of the defendant.

### REQUEST FOR RELIEF

1.    Under Count XII that this court enter judgment in favor of the plaintiff and

against the defendant for punitive damages pursuant to Mass. Gen. Laws ch. 229, §2 in

an amount not less than five thousand dollars.

2.    For such other and further relief as this court deems appropriate.

10

Feb-09-2004 11:11am  From-GREAT AMERICAN INS          407-667-8935       T-838  P.013/014  F-655
02/06/2004  11:34   8037825873          GREATERSOUTH AGENCY                    PAGE  15/15
02/09/2004  20:54   8037553399          SEA HUNT BOAT CO                       PAGE  18

### PRAYER FOR RELIEF

WHEREFORE Plaintiff asks that this court:

1)    Enter judgment in favor of the Plaintiff on each and every count of the Complaint;

2)    Award damages as appropriate, including but not limited to all damages requested in each and every count in the Complaint, and other damages to which the Plaintiff is entitled by law; and

3)    Order such other and further relief as this Court deems appropriate.

## THE PLAINTIFF REQUESTS TRIAL BY JURY ON ALL COUNTS

Respectfully submitted,

ZHANNA CHIZHIK,

By her attorneys,

DAVID B. KAPLAN, BBO#258540
TIMOTHY M. BAROUCH, BBO#644044
THE KAPLAN/BOND GROUP
BOSTON FISH PIER
WEST BUILDING, SUITE 304
BOSTON, MA 02210
(617) 261-0080

January 15, 2004

11

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ZHANNA CHIZHIK
V                                    CIVIL ACTION No.  04-10106-JLT
SEA HUNT, INC., ET AL

DISCOVERY ORDER

TAURO, J.:

On or before, April 16, 04 the parties shall   have exchanged and reviewed (1) all  documents in accordance with Local Rule 26.2(A),
and (2) sworn statements in accordance with Local Rule 26.1(B), and (3)    a list of persons they wish to depose,  thereby being in
a position to knowledgeably prepare for the court's  consideration at the scheduling conference.

In addition, the parties shall, without awaiting a discovery request, provide to other parties:

(A) the name and, if known, the address and telephone   number of each individual  likely to have discoverable information
relevant to disputed facts alleged with particularity  in the pleadings, identifying the subjects of the information and
(B) a copy of, or a description by category and location of, all documents, data compilations,  and tangible        things in
the possession, custody, or control of the party that are relevant to disputed facts  alleged with particularity in the pleadings.

No additional discovery shall take place without further order of the court.

Counsel shall notify the court in writing, no less than   (5) days  prior to the  scheduled conference, of pending motions.
Any motion not brought to the court's  attention   (5) days prior to the scheduled conference will be deemed denied as  moot.

The court does not accept any letters requesting decision   or action.  Any such request must be in the form of a motion.  Letters
submitted for information purposes only must be addressed to Zita Lovett, Deputy Clerk.

IT IS SO ORDERED.

By the Court,
/s/    Zal

3/29/04                                           Zita Lovett, DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * *
ZHANNA CHIZHIK,                           *
Administratrix of the Estate              *
of Grigory Chizhik,                       *       C.A. NO.:      04-10106-JLT
          Plaintiff                       *
                                          *
                                          *
v.                                        *
                                          *
SEA HUNT, INC., TROPICLAND                *
MARINE AND TACKLE, INC., and              *
GREGORY ZILBERMAN,                        *
          Defendants                      *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## PLAINTIFF ZHANNA CHIZHIK'S AUTOMATIC DISCLOSURE

Pursuant to Federal Rule of Civil Procedure 26(a), the plaintiff, Zhanna Chizhik

("Ms. Chizhik") makes the following disclosures:

**A.     The name, and, if known, the address and telephone number of each individual likely to have discoverable information that Ms. Chizhik may use to support her claims or defenses, unless solely for impeachment, identifying the subjects of the information:**

1.     Amir Lashgari
       current address unknown
       (Believed to be aboard the boat when it capsized)

2.     Gregory Zilberman
       9 Dexter Street, Stoughton, MA
       (Believed to be the owner and captain of the boat; aboard the boat when it
       capsized)

3.     Zhanna Chizhik
       (the plaintiff administratrix of the estate of the deceased, Grigory Chizhik)

5.    United States Coast Guard personnel

6.    Eric McDonald

       (current address unknown)

       (came upon boat after incident)

       Plaintiff reserves the right to include all witnesses named by any one of the

defendants in this matter.  Plaintiff also reserves the right to supplement this list as

discovery progresses.

7.    Representatives from defendants Sea Hunt and Tropicland Marine and Tackle


**B.    A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:**

1.  Copy of the Coast Guard search and rescue documents arising out of this incident.

       Plaintiff reserves the right to include all documents named by any one of the

defendants in this matter.  Plaintiff also reserves the right to supplement this list as

discovery progresses.

**C.    A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:**

       Plaintiffs seek recovery for wrongful death damages, including but not limited to

lost wages, loss of consortium, other pecuniary loss, conscious pain and suffering, and

other damages.  Plaintiff reserves the right to supplement this disclosure concerning this

matter as discovery progresses.

**D.     Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment:**

None in the plaintiff's possession, custody, or control.


ZHANNA CHIZHIK,

By her attorneys,


DAVID B. KAPLAN, BBO#258540
TIMOTHY M. BAROUCH, BBO#644044
THE KAPLAN/BOND GROUP
BOSTON FISH PIER
WEST BUILDING, SUITE 304
BOSTON, MA 02210
(617) 261-0080

April 16, 2004

Commonwealth of Massachusetts
Dept Fisheries, Wildlife & Env Law Enforcement
DIVISION OF LAW ENFORCEMENT

**BOAT REGISTRATION CLASS II - 16 TO 26 FEET**

*o nt*

→ **MS 9367 AF**    Customer Id: ▓▓▓▓    **EXPIRES:**    **05-05-2005**

GREGORY ZILBERMAN
9 DEXTER ST.
STOUGHTON, MA 02072    **DOB:** ▓▓▓▓▓

Signature: _____

1. Report within 15 days changes of ownership, address, destruction, transfer, theft or abandonment of vessel. Report within 2 days the above for recreational vehicles to Law Enforcement, 251 Causeway Street, Boston, MA 02114.
2. Operator is required to:
   A. Always carry certificate of number on vessel.
   B. Stop and render aid or assistance if involved in or witness to an accident (when safe to do so).
   C. Report every accident involving death within 48 hours and every accident involving injury to person(s) or property damage over $500 or property damage over $50 for recreational vehicles within 5 days to this division. Ph: 1 800-632-8075

Registration Offices

| | | |
|---|---|---|
| 40 Southbridge Street<br>3rd Floor<br>Worcester, MA 01608<br>508-753-0603 | 218 S. Main Street<br>Fall River, MA 02721<br>508-679-8287 | |
| 165 Liberty Street<br>Springfield, MA 01103<br>413-733-1642 | 251 Causeway Street<br>Boston, MA 02114<br>617-626-1610 | 1019 Iyanough Rd (Rt 132)<br>Hyannis, MA 02601<br>508-771-8382 |

---

**BOAT REGISTRATION CLASS II -**    **MS 9367 AF**
**16 TO 26 FEET**

▓▓▓▓▓

2003    SEA HUNT    21`6"    OPEN BOAT
SXSN0176C303    STOUGHTON
PLS    WHT/WHT    NONE
FIBERGLASS

2003  JOHNSON  26023291  140  OUTBOARD  GAS

DIRECTOR: *Richard A. Murray* (signature)
Richard A. Murray

CUSTOMER RECEIPT
This is your receipt. Retain and store in a safe place.

GREGORY ZILBERMAN    **FTN:**    002324035
9 DEXTER ST.    **ISSUED:** 06-20-2003
STOUGHTON, MA 02072    **PAY TYPE:**    **NONE**

DLE-BOSTON, BOSTON

BOAT REGISTRATION CLASS II - 16 TO 26 FEET    $    .00
FEES PAID THIS PAGE    $    .00

Note: The fees listed above apply to this page only. If you purchased additional items, they will appear on supplemental pages with fees listed on those pages.

**Department of Fisheries, Wildlife &
Environmental Law Enforcement**

David M. Peters, Commissioner

Executive Office of Environmental Affairs
Ellen Roy Herzfelder, Secretary

Commonwealth of Massachusetts
Mitt Romney, Governor
Kerry Healey, Lt. Governor

GREGORY ZILBERMAN
9 DEXTER STREET
STOUGHTON, MA 02072

*PER YOUR REQUEST of 6/20/03*

**U.S. Department of Homeland Security**

**United States Coast Guard**

| | |
|---|---|
| Commander<br>First Coast Guard District | 408 Atlantic Ave<br>Boston, MA 02110<br>Staff Symbol: (osr)<br>Phone: (617) 223-8460<br>Fax: (617) 223-8471<br>Email: ANAGLE@D1.USCG.MIL |

5720
June 12, 2003

The Kaplan/Bond Group
Attn: Mr. David B. Kaplan.
Boston Fish Pier, West Building, Suite 304
Boston, Ma. 02210

Dear Mr. Kaplan:

This responds to your Freedom of Information Act request. You requested information from the U.S. Coast Guard, regarding the search and rescue case file for a 20-foot recreational boating accident that took place in Boston Harbor on May 25, 2003.

As you requested, contained herein are copies of U.S. Coast Guard documents from the Search and Rescue file. Personal information is exempt from release under 5 U.S.C 552 (b)(6), and has been redacted from these documents.

If you have any further questions, please contact Petty Officer Austin Nagle of my office. He can be reached at (617) 223-8460.

Sincerely,

C. J. HARWOOD
Lieutenant Commander, U. S. Coast Guard
Assistant Chief, Office of Search and Rescue
By direction of the District Commander

Enclosure:    (1) SAR Case file

U. S. DEPARTMENT OF HOMELAND SECURITY

# U. S. Coast Guard

**FOR IMMEDIATE RELEASE**
Release No. 042-03
Contact: Public Affairs
     617-921-6358

May 25, 2003
8 p.m.

## Victim of boating accident in Boston Harbor identified

**BOSTON** -- The names of the three men involved in today's boating accident near Shag Rock in Boston Harbor have been released.

Dead is Gregory Schizhik, 47. His hometown is not available.

Rescued are the owner of the boat, Gregory Zilberman, 47, and passenger Amire Lashgari, 41. Their hometowns are not available. They were treated at South Shore Hospital. Their conditions are unknown.

The owner of the Good Samaritan vessel that rescued Zilberman and Lashgari is Eric McDonald. His hometown is not available.

Zilberman and Lashgari were rescued by McDonald and four other passengers after the two men spent nearly two hours in the 50 degree water near Shag Rock. Schizhik was found in the water nearby and later pronounced dead at Boston Medical Center.

None of the three men were wearing life jackets.

The trio was fishing from Zilberman's 20-foot recreational boat when they were broadsided by a wave, then flipped over by a second wave.

The Coast Guard received a call from the Massachusetts State Police at about 2:55 p.m. that an unidentified Good Samaritan had come upon one person, in the water, and two others clinging to the rocks on Shag Rock.

The sea conditions at the time of the accident were 3-foot seas and 10-knot winds out of the northeast.

<div align="center">###</div>



ENCLOSURE (    )

U. S. DEPARTMENT OF HOMELAND SECURITY

# U. S. Coast Guard

**FOR IMMEDIATE RELEASE**
Release No. 041-03
Contact: Public Affairs
617-921-6358

May 25, 2003
4:30 p.m.

## One dead after boat capsizes near Boston Light

*I VD Brewster Island*

BOSTON – One person is dead and two others were pulled from Shag Rock, a small island about two miles north of Hull, Mass., after their boat capsized shortly before 3 p.m. today.

The Coast Guard received a call from the Massachusetts State Police at about 2:55 p.m. that an unidentified Good Samaritan had come upon one person, in the water, and two others clinging to the rocks on Shag Rock.

Simultaneously, Coast Guard Station Point Allerton heard a Mayday call from boaters in that same area, and immediately launched two rescue boats. As they approached the area, they were met by a Good Samaritan, who had rescued the two people found on Shag Rock.

The two survivors were transferred to one of the Coast Guard rescue boats and taken back to Station Point Allerton. They were met by emergency medical services and taken to South Shore Hospital.

The second Coast Guard boat was led back to the scene by the Good Samaritan and recovered the third victim. The Coast Guard transferred the victim to the Boston Harbormaster, and was later pronounced dead by emergency medical service personnel.

Identification of the three people will be made available, pending notification of next of kin. Coast Guard crews are attempting to relocate the capsized boat and determine how the accident happened.

###

CC1/D1

UNCLAS

P 260009Z MAY 03 ZUI ASN-A01146000002
FM COMCOGARDGRU BOSTON MA
TO CCGDONE BOSTON MA//OSR/CC//
INFO COGARD STA POINT ALLERTON MA
COGARD AIRSTA CAPE COD MA
BT
UNCLAS //N16130//
SUBJ: SITREP ONE AND FINAL - CAPSIZED BOAT WITH 03 PIW - OUTER
     BOSTON HARBOR - 42-20.3N 070-53.0W
PERIOD: 251452Q MAY 03 TO 251710Q MAY 03.
1. SITUATION:
    A. CASE CLOSED
    B. NOTIFICATION: 251452Q MAY 03, VHF FM CH16 MR. ERIK MACDONALD.
    C. NARRATIVE: RCVD CALL BOTH VHF AND CELL PHONE REPORTING A
       CAPSIZED VSL WITH 03 PIW. CG41354, CG220529 AND CG6042
       RESPONDED. GOOD SAM VSL RECOVERED 02 OF THE PIW AND
       TRANSFERRED THEM TO CG41354. CG220529 RECOVERED THE 3RD PIW,
       ADMINISTERED CPR AND TRANSFERRED THE VICTEM TO BOSTON EMS.
    D. DESC: 22' SEA HUNT PLEASURE CRAFT. REG # MS9367AF
    E. POB INFO: 03
                O/O: GREGORY ZILBERMAN        PA: AMIR LASHGARI
                     ███████████   2           ███████████
                     DOB ██████                ███████████
                PA: GREGORY CHIZHIK             DOB ██████
                     ██████████
                     DOB ██████
    F. WX: WIND NNE 10 KTS, SEAS 2-3FT, VIS: 08NM, AT: 65, WT: 50F.
2. ACTION TAKEN:
    A. 251452Q RCVD INITIAL CALL OVER CH 16, NEG RESPONSE TO CALL
       BACKS. ASSUMED SMC
    B. 1453Q D1CC PATCHED CELL PHONE CALLER RPTNG POSITION TO
       BE BETWEEN BOSTON AND GRAVES LIGHT, PHONE CALL CUT OFF.
    C. 1454Q CG41354 U/W.
    D. 1458Q ISSUED UMIB.
    E. 1504Q REESTABLISHED COMMS WITH R/S.
    F. 1508Q CG41354 O/S WITH GOOD SAM VSL.
    G. 1511Q CG41354 HAS 02 SURVIVORS O/B ENRT STA POINT ALLERTON,
       AND CONFIRM 01 PIW STILL MISSING.
    H. 1521Q CG220529 O/S WITH CAPSIZED VSL.
    I. 1523Q CG41354 M/S TRANSFERRING 2 VICTEMS TO EMS.
    J. 1525Q CG220529 HAS LOCATED PIW.
    K. 1526Q CG6042 AIRBORNE ETA 13 MINUTES.
    L. 1528Q CG220529 HAS PIW ONBOARD.
    M. 1530Q BOSTON PD VSL WITH EMT IS O/S WITH CG220529.
    N. 1534Q ADVISED CG6042 TO STAND DOWN.

P 260009Z MAY 03 COMCOGARDGRU BOSTON MA

Page 1 of 2

UNCLAS

CC1/D1

UNCLAS

O. 1535Q CG220529 ENRT BPD MOORING TO MEET EMS.
P. 1537Q CANCELED UMIB.
Q. 1540Q O2 VICTEMS ENRT SOUTH SHORE MEDICAL CENTER.
R. 1557Q CG220529 MOORED BPD MOORING.
S. 1602Q VICTEM HAS BEEN TRANSFERRED TO BOSTON EMS.
T. 1606Q CG220529 RTB.
U. 1607Q CG41354 BACK OS/ WITH CAPSIZED VSL.
V. 1629Q CG41354 ADVISES NO DEBRIS IN THE AREA, VSL IS HUNG ON
   A ROCK AND CURRENTLY NOT A HAZARD TO NAVIGATION.
W. 1710Q BOSTON MEDICAL CENTER ADVISED GREGORY CHIZHIK WAS
   PRONOUNCED DEAD.
3. FUTURE PLANS AND RECOMMENDATIONS: NONE.
4. AMPLIFYING INFO:
   A. CASE INFO: BOSTON MEDICAL CENTER MADE NOK NOTIFICATION.
      THE VESSEL REMAINS AGROUND ON A ROCK, NO DEBRIS OR
      POLLUTION OBSERVED.
   B. RESULTS OF BOARDINGS: NONE
   C. STATUS OF AIDS TO NAVIGATION IN AREA OF INCIDENT. N/A
   D. POLLUTION. NONE.
   E. MEDIA INTEREST. MODERATE.
5. CASE STATUS:
   A. CASE: CLOSED.
   B. SORTIE DATA:
        STA POINT ALLERTON   02 SORTIE   1.5 HRS
        AIRSTA CC            01 SORTIE    .5 HRS
   C. UCN:
        GROUP BOSTON  (SMC)       116-03
        STA POINT ALLERTON        110-03
        AIRSTA CC
        SARMIS CASE NUMBER        118241
BT
NNNN

P 260009Z MAY 03 COMCOGARDGRU BOSTON MA

Page 2 of 2

UNCLAS

# INCIDENT CHRONOLOGICAL SHEET
### USCG D1 Command Center

| Day/Month 25 MAY Φ3 | CASE SUBJECT: CAPSIZED BOOT MULTIPLE PIW- | Page 2 of 2 |
|---|---|---|

Day of Week:
M T W TH F S (SU)

CONTROLLERS: LR SV RG PC (TS) MB CZ BL ___

PC JF JT MG DP ES (CW) ___

| Time | F/T | Remarks |
|---|---|---|
| 1750 | (F) T | BOS. 22 FT BOAT 12 HRS ON ENGINE (NGL) NOMS |
| | F T | OWNER GREGORY ZILBERMAN AGE ▆ SURVIVOR. AMIRE |
| | F T | LASHGARI AGE ▆ SURVIVOR. GREGORY. SCHIZIK AGE ▆ |
| | F T | DECEASED. |
| 1755 | F (T) | AL JOHNSON / BRFD. |
| 1800 | F (T) | D PO / BRFD. |
| | F T | CLOSED. |
| | F T | |
| | F T | |
| | F T | |
| | F T | |
| | F T | |
| | F T | |
| | F T | |
| | F T | |
| | F T | |
| | F T | |
| | F T | |
| | F T | |
| | F T | |
| | F T | |
| | F T | |
| | F T | |
| | F T | |
| | F T | |
| | F T | |
| | F T | |
| | F T | |

Edition 16 Oct 98

# INCIDENT CHRONOLOGICAL SHEET
## USCG D1 Command Center

Page 1 of 2

| Day/Month | CASE SUBJECT: CAPSIZED BOAT MULTIPLE PIW'S |
|---|---|
| 25 mar 03 | |
| Day/Week: M T W TH F S (SU) | CONTROLLERS: LR SV RG PC TS MB CZ BL ___ PC JF JT MG DP ES CW |

| TIME | F/T | |
|---|---|---|
| 1454 | (F) T | BOS 508- ▓▓▓▓. KER FM STATE PD PERSON |
| | F T | INFO GEARS LIGHT + BOSTON HBR. 1 PERSON OFD |
| | F T | 2 PEOPLE IN WATER TRYING TO GET UP ON |
| | F T | ROCKS. CAPSIZED BOAT. 2 STA AT NHERTON |
| | F T | ENROUTE. REQ HGO. RUNNING UMIB REQ WX? |
| 1458 | F (T) | ASCEI RRF LAUNCHING ASAP. |
| 1503 | (F) T | BOS O/S WX WINDS N TO NE 10 KTS 8NM |
| | F T | VIS 2000 FT CEILING. 2-3 FT SEAS. APRUX POSTT |
| | F T | 42 24.5N 076.53.5W |
| 1505 | F (T) | ASCEI BRFD. GO SPINNING UP. |
| 1515 | (F) T | BOS GOOD SAM RECOVERED 2 PIW XFERRED TO STA |
| | F T | PT AIKERTON BOAT. NOW ESCERTING SECOND STA BOAT |
| | F T | OUT TO CAPSIZED BOAT WHERE BODY WAS. CONFIRMED |
| | F T | TOTAL OF THREE  - SOUTH SHORE HOSP. - |
| 1524 | F (T) | OPO BRFD |
| 1530 | (F) T | E2S/ RQST FROM EMS TO START CPR |
| | F T | ON PERSON EVEN THOUGH O/S EMS |
| | F T | REPORTED MBR DEAD. POSSIBLE |
| | F T | CHANGE COLD H2O WILL ALLOW FOR |
| | F T | RESUSITATION. RGR. BOAT CREW CURRENTLY |
| | F T | CONDUCTING CPR EN ROUTE SHORE |
| | F T | UNFTS |
| 1654 | (F) T | Boston Nat Center/Lauri Tempesten/Unse/▓▓▓ 4/o mrk |
| | F T | PRONICED dead. Psykware Norwele conducting |
| | F T | next of kin notifications. |
| | F T | |
| 1205 | F (T) | BOS/ No lifevests - broadsided by wave. |
| | F T | Fishing. Deceased 48 ypmate. Other 4/1 c |
| | F T | 48 y/o. - Brfd an AtoK (Chose) 'S |
| | F T | mbr's!! death. Rgr. talk to RF Mixter |
| | F T | to see if CISM/Work lite required |
| | F T | SEE QRC FOR BRF'ing |

Edition 16 Oct 98

_____ Notified cognizant **SAR** resource          Unit: _____
(DATE/TIME)        (IF APPLICABLE)                      Local File #: _____
                                                       System Case #: _____

_____ Notified cognizant **OCMI/COTP**             Unit: _____
(DATE/TIME)

_1729_ Briefed **cc** (senior controller)  *— paged  — tried cell*
(DATE/TIME)   Note: _____ *— left msg* _____

_1731_ Briefed **duty m** watch stander  *paged*
(DATE/TIME)   Note: *left msg*  Brief up? (Y / N)

_1741_ Briefed **osr**
(DATE/TIME)   Note: _____ Brief up? (Y / N)

_1756_ Briefed **o**
(DATE/TIME)   Note: _____ Brief up? (Y / N)

_____ Engage Salvage Engineering Response Team (SERT)      (Y / N)
(DATE/TIME)   Note: The recommendation to engage the SERT should only be made after Duty M, CC, and the
              Mission Coordinator have concluded that it is applicable. The SERT can be contacted through G-OPF
              (FLAGPLOT.) The Casualty Information Sheet is available at: http://www.uscg.mil/hq/msc/sertinfo.htm

_____ Briefed **m**
(DATE/TIME)   Note: _____ Brief up? (Y / N)

_____ Briefed **dcs**
(DATE/TIME)   Note: _____ Brief up? (Y / N)

_1804_ Briefed **d**    Brief all marine fatalities up to d
(DATE/TIME)   Note: _____

_____ Briefed **dl** *
(DATE/TIME)   Note: _____

_1814_ Briefed **CAA/G-OPF** *
(DATE/TIME)   Note: _____

_1800_ Briefed **dpa** *
(DATE/TIME)   Note: _____

\* **when directed**

1750
M Johnson
Brfd —

(handwritten left margin): Brfd / 181 / Brfd

(Note 1) **Major or Significant Marine Casualties (including those involving recreational vessels).**

*Immediately upon receipt of information concerning a major or significant marine casualty, the OCMI shall inform the District Commander (m), Area Commander, and Commandant (G-MOA) via Flag Plot through the Command Center by the most rapid means available (usually by telephone). Notification should be based on reliable information, and should not be delayed while filing reports that may be required. Essential information, including the names of the vessels involved, their Official Numbers, nationality, the location, known and possible deaths and serious injuries, the nature of the casualty. It is imperative that (G-MOA) be advised of the essential facts without delay, even though some information may be missing or of questionable accuracy. Initial notification should state the type of investigation to be conducted or contain a recommendation to convene a marine board, and should be confirmed by message or e-mail as soon as possible.*

- The duty **m** watch stander will brief "up the chain" through the Command Center via a telephone patch

- The up-brief will be monitored and logged above by the **cc** Controller or Assistant Controller

# MARINE CASUALTY OR ACCIDENT (4-03)

## Amplifying Information

Ref: (a) 46 CFR 4.03
     (b) Marine Safety Manual, Vol. 5

**Marine Casualty Or Accident**.  A marine casualty or accident shall mean any casualty or accident involving any vessel other than public vessels if such casualty or accident occurs upon the **navigable waters\*** of the United States, its territories or possessions or any casualty or accident wherever such casualty or accident may occur involving any United States' vessel which is not a public vessel.  The classifications of marine casualties are listed below.

**\*Navigable waters** of the United States, navigable waters, and territorial waters mean, except where Congress has designated them not to be navigable waters of the United States: (1) Territorial seas of the United States; (2) Internal waters of the United States that are subject to tidal influence; and (3) Internal waters of the United States not subject to tidal influence that: (i) Are or have been used, or are or have been susceptible for use, by themselves or in connection with other waters, as highways for substantial interstate or foreign commerce, notwithstanding natural or man-made obstructions that require portage, or (ii) A governmental or non-governmental body, having expertise in waterway improvement, determines to be capable of improvement at a reasonable cost (a favorable balance between cost and need) to provide, by themselves or in connection with other waters, highways for substantial interstate or foreign commerce.  (In general, this applies to the territorial sea and contiguous zone, i.e. 12-mile limit.)

(1) **Major Marine Casualty**.  This term includes marine casualties or **recreational boating accidents\*** that meet the criteria contained in the joint Coast Guard (CG)/NTSB regulations (46 CFR 4.40); these require the Commandant to notify the NTSB of the casualty.  These criteria, set forth in 46 CFR 4.40-5(d), state that a major marine casualty involves a vessel other than a public vessel (as defined in 46 CFR 4.03-40) and results in one of the following:
    (a) The loss of six or more lives;
    (b) The loss of a mechanically propelled vessel of 100 or more gross tons (GT);
    (c) Property damage initially estimated at $500,000 or more;
    (d) "Serious threat" (as determined by the Commandant with concurrence by the NTSB chairperson) to life, property, or the marine environment by hazardous materials.

\* **Recreational boating accidents** (see chapter 6 of reference (b): the owner or operator of a boat or vessel involved in a boating casualty or accident shall report the casualty or accident to a state reporting authority or, if no approved state reporting authority exists, to the Coast Guard.  Reports of violation for failure to report a boating accident should be processed under 46 U.S.C. 6103, which provides for a maximum penalty of $1,000 against the operator. This penalty procedure applies to operators of <u>all</u> vessels, not merely recreational craft. Public vessels are exempt.

(2) **Public/Nonpublic Vessel Casualty**.  Under the CG/NTSB joint regulations, the Commandant must notify the NTSB of all casualties that involve a public and a nonpublic vessel and at least one fatality or $75,000 in property damage. (See 46 CFR 4.40-10(b)(2).)

(3) **Serious Marine Incident**.  This term includes the following events involving a vessel in commercial service:

4

(a) Any marine casualty or accident as defined above that is required by **46 CFR 4.05-1\*** to be reported to the Coast Guard and which results in any of the following:

(1) one or more deaths;

(2) an injury to a crewmember, passenger, or other person which requires professional medical treatment beyond first aid, and, in the case of a person employed on board a vessel in commercial service, which renders the individual unfit to perform routine vessel duties;

(3) damage to property, as defined in 46 CFR 4-05-1(a)(7), in excess of $100,000;

(4) actual or constructive total loss of any vessel subject to inspection under 46 U.S.C. 3301; or

(5) actual or constructive total loss of any self-propelled, not subject to inspection under 46 U.S.C. 3301, of 100 gross tons or more.

(b) A discharge of oil of 10,000 gallons or more into the navigable waters of the United States, as defined in 33 U.S.C. 1321, whether or not resulting from a marine casualty.

(c) A discharge of a reportable quantity of a hazardous substance into the navigable waters of the United States, or a release of a reportable quantity of a hazardous substance into the environment of the United States, whether or not resulting from a marine casualty.

**\*46 CFR 4.05-1**: - unintended grounding or allision with bridge;

- intended grounding or strike of bridge that creates a hazard to navigation, the environment, or the safety of the vessel;

- loss of main propulsion, primary steering, or any associated component or control system that reduces the maneuverability of the vessel;

- an occurrence materially or adversely affecting the vessel's seaworthiness or fitness for service or route, including but not limited to fire, flooding, or failure or damage to fixed fire-extinguishing systems, lifesaving equipment, auxiliary power-generating equipment, or bilge-pumping systems;

a loss of life;

- an injury that requires professional medical treatment (treatment beyond first aid) and, if the person is engaged or employed on board a vessel in commercial service, that renders the individual unfit to perform his or her routine duties; or

– an occurrence causing property damage in excess of $25,000, this damage including the cost of labor and material to restore the property to its condition before the occurrence, but not including the cost of salvage, cleaning, gas-freeing, drydocking, or demurrage.

(4) **Significant Marine Casualty**. Significant marine casualties are those that involve important safety issues or cause substantial media interest. Significant marine casualties generally involve the following:

(a) Multiple deaths or a single death caused by unusual circumstances;

(b) Hazard to life, property, or the marine environment (e.g., sinking of a chlorine barge); or

(c) The loss of any inspected vessel.

# MARINE CASUALTY OR ACCIDENT (M-03) for (cc) use
### (Including Recreational Vessels involved in a Major Marine Casualty only)
Revised 08MAY2001

_____ Rcvd report from **MSO Portland / Boston / Providence / LIS / ACTNY**
(DATE/TIME)                   **Other:** _____
                                           (DESCRIBE)

## VESSEL INFORMATION

| **Vessel #1** | **Vessel #2** |
|---|---|
| Name: _____ | Name: _____ |
| Official #: _____ | Official #: _____ |
| Flag: _____ | Flag: _____ |
| Type of vessel: _____ | Type of vessel: _____ |
| Cargo/# of passengers: _____ | Cargo/# of passengers: _____ |
| Length: _____ | Length: _____ |
| Owner: _____ | Owner: _____ |

**Time/Location of Incident:** Time: _____

Latitude/Longitude: _____ Geographic: _____

## Type of incident:

- _____ Grounding – accidental / intentional  (CIRCLE APPROPRIATE / NOTIFY OAN TO VERIFY NAV AIDS)
- _____ Fire / explosion  (CIRCLE APPROPRIATE)
- _____ Collision / Allision  (CIRCLE APPROPRIATE)
- _____ Heavy weather damage
- _____ Failure of gear and/or equipment and any other damage which might affect or impair the seaworthiness of the vessel
- _____ Damage by or to the vessel, its apparel, gear or cargo
- _____ Injury or loss of life of any person   Brief all marine fatalities up to OAN
- _____ Loss of life or injury to any person while diving from a commercial vessel and using underwater breathing apparatus
- _____ An oil or HAZMAT discharge; present / threat (CIRCLE APPROPRIATE)
  **(Use QRC M-01 or M-02)**   Describe, including amount:

_____

## Brief Description of Incident:

_____

_____

## Classification of Incident:  (SEE DEFINITIONS IN AMPLIFYING INFORMATION)

| **Major Marine Casualty____(Note 1)** | **Public/Non-Public Casualty ____** |
|---|---|
| **Serious Marine Incident____** | **Significant Marine Casualty_____(Note 1)** |

*If a Serious Marine Incident (SMI), 46 CFR 16.240 requires that the marine employer shall ensure that all persons directly involved are chemically tested for evidence of dangerous drugs or alcohol. Remind responding MSO personnel of this requirement.*

**Daily Summary entry made** _____
                                (initials)

**Assistant:** _____ **Controller:** _____

The information contained in this QRC may not be released to anyone outside of the United States Coast Guard. Anyone desiring this information must file a Freedom of Information Act (FOIA) request with Commandant (G-MP) (202) 267-1047/1463.

## MARINE SAFETY NOTIFICATION LIST (M-03)
### for (cc) use

| Time: 1854 | II : 25 MAY 03 UCN: | Initials: CSC |

# — Initial SAR Check-sheet —

## About the Distressed Vessel

**1. Position**   BOSTON LT

Type of Position: Lat/Long 41wON 030-58
Loran Lines
Geographic Location

How determined?

**2. Number of Persons Aboard**   ADULTS: 03   CHILDREN:   TOTAL:

Health or medical concern?

**3. Nature of Distress** (if PIW complete additional PIW box below)

S.O.S. MAYDAY

**4. Description of Vessel**
Including...
Length   Color   Type   Name of Vessel
22   SEA HUNT   at anchor? Y N

**5. Have all persons aboard the vessel put on Personal Flotation Devices.**

## 6. Determine Initial Severity/Emergency Phase (done by Watch Supervisor)

[ ] Distress
[✓] Dispatch Resources/Activate SAR Alarm.
[ ]
[✓] Brief Group/District
[ ] Provide Emergency Instructions to Vessel in Distress.
[✓] Issue UMIB.
[ ] Complete additional Check-Sheets as Situation Dictates.
[ ] Refer to Norfolk SARPLAN.

[ ] Uncertainty   [ ] Alert
Additional Information is needed.
Complete one or more of the following:
[ ] Supplemental Check-sheet
[ ] Overdue Check-sheet
[ ] Flare Sighting Check-sheet
[ ] MEDEVAC/MEDICO Check-sheet
[ ] Grounding Check-sheet

## About any People in the Water

| Number: 01 | Confirmed? ✓ | Description PIW 9 | PFD? N |
| Time: 1454 | | | Exp suit? N  Light? N |

## About the Reporting Source

Name of Reporting Source
Name of Reporting Source Vessel
Call back number (with area code)   Is this a cell phone number?
Address of Reporting Source

## About the On Scene Weather

| Wind | Seas | Swells | Visibility |
|------|------|--------|------------|

1856Z STA- P/A RESPOND TO RADIO CALL ASSUMES CASE
1908Z #3547 ONSCENE PICKED UP TWO PERSON
1910Z 5297 ONSCENE

NARRATIVE/SUMMARY

MAY DAY S.O.S. BACKSIDE OF BOSTON LIGHT.
LOST COMMS

DSC / 911 CALL CALL CAPSIZED VSL. 2 PEOPLE
ON THE ROCKS 1 2 OF DECEASED. CALL CALL RIGHT
DEAD 508 ▓▓▓▓▓▓▓▓▓▓

UNITS

R/S HAS 2 SURVIVORS 2/3 ENRT BOSTON
LIGHT.

41354 O/S WITH VSL WITH SURVIVORS &
SURVIVOR O/B 354 ENRT PA 220529 O/S BOSTON
ESCORTED TO LOCATION OF CAPSIZED VSL.

354 ADVISES SURVIVOR STATE POSITION OF
CAPSIZED VSL IS BETWEEN BOSTON LIGHT AND
SHAG ROCK.

220529 O/S W/ CAPSIZED VSL IN POSN 42-20.3N 070-53.0W

529 LOCATED 3RD BODY

6042 ABN ETA 13 MINUTES

220529 HAS RECOVERED DECD

BOSTON EMS 1/3 BPD BOAT PRONOUNCED REM AS
DECEASED

ADV 6042 RTB

529 E/B BPD PIER W/ BODY

BPFD AOPS

GROUP BOSTON CASE LOG/CHRONO SHEET

| NARRATIVE/SUMMARY |
|---|
| Boston EMS. S. Alvase Anvises to Continue w/ CPR |
| Due to Hybithrmia Affect |
| Lost copy. |
| Er UMEB |
| Update 13 cr |
| 529  Mootly  Transferred victim to Boston EMS. |
| Victim Taken to Boston Medical Center |
| Boston Medical Center Advises Victim Pronounced |
| Dead. |

2 of 2

# DEPARTMENT OF TRANSPORTATION



CAPSIZED VSL
COAST GUARD
03 P.I.W.

**SAR INCIDENT REPORT FOLDER**

7590-00-F02-0170
DEPT. OF TRANSP, USCG, CG-4612 (Rev. 4-75)

| UNIT CASE NUMBER | MULTI-UNIT CASE NUMBER | DAY MONTH YEAR OPENED | DAY MONTH YEAR CLOSED | NAME OF DISTRESSED UNIT |
|---|---|---|---|---|
| | | 25 MAY 03 | 25 MAY 03 | |

# SAR INCIDENT SUMMARY

| D8 | DATAC (A01) | Unit Case No. | (A02) Multi-Unit Case No. | (A70) Date of Coast Guard Notification | (A01) Time |
|---|---|---|---|---|---|
| Ø1 | 3 Ø 1 1 5 4 | 1 1 Ø - Ø 3 | | M Ø 5 D 2 5 Y Ø 13 | 1452 |

## CASE DATA SECTION

| | | | | | |
|---|---|---|---|---|---|
| Time From Occurrence (A02) **UNKNOWN** | Initial Severity (A08) **DISTRESS** | Date/Type of Location (A18) **1508** | | | |
| Means of Notification (A03) **16** | Actual Severity (A16) **SEVERE** | Lives Lost (A17) BEFORE **Ø1** AFTER | | | |
| Nature of Incident (A04) **CAPSIZED VSL Ø3 P.I.W.** | Cause of Incident (A11) **CAPSIZED VSL** | Lives Saved (A18) **Ø2** | | | |
| Distance Offshore (A05) **2 NM** | Owner (A12) **PRIVATE** | Persons otherwise Assisted (A19) **Ø3** | | | |
| Latitude (A06) **42-20.3** | Usage (A13) **PLEASURE** | Value of Property Lost (A20) **5 4 Ø** | | | |
| Longitude (A07) **Ø7Ø-53-Ø** | Propulsion (A14) **POWER** | Value of Property Assisted (A21) | | | |
| Method of Locating (A09) **POSITION KNOWN** | Length (A15) **18** | | | | |

## SORTIE SUMMARY

| SORTIE (C04) | (C05) | Date/Time Underway (C06) | Distance To Scene or Search Area (C07) | Total Time On Search (C08) | Date/Time Assisting Resolution Alongside (C09) | Total Time On Scene (C10) | Total Time On Sortie (C11) | Sea State (feet) (C12) | Wind (knots) (C13) | Visibility (C14) | ASSISTANCE RENDERED BY CG (C15) TO: Personnel | Property |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Ø13V | 1454 | 2NM | .3 | 1508 | | 2.0 | 4-6 | | | | |
| 2 | 130V | 1505 | 2NM | .1 | 1516 | | 1.3 | 4-6 | | | | |
| 3 | | | | | | | | | | | | |
| 4 | | | | | | | | | | | | |
| 5 | | | | | | | | | | | | |
| 6 | | | | | | | | | | | | |
| 7 | | | | | | | | | | | | |

## REMARKS

| Name of Assisted Unit | Registration No. (optional) | Name/Address of Owner/Operator |
|---|---|---|
| MR. ZILBERMAN Gregory (Survivor) OWNER | AMIRE LASHGARI (Survivor) | CHIZHIK Grigory (deceased) |

6172253319    P.07/19

(A ... CH MESSAGES, SITREPS, ETC., HERE)

## INCIDENT FORM

DATE/TIME NOTIFIED: 1452   25 MAY 03

REPORTED BY: CHNL 16   ERIK MACDONALD   PHONE: 508-███████

✓ ADDRESS: _____

NATURE OF INCIDENT: CAPSIZED VSL

POSITION: 42-20.3      070-53.0
              LATITUDE                 LONGITUDE

DATE/TIME INCIDENT OCCURRED: UNKNOWN

METHOD OF NOTIFICATION: 16

DESCRIPTION OF UNIT REQUIRING ASSISTANCE:

**VESSEL**

NAME: _____

REGIS. NO.: _____

LENGTH: 15'-20'

USAGE: PLEASURE

POB: 03

**PERSONNEL**

PATIENT'S NAME: _____

AGE: _____

AILMENT: _____

VESSEL NAME: _____

NATIONALITY: _____

TYPE ASSISTANCE REQUESTED: RECOVER/TRANSPORT TO HOSPITALS

| NAME | AGE | SEX | ADDRESS |
|---|---|---|---|
| (OWNER) Gregory Zilber███ |  | M | ████████████████████ |
| (OPERATOR) |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

NAME OF PERSON COMPLETING INCIDENT FORM: AUX BARRETT / MK2 COLE / MK3 HASH

MK? ICASA CA CG    USCG GROUP BOSTON    MK C HASH    GREER
SN WOHAR    D . DRISKELL

## SAR RESOURCES

### UTILIZED
CAPSIZED VSL
03 P.I.W

110-0

| DATE | ASSIST. RESOURCE | TIME DEPARTED | TIME RETURNED | SORTIE HOURS | REMARKS |
|------|------------------|---------------|---------------|--------------|---------|
| 25 wov 8w3 | 41354 | 1454 | 1650 | 2.0 | Took 2 survivor to STA PA |
| 25 mov 03 | 220529 | 1505 | 1620 | 1.3 | Retrieved PIW, CPR transported to Boston Ers |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

110 – 03

# U.S. Coast Guard Station Pt. Allerton

## 03   PERSON IN THE WATER

| PROCEDURES | PIW INFORMATION |
|---|---|
| A. AWARENESS:<br>1. Pull out the INITIAL SAR Check Sheet.<br>2. Fill out the PIW Check sheet.<br>3. Log all possible info on its vessel/SRU(s).<br>4. Assume or designate SMC.<br><br>B. INITIAL ACTION<br>1. Evaluate emergency phase.<br>2. Issue UMIB.<br>3. Dispatch first SRU(s).<br>4. Point of NEAR/PEOPLE...<br>5. Scramble appropriate alarm<br>6. Fix SRU on scene deploy a DMB.<br>3. Dispatch additional SRUs.<br>4. Establish communications w/ family/NOK.<br>5. Develop future searches.<br>When SRU's detected search:<br>Have local authorities to help search.<br>4. Make another more investigations.<br>5. A activity is possible when search.<br>Notification.<br>6. If deceased, arrange recovery and turn body over to local authorities.<br>Arrange for notification of next of kin....<br>If there is any doubt, ensure that first aid and revival attempts continue until delivery to the nearest medical facility. | What were the circumstances? CAPSIZED USL<br>Is there any question that it was a person in the water? Describe what was sighted.<br>PIW name: Chizlie Grigory   Age:   Sex: (M) F   Weight:<br>PIW health: Conscious   Nationality:<br>Determine water temperature: 52° |

### VESSEL/EQUIPMENT

| | |
|---|---|
| [ ] Document/Official # | Homeport: |
| [ ] State Reg # | Flag: |
| **Communications Equipment:**<br>[X] VHF-FM   [ ] HF<br>[ ] Other:<br>[X] Cellular #  911<br>Frequencies:<br>Usage:<br>Prominent Features:<br>Hull Material:<br>Cause of Incident: | **Navigation Equipment:**<br>[ ] LORAN   [ ] GPS<br>[ ] Radar   [ ] Fathometer<br>[ ] Other:<br>**Survival Equipment:**<br>[ ] EPIRB  Class/Type:<br>[ ] VDS/Flares   [ ] Flashlight<br>[ ] Raft/Lifeboat   [ ] Dinghy/Skiff<br>[ ] Food/Water   [ ] Foul Wx Gear |

### PEOPLE

| [X] Owner  [ ] Operator  [ ] POB | [ ] Owner  [ ] Operator  [ ] POB |
|---|---|
| Name: Dr Zubreman<br>Address: ▓▓▓▓<br>Phone: ▓▓▓▓<br>Age:   DOB:<br>Male / Female | Name: Amir Isebari<br>Address: ▓▓▓▓<br>Phone: ▓▓▓▓<br>Age:   DOB: ▓▓▓▓<br>Male / Female |
| [ ] Owner  [X] Operator  [ ] POB<br>Name: CHIZHIK Grigory<br>Address:<br>Phone:<br>Age:   DOB: ▓▓▓▓<br>Male / Female | [ ] Owner  [ ] Operator  [ ] POB<br>Name:<br>Address:<br>Phone:<br>Age:   DOB:<br>Male / Female |

| Time | Entry | |
|---|---|---|
| 1452 | STARBOARD MARK ___ ON CHU___ STANDING BUOY ___ LIGHT | 16 |
| 1453 | TRIED CALLING - NO RESPONSE | 16 |
| 1454 | CG 41354 u/w, E/R BSN LT AREA | 16 |
| 1455 | GRP TRIED CALLING - NO RESPONSE | 16 |
| 1456 | MARINE 10 E/R | 16 |
| 1458 | JESSIE E/R | 16 |
| 1505 | CG 220527.9 u/w | |
| 1508 | CG 41354 o/s WITH VSL THAT HAS 02 P.I.W. O/S HIS VSL | 81 |
| 1510 | GDO CALLED, HAVE 41354 TRANSPORT THOSE 02 P.O.B. TO STATION P.A. HAVE CG 220529 GO WITH THAT VSL TO CAPSIZED VSL. | 4/6 |
| 1512 | CG 41354 E/R STA P.A. WITH 02 VICTIMS | 81 |
| 1513 | NOTIFIED HULL F/D, NEED AMBULANCES | 4/6 |
| 1523 | CG 41354 M/S P.A. | 81 |
| 1528 | HULL F/D AT STA P.A. | |
| 1530 | HINGHAM F/D AT STA P.A. (AMBULANCE) | |
| 1540 | TRANSPORTED VICTIMS TO SOUTH SHORE HOSPITAL | |
| 1541 | CG 220529 HAS 3RD VICTIM O/S, TRANSPORTING TO BOSTON P/D PIER, BOSTON PARAMEDIC O/S WITH BOSTON POLICE BOAT | 81 |
| 1552 | MARINE 10 O/S CAPSIZED VSL, RCCS SEATOW O/S | 81 |
| 1559 | CG 220529 MOORED BOSTON P/D DOCK DROPPED OFF 01 VICTIM AT DOCK To Paramedics | 81 |
| | (illegible - obscured lines) | 81 |
| 1607 | CG 41354 o/s CAPSIZED VSL | 81 |
| 1628 | ___ | |
| 1629 | CG 41354 RETS ___ DESCRIPTION SIDE OF ___ | |



MAP 1
BOSTON SOUTH LOCATOR MAP

| UNIT | | | | |
|---|---|---|---|---|
| COMCOGARDGRU BOSTON MA / NMF7 / | | | | |
| | | | GUARDING | DATE |
| | | 2182kHz | 156.8/157.075Mhz | 25 MAY 03 |
| ENTRIES | | | FREQUENCY | TIME |

| ENTRIES | FREQUENCY | TIME |
|---|---|---|
| TC1 S.S. CARTER ON WATCH, PWR NTD CONDUCTED MHLS BRIEF & WTW INV | | |
| ALL ITEMS ACCOUNTED FOR | | |
| OBTAINED WWV TIME TICK: ALL CLOCKS CORRECT | | |
| SENT RMIB: CSTL/OFFSH WX; COGDI BNM 0206/204-03; FELONY MSG... | ZUB | 095RZ |
| RCVD: B3 ASSUMES OWN GRD A1T | XTAS | 1000Z |
| ASSUMED GRD: CG 41337/W, 04 POB, ENR BLACK ROCK CHNL | 157.1/2670 | 1045-S8Z |
| ASSUMED URD: CG 220521, 02 POB, ENR ISC BOSTON | ZTAS | 1103Z |
| RCVD: OPS NML FM CG 41337/W POS RYAN'S LEDGE | LANT 03 | 1503Z |
| RCVD: OPS NML FM CG 220521 POS BOSTON WORLD TRADE CENTER | LANT 03 | 1608Z |
| RCVD: OPS NML FM CG 220521 POS U/W FM BOSTON WORLD TRADE CENTER | LANT 03 | 1623Z |
| MAYDAY MAYDAY ENGINE IS SMOKING I'M AT THE ENTRANCE OF | LANT 03 | 1632Z |
| GREEN HARBOR/VSL IN DISTRESS T1 NMF7 I NEED A LAT/LONG AND POB | LANT 03 | 1639Z |
| OFNOTE: STA P/A ASSUMED CASE OF VSL IN DISTRESS WITH ENG SMOKING | | |
| RCVD: OPS NML FM CG 220521 POS USS CONSTITUTION | 156.8 | 1650Z |
| SECURED GRD: CG 41337/W, MRD ISC | ZUB | 1651Z |
| SECURED GRD: CG 220521, MRD ISC | LANT 03 | 1743Z |
| MAYDAY MAYDAY, S.O.S CAPSIZE VSL ON WITH P.I.W. BETWEEN BOSTON LT | LANT 03 | 1743Z |
| AND GRAVES LT// STA P/A RESPONDS TO DISTRESS CALL | LANT 03 | 1753Z |
| PAN PAN (3X) HELO ALSTA (1X), T1 CGBOSMAGRU (2X), CG UMIB, TIME 251858 GMT | 156.8 | 18547 |
| MAY 03, THE CG HAS RCVD A RPT OF A CAPSIZE VSL WITH P.I.W. BETWEEN BOSTON | | |
| LT AND GRAVES LT. ALL MARINERS ARE RQTD TO KEEP A SHARP LOOKOUT, | | |
| ASSIST IF POSS, AND NOTIFY THE NEAREST CG UNIT OF ANY SIGHTINGS BT | | |
| SENT UMIB: 251858Z MAY 03 (MAYDAY BOSTON LT) | | |
| SENT UMIB: 251858Z MAY 03 (MAYDAY BOSTON LT) | 156.8 | 1858Z |
| ASSUMED GRD: CG RES 6042, 04 POB, POSN AIRSTA C/C | 156.8 | 1906Z |
| RCVD: CG RES 6042 OPS NML IN POS 42-10N 070-42W, WILL RTB ATT | 156.8 | 1925Z |
| PAN PAN (1X), HELO ALSTA (3X) T1 CGBOSMAGRU, TIME 251937 GMT MAY 03 | 157.075 | 1925Z |
| THE CAPSIZE VSL WITH P.I.W. BETWEEN BOSTON LT AND GRAVES LT. ALL | 157.075 | 1935Z |
| P.I.W. HAS BEEN RECOVERED, CANCEL PAN PAN | | |
| SECURED GRD: CG RES 6042 SHIFTED GRD TO AIRSTA C/C | | |
| ASSUMED GRD: CG 255012/W, 03 POB, ENR ESCORT OF NOWEIGN MAJESTY | 156.8 | 1937Z |
| PAN PAN (3X) HELO ALSTA (1X), T1 CGBOSMAGRU (2X), CG UMIB, TIME 251958 GMT | 157.075 | 1950Z |
| MAY 03, THE CG HAS RCVD A RPT OF A CAPSIZE VSL WITH 4 P.I.W. OFF OF | LANT 03 | 1955Z |
| SALISBURY BEACH. ALL MARINERS ARE RQTD TO KEEP A SHARP LOOKOUT, | | |
| ASSIST IF POSS, AND NOTIFY THE NEAREST CG UNIT OF ANY SIGHTINGS BT | | |
| PAN PAN (1X), HELO ALSTA (3X) T1 CGBOSMAGRU, TIME 251937 GMT MAY 03 | 156.8 | 195RZ |
| THE PREV RPT OF A CAPSIZE VSL WITH 4 P.I.W. OFF OF SALISBURY BEACH | | |
| WAS A FALSE ALARM. CANCEL PAN PAN | | |
| ASSUMED GRD: MRP, 02 POB, ENR HAR PAT IN BOSTON HBR | | |
| ASSUMED GRD: CG RES 6042, 04 POB, POSN 41-50N 070-31W, ENR SALISBURY BCH | 156.8 | 2010Z |
| FOR SAR | 157.075 | 2011Z |
| RCVD: CG RES 6042, RTB ENR AIRSTA C/C | | |
| SECURED GRD: CG RES 6042, SHIFTED GRD TO AIRSTA C/C | 157.075 | 2012Z |
| PAN PAN (3X) HELO ALSTA (1X), T1 CGBOSMAGRU (2X), CG UMIB, TIME 252031 GMT | 157.075 | 2016Z |
| MAY 03, THE CG HAS RCVD A RPT OF A PERSON IN DISTRESS ON CH.16 VHF-FM. | 157.075 | 2017Z |
| NO NAME, POSN, OR NATURE OF DISTRESS WAS GIVEN. ALL MARINERS ARE | | |
| REQUESTE TO KEEP A SHARP LOOKOUT FOR VESSELS IN DISTRESS, ASSIST IF | | |
| POSS, AND RRT ALL SIGHTINGS TO THE CG BT | | |
| SENT UMIB: 252031Z MAY 03 (UNCOR MAYDAY) | | |
| SENT UMIB: 252031Z MAY 03 (UNCOR MAYDAY) | 156.8 | 2031Z |
| SENT UMIB: 252031Z MAY 03 (UNCOR MAYDAY) | 156.8 | 2056Z |
| | 156.8 | 2110Z |
| | 156.8 | 2125Z |

Previous editions of this form may be used

TC1 S.S. CARTER ON WATCH AS BEFORE                                          TOLE      2125Z
SENT UMIB: 252031Z MAY 03 (UNCOR MAYDAY)                                    156.8     2145Z
WATCH RELIEVED BY TC2 J.P. MANZI
EQP: NIL
TFC: SEE BOARD FOR PENDING BCSTS, UMIB 252031Z MAY 03 EVY 15MINS
ZKP: NNAS/PENDANT/BOLLARD/BLOCK ISL. MRD ISC
VOX GRD: CG 255012/W, MFP PATROL, BOAT CH 81
CLAS TFC: MSO/NESU/CGI/GRU/BLOCK ISL
WX: CSTL SCA/OFFS CLR
SAR/MED: NIL
OPORDER: 049-01; IXORDER: NIL; OPPLAN: 01-02                                 ZUB       2152Z

TC1 S.S. CARTER

Previous editions of this form may be used

**URGENT MARINE INFORMATION BROADCAST SHEET**

*"PAN-PAN (3) HELLO ALSTAS, TI USCG BOSTON, MA GROUP (2), CG URGENT MARINE INFORMATION BROADCAST, (TIME GMT) – (LOCATION)- (INFO)."*

1. TIME: __251858__ GMT MAY 03

2. LOCATION: __IP__

3. INFO: THE CG HAS RCVD A REPORT OF: __Capsize vsl with P.I.W.__
__Between Boston LT and Graves LT__

*"ALL MARINERS ARE REQUESTED TO KEEP A SHARP LOOKOUT, ASSIST IF POSSIBLE, AND NOTIFY THE NEAREST CG UNIT OF ANY SIGHTINGS"*
*~break~*

*"THIS IS USCG BOSTON MA GROUP, OUT"*

**BROADCAST UPON RECEIPT EVERY 30 MINUTES UNLESS OTHERWISE DIRECTED**

RELEASED BY: _____

| (TIME OF B-CAST) | (MONTH) | (INITIALS) | (TIME OF B CAST) | (MONTH) | (INITIALS) |
|---|---|---|---|---|---|
| XXX- 1906 Z | MAY 03 98/CHL16 | (SS) | XXX- Z | 98/CHL16 | |
| XXX- 1925 Z | MAY 03 98/CHL16 | (SSO) | XXX- Z | 98/CHL16 | |
| XXX- Z | 98/CHL16 | | XXX- Z | 98/CHL16 | |
| XXX- Z | 99/CHL16 | | XXX- Z | 99/CHL16 | |
| XXX- Z | 99/CHL16 | | XXX- Z | 99/CHL16 | |
| XXX- Z | 99/CHL16 | | XXX- Z | 99/CHL16 | |
| XXX- Z | 99/CHL16 | | XXX- Z | 99/CHL16 | |
| XXX- Z | 99/CHL16 | | XXX- Z | 99/CHL16 | |
| XXX- Z | 99/CHL16 | | XXX- Z | 99/CHL16 | |
| XXX- Z | 99/CHL16 | | XXX- Z | 99/CHL16 | |
| XXX- Z | 99/CHL16 | | XXX- Z | 99/CHL16 | |
| XXX- Z | 99/CHL16 | | XXX- Z | 99/CHL16 | |
| XXX- Z | 99/CHL16 | | XXX- Z | 99/CHL16 | |
| XXX- Z | 99/CHL16 | | XXX- Z | 99/CHL16 | |

*"PAN-PAN (1) HELLO ALL STAS (3) TI USCG BOSTON MA GROUP, TIME __251937__ GMT MAY 03*

(BRIEF DESCRIPTION): __Capsize vsl with P.I.W Between Boston__
__LT and Graves LT. ALL P.I.W. Has Been Recovered)__

*"CANCEL PAN-PAN"*
*~BREAK~*
*"THIS USCG BOSTON MA GROUP, OUT."*

CANX BCST: XXX- __251937 Z MAY 03__ 99/CHL 16 _____

CREW SAM VESSEL

- IN BOUNDS F_ GRAVES HEADING TO SAM VSL, PEOPLE WAIVING ARMS, THREW A LINE WITH PFD,

- Q5 POB 20 BAYLINER TROPHY
  ERIC MACDONALD ~~~~~~~~~~~
  LABOR UNION BOSS

- KURT ORMBERG
  CAPITAL PD        WASHINGTON    D.C.
- ARRON JOHNSON
    INVESTMENT    BANKER
- MICHELL JOHNSON
  YMCA   DIR.  OF  OPERATIONS
- JESICA BAJUS
  NON PROFFIT   ORGANIZATION    WASHINGTON D.C.

3    men

AMIRE    LASHGARI    $^L$  30's
          ZILBERMAN    40's

18- 19'
  O/B



MR   Silberman

(BOAT OWNER)

> TAKEN TO South Shore
Hospital

AMIRE   Lashgari

Grigory   Chizhik   (D)

> MASS General Hospital

PRONOUNCED DEAD AT
Hospital AT
ATA 1710

**MURPHY, HESSE, TOOMEY & LEHANE, LLP**
**Attorneys At Law**

CROWN COLONY PLAZA
300 CROWN COLONY DRIVE, SUITE 410
P.O. BOX 9126
QUINCY, MA 02269-9126
TEL: (617) 479-5000    FAX: (617) 479-6469

WORLD TRADE CENTER EAST
TWO SEAPORT LANE
BOSTON, MA 02210
TEL: (617) 479-5000    FAX: (617) 338-1324

ONE MONARCH PLACE, SUITE 1310R
SPRINGFIELD, MA 01144
TEL: (800) 227-6485    FAX: (617) 479-6469

Arthur P. Murphy
James A. Toomey
Katherine A. Hesse
Michael C. Lehane
John P. Flynn
Regina Williams Tate
Edward F. Lenox, Jr.
Mary Ellen Sowyrda
David A. DeLuca
Ann M. O'Neill
Michael F.X. Dolan, Jr.
Donald L. Graham
Andrew J. Waugh
J. David Moran
Doris R. MacKenzie Ehrens
Mary L. Gallant
Robert M. Delahunt, Jr.
Lorna M. Hebert

Geoffrey P. Wermuth
Joseph T. Bartulis, Jr.
Clifford R. Rhodes, Jr.
Kathryn M. Murphy
Scott E. Bettencourt
Stacey G. Bloom
Michael R. Bertoncini
Rachel A. Israel
Kristin Bierly Magendantz
Adam D. Janoff
Thomas W. Colomb
Monica Swanson Tesler
David A. Appugliese
Jennifer N. Geosits
Bryan F. LeBlanc
Kimberly A. Mucha
Jason M. Gesing
Christina Gentile

Of Counsel
Paul F. Dempsey
William P. Breen, Jr.

Scott Harshbarger

*Please Respond to Quincy*

May 10, 2004

Timothy M. Barouch, Esq.
The Kaplan/Bond Group
Boston Fish Pier, West Building, Suite 304
Boston, MA 02210

      Re:    Zhanna Chikhik v. Sea Hunt Boats, Inc., et al.
              <u>Civil Action No. 04-10106JLT</u>

Dear Mr. Barouch:

      I received your letter of May 5, 2004, concerning supplementation of Ms. Chizhik's automatic disclosure pursuant to Rule 26 Fed.R.Civ.P. Although I certainly believe that tax returns of the decedent and available autopsy records and material must be produced by you in supplementation of responses previously made, we do not believe that these documents are sufficient to fully comply with Ms. Chizhik's disclosure obligations. The following constitutes some of the documents and materials which we believe must be produced.

      As Ms. Chizhik alleges damages for wrongful death of her decedent, we believe that her decedent's pre-accident medical condition is placed squarely at issue. Your letter reflects willingness to execute medical records release authorizations in order that the defendants can obtain the decedent's records directly. I have enclosed several such records release authorizations for Ms. Chizhik's signature. However, in order to be useful, we request that Ms. Chizhik disclose the names and addresses of all physicians, hospitals, providers of health care treatment, examination or services for the ten years preceding the decedent's demise. Through our disclosure and production of executed releases will enable us to fully and fairly investigate the plaintiff's decedents pre-accident health condition.

# MURPHY, HESSE, TOOMEY & LEHANE, LLP
## Attorneys At Law

Timothy M. Barouch, Esq.
May 10, 2004
Page 2

To the extent that Ms. Chizhik will claim loss of her decedent's income, we ask that she voluntarily disclose the names, addresses and identity of any employer of Mr. Chizhik for the five years preceding his death. We also ask that she voluntarily disclose each and every source of additional income which the plaintiff's decedent found during the five years preceding his demise. Provision of such information prior to Ms. Chizhik's deposition will enable us to ask the questions which must be asked to fully investigate any claim which she may make for loss of income of her decedent.

As of the date of the pre-trial conference, you were unable to identify specifically Mr. Chizhik's adult children. Kindly provide the full names and addresses of Mr. Chizhik's children. Additionally, if Ms. Chizhik is aware of others who potentially stand to gain from Mr. Chizhik's income and services had he survived the subject incident, kindly provide the names of each such person and state the nature of each such person's relationship to the plaintiff's decedent.

In several telephone conversations we have had since the outset of our involvement in this litigation, we have asked that you specifically identify the defect(s), if any, which you allege were present in the subject vessel and which you allege was a substantial factor in causing the subject accident. To my recollection, Judge Turo inquired whether the plaintiffs had disclosed to the defendants their theory of the case or theory of liability. Kindly state specifically each defect which your client alleges was present in the subject vessel at the time of the accident which you allege was a substantial factor in causing the subject accident. This information is obviously necessary to fully explore your client's claim and to compare the defendants' response to the same.

If your client seeks recovery of funeral expenses and/or the cost and expense of the disposition of her decedent's remains, we ask that you provide to us all records within her possession concerning the funeral and/or disposition of Mr. Chizhik's remains.

Additionally, if you intend to seek recovery of any item of special damages other than Mr. Chizhik's medical expenses lost, earning capacity and funeral expenses, we ask that you provide us with all documentation which the plaintiff may have in relation to any such item of damages.

As the Court has denied the parties the opportunity of written discovery it is imperative that the plaintiff comply fully and fairly with her obligations under Rule 26. I do not agree that your provision of tax returns for the decedent and autopsy records will fully satisfy Ms. Chizhik's obligations of automatic disclosure. I look forward to your response.

**MURPHY, HESSE, TOOMEY & LEHANE, LLP**
<u>**Attorneys At Law**</u>

Timothy M. Barouch, Esq.
May 10, 2004
Page 3

                                              Very truly yours,


                                              William P. Breen, Jr.

WPB/jm
Enclosures

cc:     David W. McGough, Esq.
        David C. Stadolnik, Esq.
        Philip M. Hirshberg, Esq.

**MURPHY, HESSE, TOOMEY & LEHANE, LLP**
**Attorneys At Law**

CROWN COLONY PLAZA
300 CROWN COLONY DRIVE, SUITE 410
P.O. BOX 9126
QUINCY, MA 02269-9126
TEL: (617) 479-5000   FAX: (617) 479-6469

WORLD TRADE CENTER EAST
TWO SEAPORT LANE
BOSTON, MA 02210
TEL: (617) 479-5000   FAX: (617) 338-1324

ONE MONARCH PLACE, SUITE 1310R
SPRINGFIELD, MA 01144
TEL: (800) 227-6485   FAX: (617) 479-6469

| | |
|---|---|
| Arthur P. Murphy | Geoffrey P. Wermuth |
| James A. Toomey | Joseph T. Bartulis, Jr. |
| Katherine A. Hesse | Clifford R. Rhodes, Jr. |
| Michael C. Lehane | Kathryn M. Murphy |
| John P. Flynn | Scott E. Bettencourt |
| Regina Williams Tate | Stacey G. Bloom |
| Edward F. Lenox, Jr. | Michael R. Bertoncini |
| Mary Ellen Sowyrda | Rachel A. Israel |
| David A. DeLuca | Kristin Bierly Magendantz |
| Ann M. O'Neill | Adam D. Janoff |
| Michael F.X. Dolan, Jr. | Thomas W. Colomb |
| Donald L. Graham | Monica Swanson Tesler |
| Andrew J. Waugh | David A. Appugliese |
| J. David Moran | Jennifer N. Geosits |
| Doris R. MacKenzie Ehrens | Bryan R. LeBlanc |
| Mary L. Gallant | Kimberly A. Mucha |
| Robert M. Delahunt, Jr. | Jason M. Gesing |
| Lorna M. Hebert | Christina Gentile |

Of Counsel
Paul F. Dempsey          Scott Harshbarger
William P. Breen, Jr.

*Please Respond to Quincy*

July 12, 2004

Timothy M. Barouch, Esq.
The Kaplan/Bond Group
Boston Fish Pier, West Building, Suite 304
Boston, MA 02210

     Re:    Zhanna Chikhik v. Sea Hunt Boats, Inc., et al.
                Civil Action No. 04-10106JLT

Dear Attorney Barouch:

    At the initial scheduling conference of this matter, I expressed concern to the Court that the information made available by the plaintiff to Sea Hunt Boats at that time did not disclose a specific defect or defects in the Navigator 22 vessel upon which the plaintiff relies in support of her product liability allegation. To my recollection, the Court responded that the plaintiff's mandatory disclosure would/should be sufficiently specific to identify the substance of her product liability allegation. I have received and examined the plaintiff's production materials and disclosure of information provided in her supplemental disclosure in June, but these documents do not make clear what defect(s) in the Navigator 22 are alleged to have been a substantial factor in causing the Mr. Chizhik's alleged accident and injuries. Accordingly, Sea Hunt Boats, Inc. now calls upon the plaintiff to identify each and every product defect which the plaintiff alleges was present in the Navigator 22 at the time of the subject accident which the plaintiff alleges was a substantial factor in causing her decedent's accident and injuries.

    The plaintiff's disclosure includes a cover sheet bearing the title "Standards and Technical Information Reports for Small Craft, July 2001" and the insignia of the ABYC, with one attached page containing numbered paragraphs 10 and 11 concerning guard rails. No other

**MURPHY, HESSE, TOOMEY & LEHANE, LLP.**

Timothy M . Barouch
July 12, 2004
Page 2

purported standards are attached. Does the plaintiff contend that (1) these paragraphs are standards applicable to the Navigator 22; (2) that the Navigator 22 did not meet these standards; and/or (3) if the plaintiff claims that the Navigator 22 did not meet the qualifications set forth in paragraphs 10 and 11, that the Navigator 22's lack of such features was a substantial factor in causing the subject accident and injuries? Does the plaintiff allege that the Navigator 22 was defective in any respect other than the height of its guard rails? Does the plaintiff allege that any other standards are applicable to the Navigator 22 which were not satisfied by the Navigator 22's design or manufacture? Please answer these questions and identify each and every way in which you contend that the Navigator 22 was defective, and which defect was a substantial factor in causing the plaintiff's decedent's accident and injuries. If the plaintiff fails or refuses to identify the alleged defects in the subject vessel, Sea Hunt Boats intends to make this refusal the basis of a motion to preclude the plaintiff from asserting theories of product defect not explicitly identified to Sea Hunt Boats at trial.

Your production also includes a copy of page 11 and the back cover to a brochure published by Sea Hunt Boats. Does that plaintiff assert that any other printed or otherwise communicated statement or representation made by Sea Hunt Boats serves as a basis for liability to the plaintiff? If so, please identify any such document or statement to us at your very earliest convenience. If the plaintiff fails or refuses to identify any such alleged statements by Sea Hunt Boats concerning the subject vessel which the plaintiff claims support's her claim of liability against Sea Hunt Boats, Sea Hunt Boats will make this refusal the basis of a motion to preclude the plaintiff from asserting theories of liability based on statements attributed to Sea Hunt Boats at trial.

The plaintiff's failure to identify specifically the alleged defects or statements upon which her claim of product liability is based may be the result of the parties' inability to serve interrogatories requiring specification of the plaintiff's theory of product defect. Nevertheless, Sea Hunt Boats is entitled to know the plaintiff's theory of product defect and the Court plainly contemplated that the plaintiff's mandatory disclosure would provide this information to the defendants. The Court's discussion surrounding its decision that mandatory disclosure would serve in lieu of formal written discovery manifested an intention that there be a consequence to a party's failure to provide full and fair disclosure. It is imperative that we know the plaintiff's theory of product defect before substantive discovery begins with depositions to be scheduled in August.

Please contact me in writing with a complete list of any defect(s) which the plaintiff alleges were present in the subject Navigator 22, and which the plaintiff contends was a substantial factor in causing her decedent's accident and injuries. If you contend that any

**MURPHY, HESSE, TOOMEY & LEHANE, LLP.**

Timothy M . Barouch
July 12, 2004
Page 3


statement made by Sea Hunt Boats was a substantial factor in causing the plaintiff's decedent's accident and injuries, please identify each such statement specifically by substance, date and mode.  Please provide the information requested in this letter at your very earliest convenience and at the latest, on or before July 30, 2004.

I look forward to your reply.

Very truly yours,


William P. Breen, Jr.


WPB/jm
cc:    David W. McGough, Esq.
       David C. Stadolnik, Esq.
       Philip M. Hirshberg, Esq.

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * *
ZHANNA CHIZHIK,                    *
Administratrix of the Estate       *
of Grigory Chizhik,                *      C.A. NO.:    04-10106-JLT
          Plaintiff                *
                                   *
v.                                 *
                                   *
SEA HUNT, INC., TROPICLAND         *
MARINE AND TACKLE, INC., and       *
GREGORY ZILBERMAN,                 *
          Defendants               *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## PLAINTIFF ZHANNA CHIZHIK'S SWORN STATEMENT

Pursuant to Local Rule 26.1(B)(1) the plaintiff, Zhanna Chizhik ("Ms. Chizhik")

makes the following sworn statement:

A.    Itemization of economic loss and a computation of damages

This is an action for wrongful death of Ms. Chizhik's husband, Grigory Chizhik.

As such, the plaintiff seeks damages in wrongful death including, but not limited to the

following: lost wages, conscious pain and suffering, loss of consortium, and other

categories of damages related to the wrongful death of her husband, Grigory Chizhik.

These damages are not capable of precise itemization at this time.

B.    Persons known who witnessed and/or participated in the occurrence giving rise to this claim or otherwise known or believed to have substantial discoverable information about the claim or defenses:

1. Amir Lashgari (believed to have been aboard the boat);

2. Gregory Zilberman (believed to have been aboard the boat);

3. U.S. Coast Guard personnel (believed to have been involved in a search and rescue mission);

4. Eric McDonald (believed to have come upon the boat after it capsized);

5. Representatives from Defendant Sea Hunt (concerning alleged defects and breaches of warranties of the boat); and

6. Representatives from defendant Tropicland Marine and Tackle (concerning alleged defects and breaches of alleged warranties of the boat).


C.    Opposing parties, officers, directors and employees from who statements have been obtained by the claimant:

        None.


D.    All government agencies now known to claimant or the claimant's attorney that have investigated the occurrence giving rise to this claim:

        The United States Coast Guard.  Plaintiff has produced copies of documents produced by the Coast Guard pursuant to plaintiff's FOIA request in this matter.

Plaintiff Zhanna Chizik states under the pains and penalties of perjury that the above

information is correct as of the date of this document, based upon information and belief.

_____
ZHANNA CHIZHIK

ZHANNA CHIZHIK,

By her attorneys,


_____
DAVID B. KAPLAN, BBO#258540
TIMOTHY M. BAROUCH, BBO#644044
THE KAPLAN/BOND GROUP
BOSTON FISH PIER
WEST BUILDING, SUITE 304
BOSTON, MA 02210
(617) 261-0080

April 30 , 2004

3

## CERTIFICATE OF SERVICE

I, Timothy M. Barouch, hereby certify that on May 3, 2004, I served a copy of the
following document:

      1.     Plaintiff Zhanna Chizhik's Sworn Statement

By mailing same first class postage prepaid to:

William P. Breen, Esquire
Murphy, Hesse, Toomey & Lehane, LLP
Crown Colony Plaza
300 Crown Colony Drive, Suite 410
PO Box 9126
Quincy, MA 02269

Philip M. Hirshberg, Esquire
Morrison, Mahoney & Miller, LLP
250 Summer Street
Boston, MA 02210

David C. Stadolnik, Esquire
Smith & Brink P.C.
122 Quincy Shore Drive
Quincy, MA 02171

Marci J. Shyavitz, Esquire
Cornell & Gollub
75 Federal Street
Boston, MA 02110

TIMOTHY M. BAROUCH, ESQUIRE

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * *
ZHANNA CHIZHIK,                    *
Administratrix of the Estate       *
of Grigory Chizhik,                *        C.A. NO.:     04-10106-JLT
         Plaintiff                 *
                                   *
v.                                 *
                                   *
SEA HUNT, INC., TROPICLAND         *
MARINE AND TACKLE, INC., and       *
GREGORY ZILBERMAN,                 *
         Defendants                *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## PLAINTIFF ZHANNA CHIZHIK'S SWORN STATEMENT

Pursuant to Local Rule 26.1(B)(1) the plaintiff, Zhanna Chizhik ("Ms. Chizhik")

makes the following sworn statement:

A.      Itemization of economic loss and a computation of damages

This is an action for wrongful death of Ms. Chizhik's husband, Grigory Chizhik.

As such, the plaintiff seeks damages in wrongful death including, but not limited to the

following: lost wages, conscious pain and suffering, loss of consortium, and other

categories of damages related to the wrongful death of her husband, Grigory Chizhik.  I

have been informed by my counsel that I currently am seeking the following damages:

Plaintiffs seek recovery for wrongful death damages, including but not limited to

lost wages, loss of consortium, other pecuniary loss, conscious pain and suffering, and

other damages.   These damages include:

Lost wages— $24,600 x  12.8493 (14.8 years work life expectancy reduced to present

value) =  $316,092.78

Funeral expenses-- $8,422.40

Loss of Consortium— $24,600 x 31.0 years = $762,600

Conscious pain and suffering-- $500,000

Total computed damages-- $1,587,115.10


B.      Persons known who witnessed and/or participated in the occurrence giving rise to

this claim or otherwise known or believed to have substantial discoverable information

about the claim or defenses:

1. Amir Lashgari (believed to have been aboard the boat);

2. Gregory Zilberman (believed to have been aboard the boat);

3. U.S. Coast Guard personnel (believed to have been involved in a search and rescue

mission);

4. Eric McDonald (believed to have come upon the boat after it capsized);

5. Representatives from Defendant Sea Hunt (concerning alleged defects and breaches of

warranties of the boat); and

6. Representatives from defendant Tropicland Marine and Tackle (concerning alleged

defects and breaches of alleged warranties of the boat).

7. All individuals listed on the various disclosures of defendants in this matter.

8.  Relevant medical providers already identified.


C.      Opposing parties, officers, directors and employees from who statements have

been obtained by the claimant:

        None.


2

D.    All government agencies now known to claimant or the claimant's attorney that
have investigated the occurrence giving rise to this claim:

The United States Coast Guard. Plaintiff has produced copies of documents
produced by the Coast Guard pursuant to plaintiff's FOIA request in this matter.

Any entity listed on the disclosures of the each defendant in this matter.

Plaintiff Zhanna Chizik states under the pains and penalties of perjury that the above
information is correct as of the date of this document, based upon information and belief.

ZHANNA CHIZHIK

ZHANNA CHIZHIK,

By her attorneys,


DAVID B. KAPLAN, BBO#258540
TIMOTHY M. BAROUCH, BBO#644044
THE KAPLAN/BOND GROUP
BOSTON FISH PIER
WEST BUILDING, SUITE 304
BOSTON, MA 02210
(617) 261-0080

June 4, 2004

3

## CERTIFICATE OF SERVICE

I, Timothy M. Barouch, hereby certify that on June 4, 2004, I served a copy of the following document:

      1.    Plaintiff Zhanna Chizhik's Sworn Statement

By mailing same first class postage prepaid to:

William P. Breen, Esquire
Murphy, Hesse, Toomey & Lehane, LLP
Crown Colony Plaza
300 Crown Colony Drive, Suite 410
PO Box 9126
Quincy, MA 02269

Philip M. Hirshberg, Esquire
Morrison, Mahoney & Miller, LLP
250 Summer Street
Boston, MA 02210

Lauren Motola-Davis, Esquire
Morrison, Mahoney & Miller, LLP
250 Summer Street
Boston, MA 02210

David C. Stadolnik, Esquire
Smith & Brink P.C.
122 Quincy Shore Drive
Quincy, MA 02171

David McGough, Esq.
Cornell & Gollub
75 Federal Street
Boston, MA 02110

_Timothy M. Barouch_ (rb)
TIMOTHY M. BAROUCH, ESQUIRE