UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10106JLT

ZHANNA CHIZHIK, )
Administratrix of the Estate )
of Grigory Chizhik, )
    Plaintiff )
 )
v. )
 )
SEA HUNT BOATS, INC., )
TROPICLAND MARINE )
AND TACKLE, INC., and )
GREGORY ZILBERMAN, )
    Defendants. )

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
FOR LEAVE TO SERVE INTERROGATORIES ON PLAINTIFF**

**I.    Introduction**

Defendant Sea Hunt Boats, Inc. ("Sea Hunt Boats") moves the Court to allow its Motion for Leave to Serve Interrogatories on Plaintiff. Plaintiff brought this action for wrongful death after her husband died when the boat he was fishing in, a Navigator 22, capsized in Boston Harbor. In her Complaint, Plaintiff alleges that Sea Hunt Boats, which manufactured the Navigator 22, is liable for defective design and manufacture but fails to plead with any facts which cast light on the defect(s) alleged. The Plaintiff's disclosure made pursuant to Rule 26 of the Federal Rules of Civil Procedure and the Court's Discovery Order, did not identify any defect that was allegedly present in the boat with specificity. The Defendant urgently requires the opportunity to discover the Plaintiff's theory of liability/product defect in order to prepare its defense. Accordingly, the Defendant has requested leave of the Court to serve 5 interrogatories on Plaintiff which are designed to require disclosure of

the Plaintiff's theory of liability and the alleged defect(s) that support that theory. *See* Exhibit A, Def.'s Interrogatories. Furthermore, Defendant seeks all costs and fees associated with preparing and presenting this motion.

## II. Facts

This is a wrongful death action brought by Plaintiff whose husband decedent, Gregory Chizhik, died shortly after the boat he was fishing in capsized in Boston Harbor. Plaintiff alleges that Defendant Sea Hunt Boats, designed, manufactured and marketed for sale the Navigator 22 involved in this incident.

In her Complaint, Plaintiff alleges that "the Navigator 22 was and is defective and unreasonably dangerous in the following ways: it has a defective design, was defectively manufactured, Sea Hunt failed to warn purchasers, operators, and passengers of its risks, and failed in other respects that will be shown at trial." *See* Pl.'s Comp., Page 3, ¶ 16, attached as Exhibit B to the Defendant's motion. Plaintiff further alleges that "Defendant Sea Hunt expressly warranted that the Navigator 22 was fit for use on coastal waters, and that it would provide quality, performance, and fishability in those conditions." *See* Pl.'s Comp., Page 5, ¶ 28, Ex. B. To date, Plaintiff has disclosed no facts or specific allegations which might apprise the Defendant of what the Plaintiff claism was wrong with the subject boat.

The Court issued a Discovery Order on March 29, 2004. *See* Discovery Order, attached as Ex. C. The Discovery Order requires the parties to exchange and review information in accordance with Local Rule 26.2(A), sworn statements in accordance with Local Rule 26.1(B), and a list of persons they wish to depose. *See* Discovery Order, Ex. C. Additionally, the Discovery Order states that the parties shall, without awaiting a discovery request, provide to other parties the following

information:

    (A)    the name and, if known, the address and telephone number of each individual likely to have discoverable information *relevant to disputed facts alleged with particularity in the pleadings*, identifying the subjects of the information and

    (B)    a copy of, or a description by category and location of, documents, data compilations, and tangible things in the possession, custody, or control of the party that are *relevant to disputed facts alleged with particularity in the pleadings*.

*See* Discovery Order, Ex. C (*emphasis added*).

Plaintiff's Initial Disclosures fail to specifically identify the defects she alleges were present in the Navigator 22 at the time of the incident or any theory of liability. *See* Pl.'s Initial Disclosures, attached as Ex. D. Defendant has made numerous attempts to obtain this information from Plaintiff, including phone calls and letters. *See* Defendant's Letters, attached as Exhibits E and F. The Plaintiff filed two sworn statements purporting to address Defendant's concerns, but neither statement identifies the alleged defect, Plaintiff's theory of liability or any facts that support her claims against Defendant. *See* Pl.'s Sworn Statements, attached as Ex. G and H.

### III.  Argument

The Court should allow Defendant's motion because Plaintiff's failure to provide adequate information about her case has severely handicapped Defendant's ability to prepare its defense. Rule 26 states that a party shall, without awaiting a discovery request, provide to other parties information about the case including the names of individuals with discoverable information and copies or descriptions of documents that the disclosing party may use to support its claims or defenses. *See* Mass.R.Civ.P. 26. The Court's Discovery Order is even broader and, in lieu of propounding

discovery upon each other, requires the parties to provide each other with the names of individuals likely to have discoverable information and copies or descriptions of documents that are relevant to disputed facts alleged with particularity in the pleadings. *See* Court's Discovery Order, Ex. B. Thus far, Plaintiff has not provided Defendant with even the most basic information about her case that is plainly relevant to her action against it.

Rule 26 is designed to accelerate the exchange of basic information and eliminate the paperwork involved in obtaining such information. *See Lotus Development Corp. v. Securities Litigation*, 875 F.Supp. 48, 50 (1995). "More colorfully put, the [advisory] committee set out to slay the twin dragons of cost and delay." *Id.* Rule 26 is supposed "to reduce the cost and delay of obtaining plainly relevant core information, while limiting the opportunities to obstruct and delay the disclosure of such information." William W. Schwarzer, *In Defense of "Automatic Disclosure in Discovery,"* 27 Ga.L.Rev. 655, 660 (1993).

Plaintiff has not adequately complied with Rule 26's automatic disclosures requirement nor the Court's Discovery Order. In her Automatic Disclosures, Plaintiff identifies the only individuals she identifies are presumably several witnesses to the incident and the only documents she identifies are the Coast Guard's search and rescue documents. *See* Pl.'s Disclosures, Ex. D. By letter dated May 10, 2004, defense counsel brought to Plaintiff's attention the fact that she had not yet disclosed her theory of liability and asked her to specifically state each defect that was allegedly present in the Navigator 22 at the time of the incident. *See* Letter, Ex. E. Plaintiff's sworn statement, provided in response to defense counsel's letter, fails to address this concern and contains no reference to a theory of liability or a specific defect in the Navigator 22. *See* Sworn Statement, Ex. G. Defense counsel again wrote Plaintiff, on July 12, 2004 to request that she identify each and every product

4

defect that she alleges was present in the Navigator 22 at the time of the incident. *See* Letter, Ex. F. Additionally, defense counsel asked Plaintiff to identify any applicable industry standards and to state whether Sea Hunt Boats had many any statements to Plaintiff or decedent that might constitute an express warranty. *See* Letter, Ex. F. While Plaintiff provided Defendant with another sworn statement, she once again failed to disclose any of the requested, indeed, required information. *See* Sworn Statement, Ex. H.

Plaintiff's recalcitrant posture has effectively halted the exchange of relevant information contemplated by Rule 26 and the Court's Discovery Order. Simply put, Defendant must know what Plaintiff's specific claims against it are before it can reasonably be expected to prepare its defense.

Despite repeated requests, Plaintiff has failed or refused to state her theory of liability, any facts which support her claims, or to identify any specific defect that was allegedly present in the Navigator 22 on the date of the incident. While the Court sought to obviate the need for written discovery by issuing the Discovery Order, Defendant submits that interrogatories are now required. It is imperative that Plaintiff be forced to disclose specific information to support the allegations of her Complaint. Defendant has tailored five (5) interrogatories to elucidate the nature of Plaintiff's claims against it. *See* Def.'s Interrogatories, Ex. A. Defendant asserts that the information sought by its interrogatories is relevant information to Plaintiff's case which she has thus far been unwilling to disclose.

## IV. Conclusion

For all the reasons state above, Defendant requests that this Honorable Court allow its Motion for Leave to Serve Interrogatories on Plaintiff. In addition, Defendants requests that the Court order Plaintiff to pay all costs and fees associated with this Motion.

The Defendant,

Sea Hunt Boats, Inc.
By Its Attorneys,

William P. Breen, Jr., Esq., BBO #558768
Rebecca L. Andrews, Esq., BBO #644846
Murphy, Hesse, Toomey & Lehane, LLP
300 Crown Colony Drive, Suite 410
P.O. Box 9126
Quincy, MA 02269-9126

**CERTIFICATION OF SERVICE**

The undersigned attorney hereby certifies that on this 16th day of December 2004, he served a copy of the foregoing document, via first class mail, upon the following:

David B. Kaplan, Esq.
The Kaplan/Bond Group
Boston Fish Pier
West Building, Suite 304
Boston, MA 02210

Lauren Motola-Davis, Esq.
Philip M. Hirshberg, Esq.
Morrison, Mahoney & Miller, LLP.
250 Summer Street
Boston, MA 02210

David W. McGough, Esq.
Marci Shyavitz, Esq.
Cornell & Golub
75 Federal Street
Boston, MA 02110

David C. Stadolnick, ESq.
Smith & Brink P.C.
122 Quincy Shore Drive
Quincy, MA 02171

_____
William P. Breen, Jr.