UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * *
ZHANNA CHIZHIK,                      *
Administratrix of the Estate         *
of Grigory Chizhik,                  *    C.A. NO.:  04-10106-JLT
       Plaintiff                     *
v.                                   *
                                     *
SEA HUNT, INC., TROPICLAND           *
MARINE AND TACKLE, INC., and         *
GREGORY ZILBERMAN,                   *
       Defendants                    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

**PLAINTIFF'S OPPOSITION TO DEFENDANT SEA HUNT, INC.'S
MOTION FOR LEAVE TO SERVE INTERROGATORIES ON PLAINTIFF**

The Plaintiff submits this opposition to Defendant Sea Hunt, Inc.'s ("Sea Hunt") Motion for Leave to Serve Interrogatories on Plaintiff.  The Plaintiff opposes Sea Hunt, Inc.'s Motion for Leave on the grounds that the Defendant Sea Hunt itself has continuously failed and refused to produce documents in compliance with this Court's Discovery Order, dated March 29, 2004 [Document ("Doc.") #14], as well as, this Court's Order, entered on October 25, 2004, which granted Plaintiff's Motion to Compel [Doc. #28], and therefore, should not be allowed to obtain additional discovery from the Plaintiff. Contrary to the Defendant's allegations, it is the Defendant, not the Plaintiff, who has flouted Judge Tauro's orders in avoiding its obligation to produce what the court previously ordered on two (2) separate occasions.  However, to date, the Defendant Sea Hunt's responses have been wholly inadequate.  In further support of this opposition, the Plaintiff states as follows:

Once again it becomes clear that the Defendant Sea Hunt continues to "churn" this case by failing to respond to the order which granted Plaintiff's Motion to Compel [Doc. #28], dated October 4, 2004, and seeks to place the burden and blame upon the Plaintiff.

As proof thereof, due to the Defendant Sea Hunt's failure to respond to the many, many telephone conversations and writings, it became necessary for the Plaintiff to file her Motion to Compel [Doc. #28] and supporting memorandum of law [Doc. #29].

Plaintiff's Motion to Compel, sought, among other things, design blueprints, drawings, or other documents related to the design or manufacture of the Navigator 22; marketing or trade show documents, or other documents relating to the distribution, marketing, and warranties provided by Sea Hunt; evidence of sea trials or other testing by Sea Hunt indicating the Navigator 22 was seaworthy or designed for use on the ocean; an owner's manual for the Navigator 22; and correspondence between Sea Hunt and Defendant Tropicland.

Sea Hunt is obligated to produce "all documents … that [Sea Hunt] may use to support its claims or defenses, unless solely for impeachment." *Fed. R. Civ. P. 26.* The Plaintiff has brought claims for strict liability, breach of warranties, negligence, and wrongful death. The documents identified in Plaintiff's Motion to Compel are all within the scope of *Fed. R. Civ. P. 26(a),* and represent "… copies of or descriptions of documents, data compilations, and other tangible things that the party has within its control that it *may use to support its claims or defenses.*"

By Order, dated October 25, 2004, the Court granted Plaintiff's Motion to Compel. However, the Defendant Sea Hunt failed to produce the responsive documents within the time permitted by the Order (*i.e.,* twenty (20) days), which, as a consequence thereof, necessitated the Plaintiff to file her Motion for Sanctions Due to Defendant Sea Hunt, Inc's Failure to Comply with Court Order on November 23, 2004 [Doc. #33]. Only <u>after</u> the filing of said motion, did the Defendant Sea Hunt produce responses. Defendant Sea Hunt submitted its opposition to the

Plaintiff's motion for Sanctions on November 23, 2004 [Doc #34]. The Court denied Plaintiff's Motion for Sanctions on December 6, 2004.

By letter dated, November 23, 2004, Defendant Sea Hunt served Supplemental Production of Documents Pursuant to Fed. R. Civ. P. 26(a).  The materials included: (i) Sea Hunt Boat Mfg. Co., Inc Registration Card (and card indicating sold to Gregory Zilberman) and Limited Warranty; (ii) Invoice from Sea Hunt Boat Mfg. Co., Inc. to Tropicland Marine & Tackle; (iii) Catalog/brochure containing photographs of vessels, including the Navigator 22; and (iv) Two (2) "sketches," presumably of the Navigator 22, none of which were responsive to the Court's order which granted Plaintiff's motion to compel the production of the plans and specifications of the Navigator 22.

The only documents that the Defendant Sea Hunt produced that bear any semblance to "design blueprints, drawings, or other documents related to the design or manufacture of the Navigator 22" were two (2) "sketches," presumed to be that of the Navigator 22.  The Plaintiff has brought specific claims concerning the design that Sea Hunt presumably will defend. To this end, Sea Hunt has only identified the two (2) "sketches" as constituting the sole basis for the design and manufacture of the Navigator 22.  If specific "design blueprints, drawings, or other documents related to the design or manufacture of the Navigator 22" exist, the Defendant must produce said documents pursuant to Fed. R. Civ. P. 26(a).  On the other hand, if the Defendant does not possess such plans and specifications, the Defendant must so state.

The death and injuries in this case were caused when the Navigator 22 capsized in the Boston Harbor.  Clearly, the Plaintiff and her experts are entitled to examine the plans and specifications that were used by the Defendant in the design and manufacturing of the Navigator 22. The "sketches" are a far cry from plans and specifications used in the design and

manufacturing of the Navigator 22.  Under Fed. R. Civ. P. 26, Defendant Sea Hunt is obligated to produce "all documents … that [Sea Hunt] may use to support its claims or defenses …"  If the Defendant intends to defend this action, such plans and specifications must be produced. In order to properly present the evidence, the Plaintiff is entitled to the production of the plans and specifications of the Navigator 22, and the Defendant's filings, to date, are non-responsive.

The Plaintiff's allegations and complaint provide to the Defendant with notice of her claims and are adequate under Fed. R. Civ. P. 8(a).  *See Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 68 (1st Cir. 2004) (the notice pleading requirements of Fed.R. Civ. P. 8 (a)(2) are minimal).  If such plans and specifications exist, and are produced in accordance with the Court's order, then the Plaintiff will have such plans and specifications inspected by her experts.  Thereafter, the Plaintiff will be able to identify the specific defects to the Defendant, as she would in the ordinary course through her expert disclosures.

Based on the foregoing, Sea Hunt has failed to provide any documents related to the design, manufacture or distribution of the Navigator 22.  The Plaintiff has brought specific claims concerning the design that Sea Hunt presumably will defend.  The Plaintiff cannot prepare for trial adequately without the documents that Sea Hunt may use to support its claims or defenses.

5

**WHEREFORE**, the Plaintiff respectfully requests that this Court deny Defendant Sea Hunt's Motion for Leave of Court to Serve Interrogatories on Plaintiff.

Respectfully submitted,
by her attorney,


/s/ David B. Kaplan
DAVID B. KAPLAN, ESQUIRE
BBO # 258540
THE KAPLAN/BOND GROUP
88 Black Falcon Avenue, Suite 301
BOSTON, MA 02210
(617) 261-0080

Date:   December 23, 2004