UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * *
ZHANNA CHIZHIK,                           *
Administratrix of the Estate              *
of Grigory Chizhik,                       *      C.A. NO.:    04-10106-JLT
      Plaintiff                           *
                                          *
v.                                        *
                                          *
SEA HUNT, INC., TROPICLAND                *
MARINE AND TACKLE, INC., and              *
GREGORY ZILBERMAN,                        *
      Defendants                          *
* * * * * * * * * * * * * * * * * * * * * * * *
```

**PLAINTIFF ZHANNA CHIZHIK'S ASSENTED TO MOTION TO
EXTEND DEADLINES TO DISCLOSE EXPERT WITNESSES, TO CONDUCT
EXPERT DEPOSITIONS AND TO AMEND SCHEDULING ORDER ACCORDINGLY**

Plaintiff Zhanna Chizhik hereby respectfully moves this Court to extend the deadline for the plaintiff to disclose her expert for an additional twenty-one (28) days or until June 3, 2005. As grounds for this motion, the plaintiff states the deadline for disclosing expert witnesses is Friday, May 6, 2005. However, the individual who the plaintiff has retained as an expert witness, Dr. Kenneth Fisher of Fisher Maritime Transportation Counselors, Inc., Florham Park, NJ, is currently on vacation and unavailable to the plaintiff until his return on May 13, 2005, and therefore, is unable to provide a report by May 6, 2005. In further support of this motion, plaintiff states as follows:

In order for Dr. Fisher to prepare a report, he must first be allowed to inspect the Sea Hunt Boats. Inc.'s Navigator 22, the boat at issue in this action. Despite efforts to identify a Navigator 22 for inspection over the past several months, it was only recently that plaintiff was able to secure a Navigator 22 for inspection. On April 25, 2005, counsel and Dr. Fisher

performed a non-destructive inspection of a Navigator 22, owned by Gregory Zilberman.[1] Given Dr. Fisher's schedule, April 25, 2005 was the earliest available time for Dr. Fisher to view and inspect the Navigator 22.

Unfortunately, counsel was unaware of Dr. Fisher's impending vacation plans.

In addition to plaintiff's request to extend the deadline for identifying plaintiff's experts, the defendants require additional time to disclose defendants' respective experts. In turn, the parties also request additional time in order to conduct the depositions of such experts.

The parties request an additional twenty-eight (28) days, from the deadlines established in Defendant Sea Hunt Boats, Inc.'s Assented to Motion to Extend Deadline for Discovery and Filing Motions [Docket no. 42], to allow defendants to identify experts and for the parties to depose said experts. Accordingly, the requested extensions and related deadlines are as follows:

1. Plaintiff shall identify her experts pursuant to Fed.R.Civ.P. 26(a)(2) on or before June 3, 2005.

2. Defendants shall identify their experts pursuant to Fed.R.Civ.P. 26(a)(2) on or before July 15, 2005.

3. Plaintiff's experts shall be deposed by July 12, 2005.

4. Defendant's experts shall be deposed by August 26, 2005.

---

[1] On March 30, 2005, a Stipulation of Dismissal With Prejudice as to All Claims Against Gregory Zilberman **Only**, was filed with the permission of all counsel. After the allowance of the Stipulation of Dismissal, plaintiff's counsel engaged Mr. Zilberman for the purpose of inspecting his Navigator 22. Mr. Zilberman was the owner of the Navigator 22 involved in the incident alleged in plaintiff's complaint. Mr. Zilberman purchased another Navigator 22, a newer model, after the incident alleged in the complaint and it was this Navigator 22, which Dr. Fisher inspected.

In further support of this motion, the undersigned attorney states that he has discussed the motion with counsel for the Co-Defendants and has determined that they assent to this motion.

**WHEREFORE,** this plaintiff moves this Court to extend the deadline for the plaintiff to disclose her expert for an additional twenty-one (28) days or until June 3, 2005. The parties also request an additional twenty-eight (28) days to allow defendants to identify experts, for the parties to depose said experts as stated above and to amend the scheduling order accordingly.

|  |  |
|---|---|
|  | The Plaintiff,<br>Zhanna Chizhik, Administratrix<br>of the Estate of Grigory Chizhik<br>By her attorneys, |
|  |   /s/ David B. Kaplan<br>David B. Kaplan, Esq., BBO#258540<br>THE KAPLAN/BOND GROUP<br>88 Black Falcon Avenue, Suite 301<br>Boston, MA 02210 |
| Dated: May 6, 2005 | (617) 261-0080 |
|  | The Defendant,<br>SEA HUNT BOATS, INC. |
|  |   /s/ William P. Breen (with Permission)<br>William P. Breen, Esq., BBO#558768<br>Rebecca L. Andrews, Esq., BBO#644846<br>Murphy, Hesse, Toomey & Lehane, LLP<br>Crown Colony Plaza<br>300 Crown Colony Drive, Suite 410<br>PO Box 9126<br>Quincy, MA 02269<br>(617) 479-5000 |

          The Defendant,
          TROPICLAND MARINE and TACKLE, INC.

           /s/ Richard E. Heifiitz (with Permission)
          Richard E. Heifitz, Esq.
          James T. Scamby, Esq., BBO#629144
          Tucker, Heifitz & Saltzman
          Three School Street
          Boston, MA  02108
          (617) 557-9696


## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

  The undersigned attorney certifies that prior to filing the above motion, he conferred in good faith with all counsel to narrow the issues raised by this motion.  The undersigned attorney has determined that all counsel assents to the present motion.


           /s/  David B. Kaplan
            DAVID B. KAPLAN