UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
ZHANNA CHIZHIK,                              \*
Administratrix of the Estate                 \*
of Grigory Chizhik,                          \*    C.A. NO.:    04-10106-JLT
    Plaintiff                                \*
                                             \*
v.                                           \*
                                             \*
SEA HUNT, INC., TROPICLAND                   \*
MARINE AND TACKLE, INC., and                 \*
GREGORY ZILBERMAN,                           \*
    Defendants                               \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF ZHANNA CHIZHIK'S EMERGENCY MOTION FOR
RECONSIDERATION OF THE COURT'S ORDER DENYING PLAINTIFF'S
ASSENTED TO MOTION TO EXTEND DEADLINES TO DISCLOSE
EXPERT WITNESSES, TO CONDUCT EXPERT DEPOSITIONS
<u>AND TO AMEND SCHEDULING ORDER ACCORDINGLY</u>**

Plaintiff Zhanna Chizhik hereby respectfully moves this Court to reconsider its order, entered on May 10, 2005, denying Plaintiff's Assented to Motion to Extend Deadlines to Disclose Expert Witnesses to Conduct Expert Depositions and to Amend Scheduling Order Accordingly [Docket No. 46]. As grounds for this motion, counsel states that he inadvertently and mistakenly failed to request extensions of other discovery deadlines, in addition to the extension of the deadline to conduct factual depositions (non-experts) as was indicated in Plaintiff's Assented to Motion to Extend Deadline for Discovery and Filing Motions [Docket No. 45], dated April 6, 2005. In further support of this motion, Plaintiff states as follows:

On April 6, 2005, plaintiff filed an Assented to Motion to Extend Deadline for Discovery and Filing Motions [Docket No. 45]. The reasons for the requested extension included Plaintiff's counsel's surgery and Defendant Sea Hunt's counsel's trial schedule [Docket No. 45]. Plaintiff

1

inadvertently requested the court to extend the deadline for the parties to conduct all factual depositions (non-expert witnesses) for an additional forty-five (45) days or until June 2. 2005. Looking back, plaintiff should have requested an extension of all deadlines, given counsel's surgery and the difficulty counsel experienced in trying to secure a Sea Hunt Boat, Inc.'s Navigator 22 to view and inspect, as detailed in Plaintiff's Assented to Motion to Extend Deadlines to Disclose Expert Witnesses to Conduct Expert Depositions and to Amend Scheduling Order Accordingly [Docket No. 46].

In said motion [Docket No. 46], the plaintiff indicated that despite efforts to identify a Navigator 22 for inspection over several months, it was only recently that plaintiff was able to secure a Navigator 22 for her retained expert, Dr. Kenneth Fisher of Fisher Maritime Transportation Counselors, Inc., Florham Park, NJ, to inspect. On April 25, 2005, counsel and Dr. Fisher performed a non-destructive inspection of a Navigator 22, owned by Gregory Zilberman.[1] Given Dr. Fisher's schedule, April 25, 2005 was the earliest available time for Dr. Fisher to view and inspect the Navigator 22.

Unfortunately, counsel was unaware of Dr. Fisher's impending vacation that rendered him unavailable through May 13, 2005, and which necessitated the filing of said motion [Docket No. 46] requesting extensions of the deadlines with respect to disclosure of expert witnesses and to conduct expert depositions.

In addition to plaintiff's request to extend the deadline for identifying plaintiff's experts, the defendants required additional time to disclose defendants' respective experts. In turn, the

---

[1] On March 30, 2005, a Stipulation of Dismissal With Prejudice as to All Claims Against Gregory Zilberman **Only**, was filed with the permission of all counsel. After the allowance of the Stipulation of Dismissal, plaintiff's counsel engaged Mr. Zilberman for the purpose of inspecting his Navigator 22. Mr. Zilberman was the owner of the Navigator 22 involved in the incident alleged in plaintiff's complaint. Mr. Zilberman purchased another Navigator 22, a newer model, after the incident alleged in the complaint and it was this Navigator 22, which Dr. Fisher inspected.

plaintiff requested an additional twenty-eight (28) days, from the deadlines established in Defendant Sea Hunt Boats, Inc.'s Assented to Motion to Extend Deadline for Discovery and Filing Motions [Docket no. 42], to allow defendants to identify experts and for the parties to depose said experts. Accordingly, the requested extensions and related deadlines were as follows:

1. Plaintiff shall identify her experts pursuant to Fed.R.Civ.P. 26(a)(2) on or before June 3, 2005.

2. Defendants shall identify their experts pursuant to Fed.R.Civ.P. 26(a)(2) on or before July 15, 2005.

3. Plaintiff's experts shall be deposed by July 12, 2005.

4. Defendant's experts shall be deposed by August 26, 2005.

If the court is averse to extending all the deadlines referenced in the motion [Docket No. 46], alternatively, the plaintiff requests an extension to disclose her expert witnesses only, and allow the remaining deadlines to conform to those established in the Defendant Sea Hunt Boats, Inc.'s Assented to Motion to Extend Deadline for Discovery and Filing Motions [Docket No. 42] and Plaintiff's Assented to Motion to Extend Deadline for Discovery and Filing Motions.

In further support of this motion, the undersigned attorney states that the Co-Defendants will not be prejudiced by the court's reconsideration of its denial of Plaintiff's Assented to Motion to Extend Deadlines to Disclose Expert Witnesses to Conduct Expert Depositions and to Amend Scheduling Order Accordingly [Docket No. 46], because said motion was filed with the assent of all parties.

**WHEREFORE,** this plaintiff respectfully requests this Court reconsider its order entered on May 10, 2005, denying Plaintiff's Assented to Motion to Extend Deadlines to Disclose Expert Witnesses and to allow for an extension of deadline for the plaintiff to disclose her expert for an additional twenty-one (28) days or until June 3, 2005, and an additional twenty-eight (28) days to allow defendants to identify experts, for the parties to depose said experts and to amend the scheduling order accordingly.

        The Plaintiff,
Zhanna Chizhik, Administratrix
of the Estate of Grigory Chizhik
By her attorneys,

  /s/ David B. Kaplan, Esq.
David B. Kaplan, Esq., BBO#258540
THE KAPLAN/BOND GROUP
88 Black Falcon Avenue, Suite 301
Boston, MA  02210

Dated:  May 11, 2005       (617) 261-0080

4

5