UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10106JLT

|  |  |
|---|---|
| ZHANNA CHIZHIK, Administratrix of the Estate of Grigory Chizhik, Plaintiff<br><br>v.<br><br>SEA HUNT BOATS, INC., TROPICLAND MARINE AND TACKLE, INC., and GREGORY ZILBERMAN, Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT SEA HUNT BOATS, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT ORDER**

The Defendant Sea Hunt Boats, Inc. hereby respectfully moves the Court to deny the Plaintiff's Motion for Reconsideration of the Court's Order Denying Plaintiff's Assented to Motion to Extend Deadlines to Disclose Expert Witnesses, to Conduct Expert Depositions and to Amend Scheduling Order Accordingly. In her motion, the Plaintiff seeks relief from the Court's Order of March 10, 2005 denying her request for an extension of time to disclose expert witnesses.[1]

As grounds therefore, the Defendant states that it is inappropriate to use a motion for reconsideration as a vehicle to re-traverse covered terrain simply because the motion's proponent is unhappy with the court's order. In further support of this opposition, the Defendant states that the Court should deny that Plaintiff's Motion for Reconsideration because (1) the Court has a strong

---

[1] On June 3, 2005, the Plaintiff filed her Expert Witness Disclosure, almost a month after the deadline for doing so (May 6, 2005) expired and despite the Court's denial of her request for an extension of time to do so. The Defendant addresses the Plaintiff's Expert Witness Disclosure in a Motion to Strike, filed concurrently with this motion.

interest in enforcing case-management deadlines, and (2) the reasons offered by Plaintiff's counsel for failing to comply with their deadline for disclosing expert witness do not rise to the level of excusatory circumstances which would justify reconsideration of the Court's prior Order.

Under the initial discovery order [Docket #14], the Plaintiff had until March 7, 2005 to disclose her experts. That deadline was extended until May 6, 2005 when the Court allowed an assented to motion [Docket #42] to extend discovery deadlines by sixty (60) days. In its Order, the Court advised all parties that "no further extensions will be granted." Instead of filing her expert disclosure on May 6, 2005, the Plaintiff filed an Assented to Motion for Extension of Time until June 3, 2005 to Disclose Plaintiff's Expert Witnesses [Docket #46]. As grounds therefore, the Plaintiff stated that in order to prepare a report her expert, Dr. Kenneth Fisher, had to examine the product, a Navigator 22, which Plaintiff's counsel had only recently obtained and that such examination had only occurred on April 25, 2005. The Plaintiff further stated that Dr. Fisher was on vacation until May 13, 2005 and thus was unable to provide the Plaintiff with a report by May 6, 2005. The Court denied the Plaintiff's motion by Order dated May 10, 2005. The following day, the Plaintiff filed an "emergency" motion for reconsideration [Docket #47], reiterating the same arguments previously set forth in her assented to motion. The Court has not yet ruled on the Plaintiff's emergency motion.

The Court should deny the Plaintiff's motion for reconsideration of its Order denying a further extension of time until June 3, 2005 for the Plaintiff to disclose her expert witnesses. The Plaintiff has had ample time to disclose her expert witnesses, both under the initial discovery order and the previously allowed extension. Case discovery deadlines are not a mere convenience for the courts and the courts have the authority to enforce these deadlines to ensure compliance in the future.

"In an era of burgeoning case loads and thronged dockets, effective case management has become an essential tool for handling civil litigation" and the Federal Rules of Civil Procedure, in recognition of this reality, "afford district courts substantial authority to enforce case-management orders." See Fed.R.Civ.P. 16(f); Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 45 (1st Cir. 2002). The First Circuit has made it plain that "a litigant who ignores case-management deadlines does so at his own peril." Id. at 46, citing Rosario-Diaz v. Gonzales, 140 F.3d 312, 315 (1st Cir.1998). The Court is not required to allow endless extensions of time for the parties to complete discovery. Rather, it has the authority to enforce discovery deadlines and it should exercise that authority in this instance.

As mentioned above, the parties sought an extension of time of time for disclosing experts and they proposed dates for compliance [Docket #42]. In such cases, the court "is entitled to expect that the litigant will meet its self-imposed deadline" and "in the absence of excusatory circumstances . . . the litigant's failure to do so warrants an inference of deliberate manipulation." Id. at 47. Under the extension allowed by the Court, the Plaintiff had until May 6, 2005 to disclose her expert witnesses [Docket #42]. The Plaintiff did not assert sufficient excusatory circumstances for failing to comply with this deadline in her original Motion for Extension of Time [Docket # 46] or in her Emergency Motion for Reconsideration [Docket #47], which merely regurgitated her previously stated arguments.

None of the reasons cited by the Plaintiff for failing to disclose her expert witnesses by May 6, 2005 rise to the level of excusatory circumstances which would warrant reconsideration. The Plaintiff's failure to have an expert examine the product, a Navigator 22, prior to April 25, 2005, is not an excusable circumstance. The Plaintiff instituted this litigation on January 16, 2004. When

3

Plaintiff's counsel drafted the complaint, he knew or should have known that, in a products liability case such as this, expert testimony was required to establish a casual link between the Defendant's allegedly defective boat and the death of the Plaintiff's decedent. See e.g. Serrano-Perez v. FMC Corp., 985 F.2d 625, 629 (1st Cir. 1993). "Some preliminary spadework should have been done before the complaint was filed." Id. Plaintiff's counsel had over a year from the time he filed the Complaint to obtain the product in question, as well as the services of an expert whose availability would mesh with the deadline for disclosure of the Plaintiff's experts. Plaintiff's counsel cannot now complain that he has not had adequate time to disclose expert witness when by his own choice he waited until April 25, 2005, a mere twelve (12) days before his expert disclosure were due, to have an expert examine the product without failing to ensure that said expert would be able to produce a report by May 6, 2005.

      While the Plaintiff has attempted to illustrate why she could not have disclosed Dr. Fisher as an expert by May 6, 2005, she has made no such attempt to explain why she could not have disclosed the identify of her second expert witness, Dr. Dana C. Hewins, Ph.D., an economic consultant, who is prepared to offer opinions regarding the probable net lost compensation and lost household services of the Plaintiff's decedent. Even if the Court were to find that the difficulties Plaintiff encountered in conjunction with disclosing Dr. Fisher and his opinions rose to the level of excusable circumstances justifying reconsideration of the Court's Order and an extension of time for the Plaintiff to disclose expert witnesses, none of those difficulties are applicable to the Plaintiff's failure to disclose Dr. Hewins by May 6, 2005. Dr. Hewins did not need to examine the Navigator 22 in order to render his opinions on the value of the decedent's lost compensation and lost household services. The Plaintiff should not be able to remedy her inexcusable failure to disclose

Dr. Hewins when she clearly had the ability to disclose his identity and the substance of his opinions by May 6, 2005.

Wherefore, the Defendant Sea Hunt Boats, Inc. respectfully requests that the Court deny the Plaintiff's Emergency Motion for Reconsideration of the Court's Order Denying Plaintiff's Assented to Motion to Extend Deadlines to Disclose Expert Witnesses, to Conduct Expert Depositions and to Amend Scheduling Order Accordingly.

> The Defendant,
> SEA HUNT BOATS, INC.
> By Its attorneys,
>
>
> /s/ William P. Breen, Jr.
> William P. Breen, Jr., Esq. BBO #558768
> Rebecca L. Andrews, Esq., BBO #644846
> Murphy, Hesse, Toomey & Lehane, LLP
> 300 Crown Colony Drive, Suite 410
> P.O. Box 9126
> Quincy, MA 02269-9126
> (617) 479-5000

## CERTIFICATION OF SERVICE

The undersigned attorney hereby certifies that on this 10th day of June 2005, she served a copy of the foregoing document, via first class mail, upon the following

| | |
|---|---|
| David B. Kaplan, Esq. | Philip M. Hirshberg, Esq. |
| Jay O'Brien, Esq. | Morrison, Mahoney & Miller, LLP |
| The Kaplan/Bond Group | 250 Summer Street |
| 88 Black Falcon Avenue, Suite 301 | Boston, MA 02210 |
| Boston, MA 02210 | |
| | |
| David C. Stadolnik, Esq. | James T. Scamby, Esq. |
| Smith & Brink, P.C. | Tucker, Heifitz & Saltzman |
| 122 Quincy Shore Drive | Three School Street |
| Second Floor | Boston, MA, 02108 |
| Quincy, MA  02171 | |

/s/ Rebecca L. Andrews
Rebecca L. Andrews