UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10106JLT

| | |
|---|---|
| ZHANNA CHIZHIK,<br>Administratrix of the Estate<br>of Grigory Chizhik,<br>    Plaintiff<br><br>v.<br><br>SEA HUNT BOATS, INC.,<br>TROPICLAND MARINE<br>AND TACKLE, INC., and<br>GREGORY ZILBERMAN,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT SEA HUNT BOATS, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Defendant Sea Hunt Boats, Inc. ("Sea Hunt") has moved the Court to enter summa[ry] judgment in its favor on the plaintiff's Complaint because the plaintiff cannot produce evidence [of] a defect in the subject product in this complex products liability case. The case arises out of t[he] capsizing of a Sea Hunt Navigator 22 boat outside of the Boston Harbor Islands on May 25, 200[?]. In their accounts of the incident immediately after the accident the boat owner-operator and passenger stated that their vessel was struck by an unusually large wave which came upon the vess[el] suddenly, causing the boat to capsize. None observed any problem with the boat in several hou[rs] of use before it capsized.

The plaintiff filed suit against the boat manufacturer and the retail seller alleging that ea[ch] is liable for negligence and breach of implied and express warranty by reason of an allege[d]

unspecified defect in the boat which allegedly caused the boat to capsize under unremarka conditions. Over the course of the present lawsuit, Sea Hunt repeatedly sought identification of alleged defect in the boat which the plaintiff contends caused her decedent's accident and harm. T plaintiff resisted Sea Hunt's efforts to determine the alleged product defect, with the evident int that expert witness disclosure would outline the plaintiff's theory of product defect. However, plaintiff did not disclose an expert witnesses within the time Ordered by the Court.

The Court should enter summary judgment in favor of Sea Hunt. The plaintiff can prov no evidence of product defect, nor of causation and therefore cannot prevail.

### STATEMENT OF RELEVANT FACTS AND ALLEGATIONS.

Sea Hunt incorporates and relies on its Statement of Material Facts Not In Dispute filed support of its motion for summary judgment.

Sea Hunt is a manufacturer of pleasure boats, including the Navigator 22 model. During t early Spring of 2003 co-defendant Gregory Zilberman purchased a Navigator 22 from co-defend: Tropicland. On May 25, 2003 Zilberman, Chizhik (the plaintiff's decedent) and Lashgari (a th passenger) left Weymouth in the Navigator 22 for a day of fishing in Boston Harbor. The angl tried a number of fishing areas before stoppi9ng to drift and fish outside of Outer Brewster Islar Zilberman had used the Navigator 22 on several prior occasions and had had no trouble with performance. Zilberman had no difficulty with the Navigator 22 on the day of the incident in t hours that led up to the incident.

Zilberman brought the Navigator 22 to a stop to the south of Outer Brewster Island, ju beyond the reach of surf, parallel to the shore. Zilberman allowed the to boat drift as he and l passengers attempted to cast fishing lines toward the island and into the surf. Zilberman left t

helm and was fishing with his back to the open ocean and facing the island. Chizhik was wearing a personal flotation device, though one was available on the boat for his use.

The Navigator 22 capsized, throwing its 3 passengers into the water. No person present the boat is aware of any defect in the boat to which the capsizing can be attributed.

After a short time clinging to the side of the Navigator 22 and talking with Zilberm Chizhik expired. Zilberman and Lashgari remained atop the floating overturned boat until they w rescued by a passing vessel. The plaintiff's decedent's body was recovered by the United Sta Coast Guard and the Navigator 22 was left on or near rocks on or near Shag Rock. The Naviga 22 was never recovered and was not preserved.

Zilberman's deposition was taken by Sea Hunt's attorneys. At his deposition Zilberm testified that he had no problems with the Navigator 22 before the accident. Zilberman testified t] he does not know what caused the boat to capsize, though he suspects that it was a large wave.[1]

Soon after the accident, Lashgari stated to news media that a huge wave had unexpecte( caused the Navigator 22 to overturn. Lashgari also provided a recorded statement to Zilbermai investigator which described a huge wave that had struck the boat and caused it to capsize. Lashg later denied that he had seen any large wave on the day of the accident. Lashgari does not kn( what caused the boat to capsize, but asserts that something must be wrong with the boat.[2]

After suit was filed, Sea Hunt made repeated and sustained efforts to determine the the(

---

[1] Soon after the subject accident, Zilberman purchased a second Navigator 22 which wa identical to the Navigator 22 lost after the accident. He has now used this Navigator 22 for several years without incident.

[2] After giving statements to news media and to Zilberman's investigator concerning a large wave which caused the Navigator 22 to overturn, Lashgari retained the plaintiff's attorney and asserted a claim against Zilberman, Sea Hunt and Tropicland for monetary damages.

3

of product defect alleged by the plaintiff in support of her claim. The plaintiff, through coun[sel] resisted disclosing her theory of product defect, presumably relying on an expert witness to iden[tify] and disclose the alleged defect. The plaintiff made no timely disclosure of expert witnesses.

Under the Court's initial discovery order [Docket #14], the plaintiff had until March 7, 20[05] to disclose her expert witnesses and their reports as required by the Federal Rules of Civil Proced[ure] 26(a)(2). The plaintiff's expert witness deadline was extended until May 6, 2005 when the Co[urt] allowed an assented to motion [Docket #42] to extend discovery deadlines by sixty (60) days. In [the] Order extending this deadline, the Court warned all parties that "no further extensions will [be] granted." Instead of filing her expert witness disclosure and reports on or before May 6, 2005, [the] plaintiff filed an Assented to Motion for Extension of Time until June 3, 2005 to Disclose Plaintif[f's] Expert Witnesses [Docket #46]. The Court denied the Plaintiff's motion by Order dated May [, 2005. The plaintiff filed an "emergency" motion for reconsideration [Docket #47], reiterating t[he] arguments previously set forth in her assented to motion. Sea Hunt objected to the plaintif[f's] emergency motion.

On June 3, 2005, the plaintiff filed her purported expert witness disclosure, almost a mo[nth] after the deadline for doing so (May 6, 2005) expired. The plaintiff made this filing in spite of t[he] Court's denial of her request for an extension of time to do so. Sea Hunt moved to strike t[he] plaintiff's purported expert witness disclosure.

Since the time for deposing the plaintiff's expert witnesses permitted by the Court's amend[ed] scheduling order had not passed on June 3, 2005, Sea Hunt served notices of deposition of t[he] plaintiff's late disclosed experts for a date still within the existing deadline. The plaintiff notifi[ed] Sea Hunt of her inability to produce the expert witnesses for deposition within the time remaini[ng]

and did not produce these witnesses.

## ARGUMENT.

I.  THE STANDARD OF REVIEW FOR A MOTION FOR SUMMARY JUDGMENT.

A principal purpose of the summary judgment rule is to isolate and dispose of factua unsupported claims or defenses, and the rule should be interpreted and applied in a way that allo it to accomplish this purpose. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 25. 2553 (1986). Summary judgment is proper where "the pleadings, depositions, answers interrogatories, and admissions on file, together with affidavits, if any, show that there is no genui issue as to any material fact and that the moving party is entitled to judgment as a matter of lav Fed.R.Civ.P. 56. A material fact creates a genuine issue for trial "if the evidence is such tha reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, In 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). Once the moving party has pointed to the absen of adequate evidence supporting the nonmoving party's case, the onus is on the nonmoving party present fact that show a genuine issue for trial. See Serrano-Cruz v. DFI Puerto Rico, Inc., 109 F. 23, 25 (1st Cir.1997); LeBlanc v. Great American Ins. Co., 6 F.3d 836, 841-42 (1st Cir.1993), ce denied, 511 U.S. 1018, 114 S.Ct. 1398 (1994). "A party opposing a properly supported motion f summary judgment may not rest upon mere allegations or denials of his pleading, but must set for specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256, 106 S.C at 2514; Fed.R.Evid. 56(e).

II. THE COURT SHOULD GRANT SEA HUNT SUMMARY JUDGMENT BECAUSE T[HE] PLAINTIFF CANNOT PROVIDE EVIDENCE OF A PRODUCT DEFECT WHICH C[AN] SUPPORT A FINDING OF NEGLIGENCE OR BREACH OF WARRANTY AT TRI[AL]

A. Absent Evidence Of A Product Defect Within the Understanding Of A Jury Fro[m] Qualified Fact Witness, The Plaintiff Must Produce Expert Witness Testimony [To] Prevail At Trial.

The Court should grant Sea Hunt summary judgment because the plaintiff cannot prov[e a] defect in the Navigator 22 nor any material breach of warranty by Sea Hunt in relation to this b[oat.] Since the only witnesses to the accident can identify no defect in the boat which support[s the] plaintiff's allegations of liability, and since the plaintiff did not disclose expert witnesses or th[eir] reports within the time Ordered by the Court, the plaintiff cannot prevail and Sea Hunt is entitled [to] judgment as a matter of law.

There is no evidence whatsoever of a manufacturing defect in the Navigator 22 involv[ed in] the plaintiff's decedent's accident. No witness to the accident observed any difficulty [or] shortcoming in the boat or its performance before the accident. As the boat was lost immediat[ely] after the accident, and not preserved by any party there can be no proof of any manufacturing def[ect] particular to that boat. Accordingly, Sea Hunt presumes the defect alleged by the plaintiff is a d[e]si[gn] defect. The plaintiff has the burden in design defect cases to show that the manufacturer failed [to] exercise reasonable care to eliminate avoidable or foreseeable dangers to the users of the produ[ct.] Morrell v. Precise Engineering, Inc., 36 Mass.App.Ct. 935, 936, 630 N.E.2d 291, 293 (1994) citi[ng] Uloth v. City Tank Corp., 376 Mass. 874, 880-881, 384 N.E.2d 1188 (1978). A product with [a] design defect is "not reasonably fit for the ordinary purpose for which such products are use[d."] Morrell, 36 Mass.App.Ct. at 936, 630 N.E.2d at 293. The test for whether the product is defecti[ve] is "one of reasonableness rather than one of perfection." Id.; Smith v. Ariens Co., 375 Mass. 62[0,]

624, 377 N.E.2d 954 (1978).

Under Massachusetts law, expert testimony may not be required in cases where the jury  find a design or manufacturing defect based on the testimony of the injured party or witnesses to injury causing event. Hochen v. Bobst Group, Inc., 290 F.3d 446, 451 (1st Cir. 2002); Smith,  Mass. at 625, 377 N.E.2d 954. "In cases in which a jury can find of their own lay knowledge t there exists a design defect which exposes users of the product to unreasonable risk of injury" exp witness testimony may not be required. Id.; Morrell, 36 Mass.App.Ct. at 936, 630 N.E.2d at 2 However, where, as here, the nature of the design defect or breach of warranty and its causal relat to the accident are complex, the alleged existence of a product defect and the issue of causation appropriately the subject of expert testimony. Hochen, 290 F.3d at 451; See Goffredo v. Merce Benz Truck Co., 402 Mass. 97, 103-104, 520 N.E.2d 1315, 1318-1319 (1988).

When plaintiff's counsel drafted the Complaint, he knew or should have known exp testimony was required to establish a casual link between the Sea Hunt's allegedly defective boat a the plaintiff's decedent's accident. See e.g. Serrano-Perez v. FMC Corp., 985 F.2d 625, 629 (1st ( 1993). To establish a design defect or breach of warranty in the present case the plaintiff wou presumably have to establish and prove the design characteristics of the boat, the likely paramet performance for a boat having the subject boat's design features and to form and support and opini that the Navigator 22, as designed, was inadequate for the ordinary purpose for which such produ are used. Absent evidence that the design of the Navigator 22 is defective and that the alleged def in its design was a substantial factor in causing the boat to capsize, the plaintiff cannot prevail. Sir the plaintiff did not disclose experts and their reports within the time permitted by the Court's Ord the plaintiff cannot utilize late disclosed experts and cannot prevail on her claim.

B.  The Plaintiff's Claim Must Fail Because She Did Not Disclose Her Expert Witness And Their Reports Within The Time Ordered By The Court.

The plaintiff did not disclose expert witnesses as she was ordered to do by the Court and therefore has no expert witnesses who can testify in support of her claim at trial. The Court should not excuse the plaintiff's disregard of the Court's deadline for expert witness disclosure because Court explicitly warned the parties in its Order that "no further extensions (of dates in the amended scheduling order) will be granted" and the plaintiff ignored this warning at her peril.

Case discovery deadlines are not a mere convenience for the courts and courts have authority to enforce these deadlines to ensure compliance in the future. "In an era of burgeoning case loads and thronged dockets, effective case management has become an essential tool for handling complex litigation" and the Federal Rules of Civil Procedure, in recognition of this reality, "afford district courts substantial authority to enforce case-management orders." See Fed.R.Civ.P. 16(f); Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 45 (1st Cir. 2002). The First Circuit has made plain that "a litigant who ignores case-management deadlines does so at his own peril." Id. at 46, citing Rosario-Diaz v. Gonzales, 140 F.3d 312, 315 (1st Cir.1998). Rather, than heed the Order and warning provided by the Court, the plaintiff filed a motion for further extension in the eleventh-hour and effectively left herself no out if the Court did not break with its prior warning to the parties and allow her motion for extension.

The parties sought an extension of time of time for disclosing experts and they proposed date for disclosure ultimately allowed by the Court. See Docket #42. The Court "is entitled expect that the litigant will meet its self-imposed deadline" and "in the absence of excusable circumstances . . . the litigant's failure to do so warrants an inference of deliberate manipulation

8

Id. at 47. Under the extension allowed by the Court, the Plaintiff had until May 6, 2005 to discl her expert witnesses.

The plaintiff filed suit on or about January 16, 2004. Consistent with pleading requireme the plaintiff presumably had some evidence of product defect provided by an appropriate exp witness prior to filing suit. At the least, "Some preliminary spadework should have been d before the complaint was filed." Serrano-Perez v. FMC Corp., 985 F.2d 625, 629 (1st Cir. 19( Although the plaintiff knew that the extended deadline for expert witness disclosure would run N 6, 2005, and that "no further extensions will be granted," her expert did not examine a Navigato until April 25, 2005. The plaintiff had more than a year from the time she filed her Complair produce her expert witnesses report, but did not do so. Since the plaintiff lacks evidence necess to prove Sea Hunt liable, the Court should grant Sea Hunt's motion for summary judgment.

## CONCLUSION

The Court should allow Sea Hunt's motion for summary judgment because the plaintiff not disclose her expert witnesses and their reports within the time ordered by the Court. Ex witness opinion evidence is necessary to establish a product defect and causation which can sup a finding of liability in this complex product liability case. Without proof of a product defect plaintiff cannot prevail on her claim and Sea Hunt is entitled to judgment as a matter of law.

                                  The Defendant,
                                  SEA HUNT BOATS, INC.
                                  By Its attorneys,

                                  */s/ William P. Breen, Jr.*
                                  William P. Breen, Jr., Esq. BBO #558768
                                  Rebecca L. Andrews, Esq., BBO #644846
                                  Murphy, Hesse, Toomey & Lehane, LLP
                                  300 Crown Colony Drive, Suite 410
                                  P.O. Box 9126
                                  Quincy, MA 02269-9126
                                  (617) 479-5000

Dated: September 16, 2005

## CERTIFICATION OF SERVICE

The undersigned attorney hereby certifies that on this 16th day of September 2005, he ser a copy of the foregoing document, via first class mail, upon the following

David B. Kaplan, Esq.
Jay O'Brien, Esq.
The Kaplan/Bond Group
88 Black Falcon Avenue, Suite 301
Boston, MA 02210

David C. Stadolnik, Esq.
Smith & Brink, P.C.
122 Quincy Shore Drive
Second Floor
Quincy, MA  02171

Philip M. Hirshberg, Esq.
Morrison, Mahoney & Miller, LLI
250 Summer Street
Boston, MA 02210

James T. Scamby, Esq.
Tucker, Heifitz & Saltzman
Three School Street
Boston, MA, 02108

William P. Breen, Jr.