UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * *
ZHANNA CHIZHIK,                  *
Administratrix of the Estate     *
of Grigory Chizhik,              *    C.A. NO.:    04-10106 JLT
        Plaintiff                *
                                 *
v.                               *
                                 *
SEA HUNT, INC., TROPICLAND       *
MARINE AND TACKLE, INC., and     *
GREGORY ZILBERMAN,               *
        Defendants               *
* * * * * * * * * * * * * * * * * * * * * * * *
```

**PLAINTIFF, ZHANNA CHIZHIK'S RESPONSE TO DEFENDANT, SEA HUNT BOAT, INC.'S "PURPOTED STATEMENT OF UNDISPUTED FACTS" PURSUANT TO LOCAL RULE 56.1**

Plaintiff, Zhanna Chizhik disputes Defendant, Sea Hunt Boat, Inc.'s purported "undisputed material facts."

1. Plaintiff does not dispute that Zilberman purchased a Sea Hunt Navigator 22 from Tropicland. Plaintiff does dispute the defendant's transcript reference.

2. Plaintiff admits the allegations in defendant's fact two.

3. Plaintiff disputes defendant's fact 3. Mr, Zilberman does not state that he took the Navigator 22 out in Boston Harbor on pages 38 or 40 of his deposition.

4. Plaintiff does not dispute that Zilberman, Lashgari and Chizhik intended on fishing in Boston Harbor on the date of the incident. Plaintiff does dispute defendant's transcript reference.

5. Plaintiff admits the allegations in defendant's fact 5.

6. Plaintiff admits the allegations in fact 6.

7. Plaintiff does not dispute that Zilberman observed the sea conditions worsening in the area of outer Brewster Island. Plaintiff disputes defendant's transcript reference regarding swells and waves.

8. Plaintiff admits the allegations in fact 8.

9. Plaintiff admits the allegations in fact 9.

10. Plaintiff admits the allegations in fact 10. Defendant's transcript reference not attached.

11. Plaintiff admits the allegations in fact 11.

12. Plaintiff admits the allegations in fact 12.

13. Plaintiff admits the allegations in fact 13.

14. Plaintiff disputes that Mr. Lashgari stated that a large wave capsized the boat. Mr. Lashgari insists that the boat did not capsize as a result of a large wave. See Lashgari deposition pages 42-43; 20-24; and 1-9.

15. Zilberman testified that Chizhik may have been in the water up to 15 minutes. See Zilberman deposition page 83: 9-12.

16. Plaintiff admits the allegations in defendant's fact 16.

17. Plaintiff admits that Zilberman purchased a Navigator 22 with out incident.

18. On May 6, 2005 defendant assented to a motion to extend the deadline to discovery expert witnesses to June 3, 2005. Plaintiff filed and served its expert disclosure pursuant to defendant's assent on June 3, 2005.

                        Plaintiff,
                        by his attorneys,

                        /s/ David B. Kaplan_____
                        DAVID B. KAPLAN, BBO #254580
                        THE KAPLAN/BOND GROUP
                        88 BLACK FALCON AVENUE
                        SUITE 301
                        BOSTON, MA 02210
Dated: September 30, 2005     (617) 261-0080